**SUM-100**

# SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

The State of California and Does 1 to 100 *INCLUSIVE*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Monica Araiza *AND DOES 1 to 5*

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
<tr><td>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>3/12/2021 3:19 PM<br>By: Keslie Stivers, Deputy</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County Of Santa Barbara, 312-C East Cook St, Santa Maria, Ca 93456-5369 | CASE NUMBER: *(Número del Caso):*<br>**21CV01049** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Law Offices of Isaac Toveg, Isaac Toveg, SBN : 269729, 2600 W Olive Ave 5th Floor, Burbank Ca 91505, Phone 818-333-5202

| DATE:<br>*(Fecha)* ~~March 09, 2021~~ 03/12/2021 | Clerk, by<br>*(Secretario)* /s/ Keslie Stivers | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.    [ Print this form ]  [ Save this form ]          [ Clear this form ]

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Law Offices Of Isaac Toveg, Isaac toveg SBN 269729<br>2600 W Olive Ave, 5th floor Burbank CA 91505<br><br>TELEPHONE NO.: 818-333-5202   FAX NO. *(Optional):*<br>ATTORNEY FOR *(Name):* Monica Araiza | *FOR COURT USE ONLY*<br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>3/15/2021 2:55 PM<br>By: Sharon Leyden, Deputy |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Santa Barbara**<br>STREET ADDRESS: 312- C East Cook Street<br>MAILING ADDRESS: 312 - C East Cook Street<br>CITY AND ZIP CODE: Santa Maria CA 93456-5369<br>BRANCH NAME: | |
|---|---|

| CASE NAME:<br>Araiza Vs The State of California and Does 1 to 100 | |
|---|---|

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER:<br>**21CV01049** |
|---|---|---|
| [x] **Unlimited** [ ] **Limited**<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Three
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 09,2021

Isaac Toveg
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

Exhibit 1

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [ Print this form ]   [ Save this form ]   [ Clear this form ]

Exhibit 1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:  312-C East Cook Street<br>CITY AND ZIP CODE:  Santa Maria CA  93454<br>BRANCH NAME:  Cook | **FILED**<br>SUPERIOR COURT of CALIFORNIA<br>COUNTY of SANTA BARBARA<br>**03/18/2021**<br>Darrel E. Parker, Executive Officer<br>BY  Navarro, Isabel<br>Deputy Clerk |
| CAPTION:<br>**Monica Araiza vs The State of California** | |
| **ORDER AND NOTICE OF CASE ASSIGNMENT;<br>NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>**21CV01049** |

The above case is hereby assigned to Judge **Timothy J Staffel** for ALL purposes, including trial.  All future matters, including ex-parte matters, are to be scheduled with the assigned judge.  Counsel shall include the name of the assigned judge in the caption of every document filed with the court.  The above-entitled case is hereby ordered set for:

**Case Management Conference on 07/13/2021 at 8:30 AM in  SM Dept 3 at the court address above.**

PLAINTIFF SHALL GIVE NOTICE of this assignment to ALL parties brought into the case, including but not limited to defendants, cross-defendants and intervenors.  A Proof of Service of this ORDER & NOTICE OF CASE ASSIGNMENT is to be filed with the Court within five (5) working days after service.  Failure to give notice and file proof thereof or failure to appear may result in the imposition of sanctions.  Pursuant to California Rule of Court 3.725, no later than fifteen (15) calendar days before the date set for the Case Management Conference, each party must file a Case Management Statement (Judicial Council form CM110).  In lieu of each party filing a separate Case Management Statement, any two or more parties may file a joint statement.

At the Court's discretion counsel, parties and insurance representatives (if any) with full settlement authority may be required to attend a CADRe Information Meeting within ten (10) days of the Conference date.

Dated:  3/18/2021

_____
Gustavo E Lavayen
Judge of the Superior Court

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that I am not a party to this action and that a true copy of the foregoing was mailed first class, postage prepaid, in a sealed envelope addressed as shown, and that the mailing of the foregoing and execution of this certificate occurred at (*place*): Santa Maria, California on: 03/18/21.

Isaac Toveg
2600 W Olive Ave 5th Floor
Burbank CA  91505

Darrel E. Parker, Executive Officer          By  _____ I. Navarro _____          Deputy Clerk

---

| SC-2028 [Rev. 7/1/02] | ORDER & NOTICE OF CASE ASSIGNMENT<br>NOTICE OF CASE MANAGEMENT CONFERENCE | Local Rule 1309<br>CRC 3.222 |
|---|---|---|

Exhibit 1

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(NAME AND ADDRESS)*: Law Offices Of Isaac Toveg<br>Isaac Toveg SBN 269729<br>2600 W Olive Ave, 5th Floor Burbank CA 91505<br><br>ATTORNEY FOR *(NAME)*: Plaintiff Monica Araiza | TELEPHONE NO.:<br>818-333-5202 | *FOR COURT USE ONLY*<br>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>3/12/2021 3:19 PM<br>By: Keslie Stivers, Deputy |
|---|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA |  |
|---|---|
| ☐ Santa Barbara–Anacapa<br>1100 Anacapa Street<br>Santa Barbara, CA 93101    ☒ Santa Maria-Cook<br>312-C East Cook Street<br>Santa Maria, CA 93454    ☐ Lompoc Division<br>115 Civic Center Plaza<br>Lompoc, CA 93436 |  |

| PLAINTIFF: Monica Araiza |  |
|---|---|
| DEFENDANT: The State of California and Does 1 to 100 *INCLUSIVE* |  |

| CIVIL CASE COVER SHEET ADDENDUM | CASE NUMBER:<br>21CV01049 |
|---|---|

Santa Barbara County Superior Court Local Rule, rule 201 divides Santa Barbara County geographically into two separate regions referred to as "South County" and "North County," the boundaries of which are more particularly defined in rule 201. "South County" includes the cities of Carpinteria, Santa Barbara, and Goleta; "North County" includes the cities of Santa Maria, Lompoc, Buellton and Solvang. A map depicting this geographical division is contained in Appendix 1 to the local rules.

Local Rule 203 provides: "When, under California law, 'North County' would be a 'proper county' for venue purposes, all filings for such matters shall be in the appropriate division of the Clerk's office in North County. All other filings shall be made in the Clerk's office in the appropriate division of the Court in South County. The title of the Court required to be placed on the first page of documents pursuant to CRC 2.111 includes the name of the appropriate Court division."

A plaintiff filing a new complaint or petition is required by Local Rule 1310 to complete and file this Civil Case Cover Sheet Addendum to state the basis for filing in North County or South County.

The undersigned represents to the Court:

This action is filed in ☒ North County ☐ South County because venue is proper in this region for the following reason(s):

☐ A defendant resides or has its principal place of business in this region at: _____

☒ The personal injury, damage to property, or breach of contract that is claimed in the complaint occurred in this region at: State Route 1 North of Jalama Rd. *0.5 MILE SOUTH OF SANTA ROSA RD.*

☐ There is a related case filed with the court in this region (e.g., the related personal injury action to a petition to transfer structured settlement payments) [identify case, including case number]: _____

_____

☐ Venue is otherwise proper in this region because [explain]: _____

_____

Dated: *3/08/2021*

_____
Signature of Plaintiff or Plaintiff's Counsel

Form Adopted for Mandatory Use
Santa Barbara Superior Court
SC-2069 [New July 2018]

**CIVIL CASE COVER SHEET ADDENDUM**

Exhibit 1

Law Offices Of Isaac Toveg
Isaac Toveg SBN 269729
2600 W Olive Ave 5th Floor
Burbank CA 91505
818-333-5202
Isaactoveg@aol.com

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
3/12/2021 3:19 PM
By: Keslie Stivers, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA BARBARA

| | |
|---|---|
| MONICA ARAIZA AND DOES 1 TO 5,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF CALIFORNIA,  AND DOES 1 TO 100 INCLUSIVE<br><br>Defendant | Case No.: 21CV01049<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY**<br><br>**2.NEGLIGENCE**<br><br>**3. WRONGFUL DEATH**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Monica Araiza and Does 1 to 5, files her Complaint against Defendant the State of

California and does 1 to 100 Inclusive, alleging the following:

## THE PARTIES

1.. Plaintiff,  Monica Araiza ("Plaintiff") is and at all times relevant hereto was, a resident in

the city of Lemon Grove,  California .

2. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein

defendant  State of CALIFORNIA  (the State") and does 1 to 100 was and is a public entity

authorized to conduct business, including supervising and administering roads, roadways,

traffic conditions, intersections, intersection controls and all other highway and roadway

COMPLAINT FOR DAMAGES FOR:      1. STATUTORY LIABILITY/  DANGEROUS CONDITION OF
PUBLIC PROPERTY 2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 1

issues within the State of California. This includes, but is not limited to, control of the State

Route 1 Road approximately 0.5 miles south of Santa Rosa Road. (Subject Road")

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1

to 100 Inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will

Amend this complaint to allege their true names and capacities when ascertained. Plaintiff is

informed and believes and based thereon alleges that each of these fictitiously named

defendants are responsible in some manner for the occurrences herein alleged, and that

Plaintiff's daughter's death alleged were proximately caused by the aforementioned

defendants.

4. Plaintiff is informed and believes and based thereon alleges that at all times material herein

each fictitiously named defendant was either the trued defendant or the agent and/ or employer

of each other defendant and in doing the things alleged herein, was acting within the scope

and purpose of such agency and with the permission and consent of, and their actions were

ratified by, the other Defendants.


### GENERAL ALLEGATIONS

5.Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein

"defendant" State of CALIFORNIA  (the State") and does 1 to 100 was and is a public entity

authorized to conduct business, including supervising and administering roads, roadways,

traffic conditions, intersections, intersection controls and all other highway and roadway

issues within the State of California. This includes, but is not limited to, control of the State

Route 1 Road approximately 0.5 miles south of Santa Rosa Road .

   6.. On February 14, 2020  Joseph Hernandez was traveling in his vehicle driving southbound

COMPLAINT FOR DAMAGES FOR:      1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF
PUBLIC PROPERTY 2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 2

with passenger Selena Josefina Araiza on State Route 1. As a result of improper merging lanes which existed at that time on State Route 1 another vehicle was unable to safely merge into traffic and collided with Selena Josefina Araiza vehicle resulting in her death..

7. Plaintiff is informed, believes and thereon alleges that at all relevant times hereto, Defendants STATE of California and Does 1 through 100, inclusive, improperly owned, operated, managed, designed, planned, engineered, maintained, installed, inspected, repaired Failed to repair and or controlled the subject road on State Route 1 thereby creating dangerous conditions and exposing drivers to dangerous condition.

### NOTICE OF CLAIM AGAINST THE STATE OF CALIFORNIA

8. Withing the time provided by law, Plaintiff filed a claim with the State of California in full compliance with the State of California's requirements of government code section 910 et seq... On or about September 15, 2020, the State of California denied Plaintiff's claim.

By reason of the foregoing, Defendants STATE, and Does 1 through 50, inclusive, and each of them, are liable for, and Plaintiffs are entitled to recover of them, her general, special, actual and compensatory damages, including, but not limited to, her necessary medical and related expenses, past, present and future lost earnings, loss of future earning capacity, as well as mental, emotional and physical pain and suffering, as proven at time of trial. The total amount of Plaintiffs damages are presently unknown but is reasonably believed to be in excess of the minimum jurisdictional limit of this Court.

### FIRST CAUSE OF ACTION

**Statutory Liability/Dangerous Condition of Public Property Against Defendants**

**STATE,and (DOES 1 through 100, inclusive)**

9. Plaintiff repeats, realleges, and incorporates by this reference as though set forth in full

COMPLAINT FOR DAMAGES FOR:     1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY 2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 3

herein all prior allegations of this Complaint.

10. Prior to and on , Defendants STATE, and  Does 1 through 100, inclusive, and/or their management, administrative, designers, planners, engineers, maintenance personnel, inspectors and/or other employees, staff, agents or contractors, acting within the course and scope of their duties and/or employment, negligently and improperly owned, operated, controlled, designed, planned, engineering, maintained, inspected, repaired, and/or failed to repair, State Route 1 Road approximately 0.5 miles south of Santa Rosa Road .

thereby creating dangerous conditions under *Gov. Code § 835* and exposing drivers to dangerous conditions. There should have been median walls, and barricades to prohibit cross traffic. There was also a lack of warning sign regarding the merging of the two lanes.  The STATE undertook to control the, invited the reliance of motorists on the road and are liable as they created dangerous conditions in doing so. The absence of proper safety measures was done carelessly, negligently, inadequately and improperly and created a hazard, trap and dangerous condition under *Gov. Code § 835*. It also created a peculiar risk and trap. Defendants STATE, and  Does 1 through 100, inclusive, should have installed a barricade separating the south and north bound lanes, proper signage, barricades, other safety equipment and devices, warnings, and warning devices on the State Route 1.

11. The collision was foreseeable to Defendants STATE, and  Does 1 through 50, inclusive, and, yet, they failed to warn (or adequately warn) drivers.

12. The dangerous conditions created a reasonably foreseeable risk of the kind of injuries which were sustained, and (a) a negligent or wrongful act or omission of an employee of Defendants STATE, and  Does 1 through 100, inclusive, created the dangerous conditions; and/or (b) they had actual or constructive notice of the dangerous conditions a sufficient time

COMPLAINT FOR DAMAGES FOR:      1. STATUTORY LIABILITY/  DANGEROUS CONDITION OF PUBLIC PROPERTY 2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 4

prior to the injury to have taken measures to protect against the dangerous conditions. These dangerous conditions created a substantial risk of injury when the roadway was used with due care by the public generally as drivers oversteer the roadway for a variety of non-negligent circumstances (because of third party negligence, emergencies, mechanical failures and other unforeseen circumstances) and a barricade guardrail (and other appropriate safety measures listed within this complaint) is required to prevent vehicles from crashing each other.

13. The dangerous conditions and these acts and omissions of Defendants STATE, and Does 1 through 100, inclusive (and their management, administrative, designers, planners, engineers, maintenance personnel, inspectors and/or other employees, staff, agents or contractors, acting within the course and scope of their duties), proximately caused Plaintiff's injuries.

14.     Further, these dangerous conditions were directly attributable wholly or in substantial part to a negligent or wrongful act of employees Defendants STATE, and  Does 1 through 100, inclusive, and these employees had the authority and the funds and other means immediately available to take alternative action which would not have created the dangerous condition, and/or these employees had the authority and it was his/her/their responsibility to take adequate measures to protect against the dangerous condition at the expense of the public entity and the funds and other means for doing so were immediately available to him/her/them, and he/she/they had actual or constructive notice of the dangerous condition a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

15. Further, signs, warnings or other devices were necessary to warn of these dangerous conditions which endangered the safe movement of traffic and which would not be reasonably apparent to, and would not have been anticipated by, a person exercising due care.

COMPLAINT FOR DAMAGES FOR:     1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY 2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 5

16. Further, Defendants STATE, and Does 1 through 100, inclusive, and their employees acting within the scope of their employment undertook, gratuitously or for consideration, to avoid, remedy and/or abate these dangerous conditions. These undertakings and promises were the kind that they recognized as necessary for the protection of third persons. Defendants STATE, and Does 1 through 100, inclusive, and their employees acting within the scope of their employment failed to exercise reasonable care in the performance of these undertakings and promises, the failure to exercise reasonable care resulted in physical harm to the third persons; and *either* (a) their carelessness increased the risk of such harm, or (b) the undertaking or promises were to perform a duty that the other owed to the third persons, or (c) the harm was suffered because either the other or the third persons relied on the undertaking.

17. Due to these acts and failures to act and dangerous conditions, Defendants STATE, and Does 1 through 100, inclusive, and their employees are liable for Plaintiff's injuries under the Government Code, including, but not limited to, Sections 815(a), *815.2(a), 815.6, 820(a), , 830(a), 830.8, 835, 835.2, 835.4* and *840.2*.

18. The collision was foreseeable to Defendants STATE, and Does 1 through 100, inclusive, and, yet, they failed to warn (or adequately warn) drivers. It is believed that notice was actually provided to Defendants STATE, and Does 1 through 100, inclusive.

19. The dangerous conditions created a reasonably foreseeable risk of the kind of injuries which were sustained, and (a) a negligent or wrongful act or omission of an employee of Defendants STATE, and Does 1 through 100, inclusive, created the dangerous conditions; and/or (b) they had actual or constructive notice of the dangerous conditions a sufficient time prior to the injury to have taken measures to protect against the dangerous conditions. These dangerous conditions created a substantial risk of injury when the roadway was used with due care by the public

COMPLAINT FOR DAMAGES FOR:      1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY 2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 6

generally as drivers who are going at 55 MPH on Route 1 have to merge into one lane traffic with poor lighting, and other improper roadway route for a variety of non-negligent circumstances (because of third party negligence, emergencies, mechanical failures and other unforeseen circumstances) and a barricade is required to prevent vehicles from falling/crashing to each other.

20. The dangerous conditions and these acts and omissions of Defendants STATE, and Does 1 through 100, inclusive (and their management, administrative, designers, planners, engineers, maintenance personnel, inspectors and/or other employees, staff, agents or contractors, acting within the course and scope of their duties), proximately caused Plaintiff's injuries.

21. Further, these dangerous conditions were directly attributable wholly or in substantial part to a negligent or wrongful act of employees of Defendants STATE, and Does 1 through 100, inclusive, and these employees had the authority and the funds and other means immediately available to take alternative action which would not have created the dangerous condition, and/or these employees had the authority and it was his/her/their responsibility to take adequate measures to protect against the dangerous condition at the expense of the public entity and the funds and other means for doing so were immediately available to him/her/them, and he/she/they had actual or constructive notice of the dangerous condition a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

22. Further, signs, warnings or other devices were necessary to warn of these dangerous conditions which endangered the safe movement of traffic and which would not be reasonably apparent to, and would not have been anticipated by, a person exercising due care.

23. Further, Defendants STATE, and Does 1 through 100, inclusive, and their employees acting within the scope of their employment undertook, gratuitously or for consideration, to avoid, remedy and/or abate these dangerous conditions. These undertakings and promises were the kind

COMPLAINT FOR DAMAGES FOR:     1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY 2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 7

Exhibit 1

that they recognized as necessary for the protection of third persons. Defendants STATE, and Does 1 through 100, inclusive, and their employees acting within the scope of their employment failed to exercise reasonable care in the performance of these undertakings and promises, the failure to exercise reasonable care resulted in physical harm to the third persons; and *either* (a) their carelessness increased the risk of such harm, or (b) the undertaking or promises were to perform a duty that the other owed to the third persons, or (c) the harm was suffered because either the other or the third persons relied on the undertaking.

24. Due to these acts and failures to act and dangerous conditions, Defendants STATE, and Does 1 through 100, inclusive, and their employees are liable for Plaintiff's injuries under the Government Code, including, but not limited to, Sections 815 (a), *815.2(a),815.6, 820(a), 830(a), 830.8, 835, 835.2, 835.4* and *840.2.*

## SECOND CAUSE OF ACTION

### (Negligence Against  DOES 1 - 100 inclusive)

25. Plaintiff repeats, realleges, and incorporates by this reference as though set forth in full herein all prior allegations of this Complaint.

26. Plaintiff is informed and believes, and thereon alleges, that at said time and place at or near the subject location, Defendant DOES 1 through 100, inclusive, so negligently and improperly owned, operated, controlled, designed, planned, engineering, maintained, inspected, installed , repaired, and/or failed to repair,  State Route 1 approximately 0.5 miles South of Santa Rosa Rd. so as to cause fatal injury to Plaintiff's daughter. Thereby proximately causing the herein described wrongful death and damages to Plaintiffs Selena Josefina Araiza .

27. Defendant DOES 1 through 100, inclusive, and/or their management,administrative, designers, planners, engineers, maintenance personnel, inspectors and/or other employees, staff, agents or

COMPLAINT FOR DAMAGES FOR:      1. STATUTORY LIABILITY/  DANGEROUS CONDITION OF PUBLIC PROPERTY 2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 8

contractors, acting within the course and scope of their duties and through negligent or wrongful acts or omissions created, or allowed to be created, a dangerous condition. The installation, maintenance, repair, operation, monitoring and/or control of State Route 1 were done negligently, inadequately and improperly and created a hazard, trap and dangerous condition. It also created a peculiar risk and trap as Defendants Does 1 through 100, inclusive, should have installed signal lights, and warning signs letting drivers know that the lanes were merging, barricades, other safety equipment and devices, warnings, and warning devices on the road on State Route 1.

24. As a direct and proximate result of the conduct of Defendant DOES 1 through 100, inclusive, are liable for, and Plaintiff is entitled to recover of them, her general, special, actual and compensatory damages, including, but not limited to, her necessary medical and related expenses, past, present and future lost earnings, loss of future earning capacity, as well as mental, emotional and physical pain and mental suffering, as proven at time of trial. The total amount of Plaintiff's damages is presently unknown but is reasonably believed to be in excess of the minimum jurisdictional limit of this Court.

### THIRD CAUSE OF ACTION:    WRONGFUL DEATH Against

**Defendants STATE,and (DOES 1 through 100, inclusive)**

28. PLAINTIFF re-alleges paragraphs 1 through 27, inclusive, and incorporates them herein by reference as though set forth in full.

29. As a direct and proximate of each DEFENDANTS' actions or inactions, carelessness, recklessness, wantonness, and unlawfulness, PLAINTIFF suffered fatal injuries.

30. As a further direct and proximate result of each DEFENDANTS actions or inactions, carelessness, recklessness, wantonness, and unlawfulness, PLAINTIFF has suffered economic damages, including but not limited to monetary contributions and financial support from

COMPLAINT FOR DAMAGES FOR:    1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY 2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 9

PLAINTIFF, loss of gifts or benefits, household services, noneconomic damages, including but not limited to being deprived of the love, affection, solace, companionship, society, moral support, assistance, protection, training and guidance, consortium, services, comfort, care, counsel and advice of PLAINTIFF, and any other damages as permitted by law.

### REQUEST FOR JURY TRIAL

Plaintiffs hereby requests a trial by jury on all claims for relief alleged in, and on all issues raised by, this Complaint.

### PRAYER

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.      For an award of Plaintiffs general, special, actual and compensatory damages as proven at time of trial, with interest thereon according to law;

2.      For an award of the costs incurred by Plaintiffs in bringing and maintaining this action;

3.      For such other and further relief which this Court deems just and proper.

DATED:      Feb  27, 2021                          By:  Law  Office  of  Isaac  Toveg  PLC

/S/ ISAAC TOVEG

Isaac Toveg, Attorney

COMPLAINT FOR DAMAGES FOR:      1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF
PUBLIC PROPERTY 2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 10

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| Law Offices Of Isaac Toveg<br>Isaac Toveg<br>2600 W Olive Ave 5th Floor<br>Burbank Ca 91505 | 269729 | **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>5/27/2021 11:15 PM<br>By: Jazmine Teimori, Deputy |

ATTORNEY FOR (Name): MONICA ARAIZA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF *SANTA BARBARA*

COURTHOUSE ADDRESS:
SANTA MARIA - COOK, 312 -C EAST COOK ST, SANTA MARIA CA 93454

PLAINTIFF:
MONICA ARAIZA

DEFENDANT:
THE STATE OF CALIFORNIA AND DOES 1 TO 100 INCLUSIVE

| **AMENDMENT TO COMPLAINT**<br>**(Fictitious /Incorrect Name)** | CASE NUMBER:<br>21CV01049 |
|---|---|

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME

PLAINTIFF :    DOES 1

and having discovered the true name of the defendant to be:

TRUE NAME

IFRAIN  ARAIZA

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 05/18/2021 | ISAAC TOVEG | *Isaac Tovep* |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
|  |  |  |

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____
Dated

_____
Judicial Officer

LASC LACIV 105 (Rev. 08/18)
For Optional Use

**AMENDMENT TO COMPLAINT**
**(Fictitious / Incorrect Name)**

Code Civ. Proc., §§ 471.5,
472, 473, 474

Exhibit 1

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Catherine Takayama (SBN 303690); Brandon Mickle (SBN 298778)<br>State of California, California Department of Transportation ("Caltrans")<br>111 Grand Avenue, P.O. Box 24325, Oakland, CA 94623-1325<br>TELEPHONE NO.: (510) 433-9100    FAX NO. *(Optional)*: (510) 433-9167<br>E-MAIL ADDRESS *(Optional)*: catherine.takayama@dot.ca.gov<br>ATTORNEY FOR *(Name)*: Defendant State of California | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>7/2/2021 2:53 PM<br>By: Narzralli Baksh, Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Barbara |
|---|
| STREET ADDRESS: 213-C East Cook Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Santa Maria 93454 |
| BRANCH NAME: Cook Division |

| PLAINTIFF/PETITIONER: Monica Araiza, et al. |
|---|
| DEFENDANT/RESPONDENT: State of California, et al. |

| CASE MANAGEMENT STATEMENT | | | CASE NUMBER: |
|---|---|---|---|
| *(Check one):*  ☑ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) | ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | | 21CV01049 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: 07/13/21        Time: 08:30 am        Dept.: 3        Div.: Civil        Room:

Address of court *(if different from the address above)*:

☑ **Notice of Intent to Appear by Telephone,** by *(name)*:  Catherine Takayama, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☑  This statement is submitted by party *(name)*:  State of California, Caltrans
   b. ☐  This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  The complaint was filed on *(date)*:
   b. ☐  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not)*:

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐  have had a default entered against them *(specify names)*:

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☑ complaint   ☐ cross-complaint    *(Describe, including causes of action)*:
      Plaintiff alleges damages from an automobile accident. Plaintiff's three causes of action are Negligence,
      Wrongful Death & Dangerous Condition of Public Property

Page 1 of 5

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|

Exhibit 1

CM-110

| PLAINTIFF/PETITIONER: Monica Araiza, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: State of California, et al. | 21CV01049 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiffs allege damages resulting from an accident that occurred on February 14, 2020.  Decedent Selena Araiza was a passenger in a vehicle that collided with another vehicle on southbound State Route 1, near Santa Rosa Road in Lompoc, Califorina.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request   ☑ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☑  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☑  days *(specify number):* 5-7
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
☐  Additional representation is described in Attachment 8.
f.  Fax number:
g.  Party represented:

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☑ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110 [Rev. July 1, 2011] **CASE MANAGEMENT STATEMENT** Page 2 of 5

Exhibit 1

CM-110

| PLAINTIFF/PETITIONER: Monica Araiza, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: State of California, et al. | 21CV01049 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date)*: <br> ☐ Agreed to complete mediation by *(date)*: <br> ☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date)*: <br> ☐ Agreed to complete settlement conference by *(date)*: <br> ☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☑ | ☑ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date)*: <br> ☐ Agreed to complete neutral evaluation by *(date)*: <br> ☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☑ | ☑ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date)*: <br> ☐ Agreed to complete judicial arbitration by *(date)*: <br> ☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date)*: <br> ☐ Agreed to complete private arbitration by *(date)*: <br> ☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date)*: <br> ☐ Agreed to complete ADR session by *(date)*: <br> ☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]                **CASE MANAGEMENT STATEMENT**                Page 3 of 5

Exhibit 1

CM-110

| PLAINTIFF/PETITIONER: Monica Araiza, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: State of California, et al. | 21CV01049 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Counsel for plaintiffs and the State engaged in a good faith effort to resolve the State's concerns regarding deficiencies in the Complaint. Plaintiffs have agreed to file an amended complaint.

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant Caltrans | Written Discovery | Per Statutory Period |
| Defendant Caltrans | Depositions | Per Statutory Period |
| Defendant Caltrans | Document Subpoenas | Per Statutory Period |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | Monica Araiza, et al. | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | State of California, et al. | 21CV01049 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

The Parties have not yet met and conferred pursuant to rule 3.724. The topics in rule 3.274 are not yet ripe for discussion considering that Plaintiff has not filed an amended complaint.

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 07/02/21

Catherine Takayama
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

Exhibit 1

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, CA 94612
Mail: P.O. Box 24325, Oakland, CA 94623-1325
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

1  **Case Name:** *Monica Araiza, et al. v. State of California, et al.*
2  **Case No.:** <u>Santa Barbara County Superior Court Case No. 21CV01049</u>

3  <center>**PROOF OF SERVICE**</center>

4  I am employed in the City of Oakland, State of California. I am over the age of 18 years and not a party to the within action. My business address is 111 Grand Avenue, Suite 11-100, Oakland, California 94612; Mail: P.O. Box 24325, Oakland, CA 94623-1325.

5  On the date set forth below, I served a true copy of the following document(s):

6  <center>**CASE MANAGEMENT STATEMENT**</center>

7  on the interested parties to said action by the following means:

8  **[ XX]  (BY ELECTRONIC-MAIL ONLY)** by attaching a copy of the document(s) in PDF
9  format sent from francia.aquino@dot.ca.gov to the email addresses of the parties listed below, pursuant to Code of Civil Procedure section 1010.6, subd. (a) and (e), permitting
10  electronic service of notices or documents that may be served by mail, express mail, overnight delivery, or facsimile transmission. No hard copies will follow.

| COUNSEL OF RECORD | EMAIL ADDRESSES |
|---|---|
| Isaac Toveg, Esq.<br>Law Offices of Isaac Toveg<br>2600 W. Olive Ave., 5th Floor<br>Burbank, CA 91505<br><br>*Attorney for Plaintiffs, Monica Araiza, et al.* | <u>isaactoveg@aol.com</u> |
| With cc to:<br>Catherine Takayama, Esq.<br>Brandon Mickle, Esq.<br><br>CALTRANS LEGAL DIVISION<br>*Attorneys for Defendant,  STATE OF CALIFORNIA DEPT. OF TRANSPORTATION* | catherine.takayama@dot.ca.gov<br>brandon.mickle@dot.ca.gov<br>maria.cordonero@dot.ca.gov |

22  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23  Executed on July 2, 2021 at Daly City, California.

_____
FRANCIA AQUINO, Declarant

<center>1
**PROOF OF SERVICE**</center>

CIV-141

| ATTORNEY OR PARTY WITHOUT ATTORNEY:                STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|
| NAME: Catherine Takayama (SBN 303690); Brandon Mickle (SBN 298778)<br>FIRM NAME: Caltrans Legal Division – Bay Area Office<br>STREET ADDRESS: 111 Grand Avenue, Suite 11-100<br>CITY: Oakland                STATE: CA    ZIP CODE: 94612<br>TELEPHONE NO.: (510) 433-9100    FAX NO.: (510) 433-9167<br>E-MAIL ADDRESS: catherine.takayama@dot.ca.gov<br>ATTORNEY FOR (Name):  Defendant STATE OF CALIFORNIA | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>5/28/2021 1:54 PM<br>By: Sharon Leyden, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA<br>STREET ADDRESS:  312-C East Cook Street<br>MAILING ADDRESS:  312-C East Cook Street<br>CITY AND ZIP CODE:      Santa Maria 93454<br>BRANCH NAME:  Santa Maria | |
| PLAINTIFF/PETITIONER:  MONICA ARAIZA<br>DEFENDANT/RESPONDENT:  STATE OF CALIFORNIA, DEPARTMENT OF TRANSPORTATION | |

| DECLARATION OF DEMURRING OR MOVING PARTY<br>IN SUPPORT OF AUTOMATIC EXTENSION | CASE NUMBER:<br>21CV01049 |
|---|---|

1. (*Name of party*): Defendant State of California, Department of Transportation          was served with

    [x] a complaint    [ ] an amended complaint    [ ] a cross-complaint

    [ ] an answer    [ ] other  (specify):

    in the above-titled action.

2. For a demurrer or motion to strike, a responsive pleading is due on (date):  June 1, 2021

### DECLARATION

I intend to file a demurrer, motion to strike, or motion for judgment on the pleadings in this action. Before I can do so, I am required to meet and confer with the party who filed the pleading that I am responding to at least five days before the date when the responsive pleading is due (if I am filing a demurrer or motion to strike) and at least five days before the last day a motion for judgment on the pleadings may be filed (if I am filing a motion for judgment on the pleadings). We have not been able to meet and confer. I have not previously requested an automatic extension of time. Therefore, on timely filing and serving a declaration that meets the requirements of Code of Civil Procedure sections 430.41, 435.5, or 439, I am entitled to an automatic 30-day extension of time within which to file a responsive pleading or motion for judgment on the pleadings.

I made a good faith attempt to meet and confer with the party who filed the pleading at least five days before the date the responsive pleading was due (if I am filing a demurrer or motion to strike) and at least five days before the last day a motion for judgment on the pleadings may be filed (if I am filing a motion for judgment on the pleadings). I was unable to meet with that party because (the reasons why the parties could not meet and confer are stated):

    [x] below    [ ] on form MC-031, Attached Declaration

On May 19, 2021, I sent a detailed correspondence to plaintiff's counsel identifying various defects in the Complaint and requested a telephone conference on May 24, 2021. On May 21, 2021, Plaintiff's counsel informed me that he is out of the office until June 7, 2021, and will not be able to meet and confer until June 8, 2021.

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: May 28, 2021

Catherine Takayama                                                        *[signature]*
_____                    ►  _____
(NAME OF PARTY OR ATTORNEY FOR PARTY)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

Page 1 of 1

| Form Approved for Optional Use<br>Judicial Council of California<br>CIV-141 [Rev. January 1, 2019] | DECLARATION OF DEMURRING OR MOVING PARTY<br>IN SUPPORT OF AUTOMATIC EXTENSION | Code of Civil Procedure,<br>§§ 430.41, 435.5, 439<br>www.courts.ca.gov |
|---|---|---|

Exhibit 1

1  **Case Name:** *Monica Araiza v. State of California, et al.*

2  **Case No.:** <u>Santa Barbara County Superior Court Case No. 21CV01049</u>

3  <div align="center"><u>**PROOF OF SERVICE**</u></div>

4      I, the undersigned, say: I am, and was at all times herein mentioned, employed in the City of Oakland, and County of Alameda, over the age of 18 years and not a party to the within action or

5  proceedings; that my business address is 111 Grand Avenue, Suite 11-100, Oakland, California 94612; Mail: P.O. Box 24325, Oakland, CA 94623-1325; that on the date set forth below, I served the within:

6

7  <div align="center">**DECLARATION OF DEMURRING OR MOVING PARTY**<br>**IN SUPPORT OF AUTOMATIC EXTENSION**</div>

8  on all interested parties in said action by:

9    —  **(MAIL)** By placing a true copy thereof enclosed in a sealed envelope for each person(s) named below, addressed as set forth immediately below the respective name(s), with postage

10  thereon fully prepaid as first-class mail. I deposited the same in a mailing facility regularly maintained by the United States Post Office for the mailing of letter(s) at my above-stated

11  place of business.

12    <u>**X**</u>  **(BY ELECTRONIC-MAIL ONLY)** by attaching a copy of the document(s) in PDF format sent to the email addresses of the parties listed below, pursuant to stipulation.

13  No hard copies will follow.

14    —  **(FACSIMILE TRANSMITTAL)** By faxing a true copy thereof as indicating by the address(es), and facsimile telephone number(s) for each person(s) named below as set forth

15  immediately below the respective name(s) pursuant to this Proof of Service.

16    —  **(OVERNIGHT DELIVERY)** By placing a true copy thereof, enclosed in a sealed envelope, to be delivered by the express mail carrier, to the address(es) shown below.

17

18  | Isaac Toveg, Esq. | |
19  | Law Offices of Isaac Toveg | |
20  | 2600 W. Olive Ave., 5th Floor | |
    | Burbank, CA 91505 | |
21  | isaactoveg@aol.com | |
    | | |
    | *Attorney for Plaintiff, Monica Araiza* | |

22

23      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

24      Executed on May 28, 2021 at San Francisco, California.

25

26  <div align="center">CORAZON PILARE, Declarant</div>

27

28

<div align="center">1<br>**PROOF OF SERVICE**</div>

<div align="center">CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION<br>111 Grand Avenue, Suite 11-100, Oakland, CA 94612<br>Mail: P.O. Box 24325, Oakland, CA 94623-1325<br>Telephone: (510) 433-9100, Facsimile: (510) 433-9167</div>

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Law Offices of Isaac Toveg<br>Isaac Toveg SBN 269729<br>2600 W Olive Ave 5th floor<br><br> TELEPHONE NO.: 818-333-5202     FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* Isaactoveg@aol.com<br> ATTORNEY FOR *(Name):* Monica Araiza | *FOR COURT USE ONLY*<br>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>7/7/2021 8:46 PM<br>By: Narzralli Baksh, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Barbara
 STREET ADDRESS: 213-C EAST COOK STREET
 MAILING ADDRESS:
CITY AND ZIP CODE: SANTA MARIA 9354
 BRANCH NAME: COOK DIVISION

 PLAINTIFF/PETITIONER: MONICA ARAIZA., ET AL

DEFENDANT/RESPONDENT: STATE OF CALIFORNIA, ET AL

| **CASE MANAGEMENT STATEMENT**<br>*(Check one):* [ X ] **UNLIMITED CASE**      [ ] **LIMITED CASE**<br>(Amount demanded        (Amount demanded is $25,000<br>exceeds $25,000)         or less) | CASE NUMBER:<br>21CV01049 |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: 07/13/2021    Time: 8:30    Dept.: 3    Div.: 8    Room:

Address of court *(if different from the address above):*

[ ]  Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** *(answer one):*
    a.  [ X ]  This statement is submitted by party *(name):* MONICA ARAIZA
    b.  [ ]  This statement is submitted jointly by parties *(names):*

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date):*
    b.  [ ]  The cross-complaint, if any, was filed on *(date):*

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a.  [ X ]  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b.  [ ]  The following parties named in the complaint or cross-complaint
        (1)  [ ]  have not been served *(specify names and explain why not):*

        (2)  [ ]  have been served but have not appeared and have not been dismissed *(specify names):*

        (3)  [ ]  have had a default entered against them *(specify names):*

    c.  [ ]  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4.  **Description of case**
    a.  Type of case in  [ X ] complaint    [ ] cross-complaint    *(Describe, including causes of action):*
        This is a automobile collision case where plaintiff is alleging dangerous conditions of public property, negligence and wrongful death.

Page 1 of 5

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |
|---|---|---|

Exhibit 1

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

This is a automobile collision case where plaintiff is alleging dangerous conditions of public property, negligence and wrongful death. Special damages in the amount over $10,000 plus general damages of over $10,900,000.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

a.   The party or parties request ☑ a jury trial ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a.   ☐   The trial has been set for  *(date):*

b.   ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint  *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.   ☒   days *(specify number):* 7 to 10 days

b.   ☐   hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:     f.   Fax number:
e.   E-mail address:     g.   Party represented:
☐   Additional representation is described in Attachment 8.

9. **Preference**

☐   This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date):*<br>[ ] Agreed to complete mediation by *(date):*<br>[ ] Mediation completed on *(date):* |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date):*<br>[ ] Agreed to complete settlement conference by *(date):*<br>[ ] Settlement conference completed on *(date):* |
| (3) Neutral evaluation | [x] | [x] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date):*<br>[ ] Agreed to complete neutral evaluation by *(date):*<br>[ ] Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date):*<br>[ ] Agreed to complete judicial arbitration by *(date):*<br>[ ] Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date):*<br>[ ] Agreed to complete private arbitration by *(date):*<br>[ ] Private arbitration completed on *(date):* |
| (6) Other *(specify):* | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date):*<br>[ ] Agreed to complete ADR session by *(date):*<br>[ ] ADR completed on *(date):* |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff Araiza | Written discovery | July 1, 2022 |
| | Depositions | July 1, 2022 |
| | Expert testimony | October 1 2022 |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

Exhibit 1

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: JUNE 28, 2021

Isaac Toveg
_____          _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PARTY OR ATTORNEY)

_____          _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 5 of 5

For your protection and privacy, please press the Clear This Form button after you have printed the form.      | Print this form |   | Save this form |                | Clear this form |

31

Exhibit 1

**PROOF OF SERVICE**

        I, the undersigned, say:  I am over 18 years of age, employed in the County of Los Angeles, California, in which the within-mentioned service occurred; and that I am not a party to the subject case.  My business address is 2600 West Olive Avenue, 5th Floor, Burbank, California 91505.

        On  June 28th, 2021  2021, I served the following document(s):
NOTICE OF RECEIPT OF TRANSFER CASE

To the following :
CATHERINE TAKAYAMA
STATE OF CALIFORNIA DEPARTMENT OF TRANSPORTATION
111 GRAND AVENUE P.O BOX 24325 OAKLAND CA 94623-1325
Catherine.takayama@dot.ca.gov

     () BY MAIL.  I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure, §1013a.
     ( ) BY FAX.  A copy of said document(s) were delivered by facsimile  transmission to the addressee pursuant to Code of Civil Procedure §1013(e):
     ( X)    BY Email.  I caused said document(s) to be delivered electronically to the addressee pursuant to Code of Civil Procedure §1011.

I declare under the penalty of perjury, under the laws of the State of California that the foregoing is true and correct.  Executed this 06/28/ 2021, in Burbank, CA 91505.

                               Brittainy Caudillo
                               /S/ Brittainy Caudillo
                                   Declarant

PLEADING TITLE - 1

Exhibit 1

1

Law Offices Of Isaac Toveg
Isaac Toveg SBN 269729
2600 W Olive Ave 5th Floor
Burbank CA 91505
818-333-5202
Isaactoveg@aol.com

2

3

4

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
7/7/2021 1:56 PM
By: Sharon Leyden, Deputy

No Summons Filed

5

6                    SUPERIOR COURT OF CALIFORNIA

7                      COUNTY OF SANTA BARBARA

8    MONICA ARAIZA, AND IFRAIN ARAIZA,    Case No.: 21CV01049

9              Plaintiffs,

10   vs.                                   **PLAINTIFFS MONICA AND IFRAIN
                                           ARAIZA FIRST AMENDED**
11                                         **COMPLAINT FOR DAMAGES FOR:    1.**
     THE STATE OF CALIFORNIA,  AND DOES    **STATUTORY LIABILITY/  DANGEROUS**
12   1 TO 100 INCLUSIVE                     **CONDITION OF PUBLIC PROPERTY**
                                           **2.NEGLIGENCE**
13            Defendant                     **3. WRONGFUL DEATH;**
                                            **DEMAND FOR JURY TRIAL**
14

15

16        Plaintiffs, Monica Araiza and Ifrain Araiza, file their Complaint against Defendant the State

17   of California and does 1 to 100 Inclusive, alleging the following:

18                              **THE PARTIES**

19        1. Plaintiffs, Monica Araiza, and Ifrain  Araiza ("Plaintiffs') were at all times relevant hereto

20   were, residents in the city of Lemon Grove,  California .Further plaintiffs were the parents

21   (mother and father of the decedent Selena J Araiza).Selena J Araiza(the decedent ) had no

22   children and was not married at the time of this fatal collision. Plaintiffs are the only heir of

23

24   the decedent Selena J Araiza.

25        2. Plaintiffs are informed and believe, and thereon alleges, that at all times mentioned herein

26   defendant  State of CALIFORNIA  (the State") and does 1 to 100 was and is a public entity

27

28   PLAINTIFFS MONICA AND IFRAIN ARAIZA FIRST AMENDED COMPLAINT FOR DAMAGES FOR:
         1. STATUTORY LIABILITY/  DANGEROUS CONDITION OF PUBLIC PROPERTY 2.NEGLIGENCE
     3. WRONGFUL DEATH;  DEMAND FOR JURY TRIAL - 1

authorized to conduct business, including supervising and administering roads, roadways, traffic conditions, intersections, intersection controls and all other highway and roadway issues within the State of California. This includes, but is not limited to, control of the State Route 1 Road approximately 0.5 miles south of Santa Rosa Road. (Subject Road")

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 to 100 Inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will Amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and based thereon alleges that each of these fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's daughter's death alleged were proximately caused by the aforementioned defendants.

4. Plaintiff is informed and believes and based thereon alleges that at all times material herein each fictitiously named defendant was either the trued defendant or the agent and/ or employer of each other defendant and in doing the things alleged herein, was acting within the scope and purpose of such agency and with the permission and consent of, and their actions were ratified by, the other Defendants.

**GENERAL ALLEGATIONS**

5.Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein "defendant" State of CALIFORNIA (the State") and does 1 to 100 was and is a public entity authorized to conduct business, including supervising and administering roads, roadways, traffic conditions, intersections, intersection controls and all other highway and roadway

PLAINTIFFS MONICA AND IFRAIN ARAIZA FIRST AMENDED COMPLAINT FOR DAMAGES FOR:
1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY 2.NEGLIGENCE
3. WRONGFUL DEATH; DEMAND FOR JURY TRIAL - 1

issues within the State of California. This includes, but is not limited to, control of the State

Route 1 Road approximately 0.5 miles south of Santa Rosa Road .

6.. On February 14, 2020  Joseph Hernandez was traveling in his vehicle driving southbound

with passenger Selena Josefina Araiza on State Route 1. As a result of  improper merging

lanes which existed at that time on State Route 1 another vehicle driven by Michael A. Hanson

(an employee of the Penitentiary) while traveling on the Northbound on State 1 was unable

to safely merge into traffic and traveled across the median line and collided with Selena

Josefina Araiza vehicle resulting in her death..

7. Plaintiff is informed, believes and thereon alleges that at all relevant times hereto,

Defendants STATE of California and Does 1 through 100, inclusive, improperly owned,

operated, managed, designed, planned, engineered, maintained, installed, inspected, repaired

Failed to repair and or controlled  the subject road on State Route 1 thereby creating dangerous

conditions and exposing drivers to dangerous condition.

### NOTICE OF CLAIM AGAINST THE STATE OF CALIFORNIA

8. Withing the time provided by law, Plaintiff filed a claim with the State of California in full

compliance with the State of California's requirements of government code section 910 et seq..

On or about September 15, 2020, the State of California denied Plaintiff's claim.

By reason of the foregoing, Defendants  STATE, and  Does 1 through 50, inclusive, and each

of them, are liable for, and Plaintiffs are entitled to recover of them, her general, special, actual

and compensatory damages, including, but not limited to, her necessary medical and related

expenses, past, present and future lost earnings, loss of future earning capacity, as well as mental,

emotional and physical pain and suffering, as proven at time of trial. The total amount of Plaintiffs

PLAINTIFFS MONICA AND IFRAIN ARAIZA FIRST AMENDED COMPLAINT FOR DAMAGES FOR:
    1. STATUTORY LIABILITY/  DANGEROUS CONDITION OF PUBLIC PROPERTY 2.NEGLIGENCE
3. WRONGFUL DEATH;  DEMAND FOR JURY TRIAL - 1

damages are presently unknown but is reasonably believed to be in excess of the minimum

jurisdictional limit of this Court.

### FIRST CAUSE OF ACTION

**Statutory Liability/Dangerous Condition of Public Property Against Defendants**

**STATE,and (DOES 1 through 100, inclusive)**

9. Plaintiff repeats, realleges, and incorporates by this reference as though set forth in full

herein all prior allegations of this Complaint.

10. Prior to and on February 14, 2020, Defendants STATE, and Does 1 through 100, inclusive,

and/or their management, administrative, designers, planners, engineers, maintenance

personnel, inspectors and/or other employees, staff, agents or contractors, acting within the

course and scope of their duties and/or employment, negligently and improperly owned,

operated, controlled, designed, planned, engineering, maintained, inspected, repaired, and/or

failed to repair, State Route 1 Road approximately 0.5 miles south of Santa Rosa Road,

thereby creating dangerous conditions under *Gov. Code § 830 et seq. and 835* and exposing

drivers to dangerous conditions. Prior to this collision there has been substantial amounts of

complaints and auto collisions near that vicinity as a result of the merging of two lanes into

one. Moreover drivers tend to speed prior to the merger of this two lanes so they can be the

lead vehicle. Further, there was not sufficient visible warning signs regarding the merger of

these two lanes into one. In addition there was inadequate lighting, as this collision occurred

at approximately 6:15 pm in February14, 20321. There should have been median walls and

or barricades to prohibit cross traffic and if there were such this auto collision may have been

avoided. There was also a lack of warning sign regarding the merging of the two lanes. The

PLAINTIFFS MONICA AND IFRAIN ARAIZA FIRST AMENDED COMPLAINT FOR DAMAGES FOR:
1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY 2.NEGLIGENCE
3. WRONGFUL DEATH;  DEMAND FOR JURY TRIAL - 1

witnesses to this collision indicated that there has been a plenty amount of auto collision for a period of time in this vicinity.  The STATE undertook to control the Route 1, invited the reliance of motorists on the road and are liable as they created dangerous conditions in doing so. The absence of proper safety measures was done carelessly, negligently, inadequately and improperly and created a hazard, trap and dangerous condition under *Gov. Code § 835*. It also created a peculiar risk and trap. Defendants STATE, and  Does 1 through 100, inclusive, should have installed a barricade separating the south and north bound lanes, proper signage, barricades, other safety equipment and devices, warnings, and warning devices on the State Route 1.

11. The collision and the injury and or death was foreseeable as a consequence of this dangerous condition to Defendants STATE, and  Does 1 through 50, inclusive, and, yet, they failed to warn (or adequately warn) drivers.

12. The dangerous conditions created a reasonably foreseeable risk of the kind of injuries which were sustained, and (a) a negligent or wrongful act or omission of an employee of Defendants STATE, and  Does 1 through 100, inclusive, created the dangerous conditions; and/or (b) Moreover, they had actual or constructive notice of the dangerous conditions  and had sufficient time prior to the injury to have taken measures to protect against the dangerous conditions. These dangerous conditions created a substantial risk of injury when the roadway was used with due care by the public generally as drivers oversteer the roadway for a variety of non-negligent circumstances (because of third party negligence, emergencies, mechanical failures and other unforeseen circumstances) and a barricade guardrail (and other appropriate safety measures listed within this complaint) is required to prevent vehicles from crashing

PLAINTIFFS MONICA AND IFRAIN ARAIZA FIRST AMENDED COMPLAINT FOR DAMAGES FOR:
      1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY 2.NEGLIGENCE
3. WRONGFUL DEATH;  DEMAND FOR JURY TRIAL - 1

against each other.

13. The dangerous conditions and these acts and omissions of Defendants STATE, and Does 1 through 100, inclusive (and their management, administrative, designers, planners, engineers, maintenance personnel, inspectors and/or other employees, staff, agents or contractors, acting within the course and scope of their duties), proximately caused Plaintiff's injuries.

14.   Further, these dangerous conditions were directly attributable wholly or in substantial part to a negligent or wrongful act of employees Defendants STATE, and  Does 1 through 100, inclusive, and these employees had the authority and the funds and other means immediately available to take alternative action which would not have created the dangerous condition, and/or these employees had the authority and it was his/her/their responsibility to take adequate measures to protect against the dangerous condition at the expense of the public entity and the funds and other means for doing so were immediately available to him/her/them, and he/she/they had actual or constructive notice of the dangerous condition a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

15. Further, signs, warnings or other devices were necessary to warn of these dangerous conditions which endangered the safe movement of traffic and which would not be reasonably apparent to, and would not have been anticipated by, a person exercising due care.

16.  In addition, Defendants STATE, and  Does 1 through 100, inclusive, and their employees acting within the scope of their employment undertook, gratuitously or for consideration, to avoid, remedy and/or abate these dangerous conditions. These undertakings and promises were the kind that they recognized as necessary for the protection of third persons. Defendants STATE, and Does

PLAINTIFFS MONICA AND IFRAIN ARAIZA FIRST AMENDED COMPLAINT FOR DAMAGES FOR:
   1. STATUTORY LIABILITY/  DANGEROUS CONDITION OF PUBLIC PROPERTY 2.NEGLIGENCE
3. WRONGFUL DEATH;  DEMAND FOR JURY TRIAL - 1

1 through 100, inclusive, and their employees acting within the scope of their employment failed to exercise reasonable care in the performance of these undertakings and promises, the failure to exercise reasonable care resulted in physical harm to the third persons; and *either* (a) their carelessness increased the risk of such harm, or (b) the undertaking or promises were to perform a duty that the other owed to the third persons, or (c) the harm was suffered because either the other or the third persons relied on the undertaking.

17. The driver of the other vehicle Michael Asunsion Hanson was employed at the department of corrections. And the plaintiffs are informed and believe that he was in the course and scope of his employment while traveling North on State Route 1. The state of California has a duty to provide and build a safe highway such as route 1 for all of the drivers navigating and to provide adequate signs, barriers separating the North and South lanes to prevent auto collisions such as what has occurred in this instance. Here Michael Asunsion Hanson fully aware that Route 1 Northbound merges from two lanes to one lane attempted to speed up and overtake another vehicle, just prior to the merging. That attempt was unsuccessful and he lost control of his vehicle and went to the Southbound lane, across the median lane and collided with the vehicle Selena Araiza was a passenger and killing her within hours of the collision. Michael Asunsion Hanson passed away withing one month as a result of his vehicle colliding with Selena Ariza's vehicle. There was no adequate signs, nor adequate lighting, nor barrier separating Northbound from Southbound. There has been a substantial amount of auto collision occurring in that vicinity. Due to these acts and failures to act and dangerous conditions, Defendants STATE, and Does 1 through 100, inclusive, and their employees are liable for Plaintiff's injuries under the Government Code, including, but not limited to, Sections 815(a), *815.2(a), 815.6, 820(a), , 830(a), 830.8, 835, 835.2, 835.4* and

PLAINTIFFS MONICA AND IFRAIN ARAIZA FIRST AMENDED COMPLAINT FOR DAMAGES FOR:
    1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY 2.NEGLIGENCE
3. WRONGFUL DEATH;  DEMAND FOR JURY TRIAL - 1

*840.2.*

18. The collision was foreseeable to Defendants STATE, and Does 1 through 100, inclusive, and, yet, they failed to warn (or adequately warn) drivers. It is believed that notice was actually provided to Defendants STATE, and Does 1 through 100, inclusive as there has been quite a few collisions occurring at that vicinity prior to this collision.

19. The dangerous conditions created a reasonably foreseeable risk of the kind of injuries which were sustained, and (a) a negligent or wrongful act or omission of an employee of Defendants STATE, and Does 1 through 100, inclusive, created the dangerous conditions; and/or (b) they had actual or constructive notice of the dangerous conditions a sufficient time prior to the injury to have taken measures to protect against the dangerous conditions. These dangerous conditions created a substantial risk of injury when the roadway was used with due care by the public generally as drivers who are going at 55 MPH on Route 1 have to merge into one lane traffic with poor lighting, and other improper roadway route for a variety of non-negligent circumstances (because of third party negligence, emergencies, mechanical failures and other unforeseen circumstances) and a barricade is required to prevent vehicles from falling/crashing to each other.

20. The dangerous conditions and these acts and omissions of Defendants STATE, and Does 1 through 100, inclusive (and their management, administrative, designers, planners, engineers, maintenance personnel, inspectors and/or other employees, staff, agents or contractors, acting within the course and scope of their duties), proximately caused Plaintiff's injuries and death.

21. Further, these dangerous conditions were directly attributable wholly or in substantial part to a negligent or wrongful act of employees of Defendants STATE, and Does 1 through 100, inclusive, and these employees had the authority and the funds and other means immediately

PLAINTIFFS MONICA AND IFRAIN ARAIZA FIRST AMENDED COMPLAINT FOR DAMAGES FOR:
     1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY 2.NEGLIGENCE
3. WRONGFUL DEATH; DEMAND FOR JURY TRIAL - 1

available to take alternative action which would not have created the dangerous condition, and/or these employees had the authority and it was his/her/their responsibility to take adequate measures to protect against the dangerous condition at the expense of the public entity and the funds and other means for doing so were immediately available to him/her/them, and he/she/they had actual or constructive notice of the dangerous condition and had sufficient time prior to the injury to have taken measures to protect against the dangerous condition. The state of California knew that auto collision such as this would occur.

22. Further, signs, warnings or other devices were necessary to warn of these dangerous conditions which endangered the safe movement of traffic and which would not be reasonably apparent to, and would not have been anticipated by, a person exercising due care.

23. Further, Defendants STATE, and Does 1 through 100, inclusive, and their employees acting within the scope of their employment undertook, gratuitously or for consideration, to avoid, remedy and/or abate these dangerous conditions. These undertakings and promises were the kind that they recognized as necessary for the protection of third persons. Defendants STATE, and Does 1 through 100, inclusive, and their employees acting within the scope of their employment failed to exercise reasonable care in the performance of these undertakings and promises, the failure to exercise reasonable care resulted in physical harm to the third persons; and *either* (a) their carelessness increased the risk of such harm, or (b) the undertaking or promises were to perform a duty that the other owed to the third persons, or (c) the harm was suffered because either the other or the third persons relied on the undertaking.

24. Due to these acts and failures to act and dangerous conditions, Defendants STATE, and Does 1 through 100, inclusive, and their employees are liable for Plaintiff's injuries under the

PLAINTIFFS MONICA AND IFRAIN ARAIZA FIRST AMENDED COMPLAINT FOR DAMAGES FOR:
1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY 2.NEGLIGENCE
3. WRONGFUL DEATH; DEMAND FOR JURY TRIAL - 1

Exhibit 1

Government Code, including, but not limited to, Sections 815 (a), *815.2(a),815.6,  820(a),*

*830(a), 830.8, 835, 835.2, 835.4* and *840.2.*

## SECOND CAUSE OF ACTION

### (Negligence Against  DOES 1 - 100 inclusive)

25. Plaintiffs repeats, realleges, and incorporates by this reference as though set forth in full

herein all prior allegations of this Complaint.

26. Plaintiff is informed and believes, and thereon alleges, that at said time and place at or

near the subject location, Defendant DOES 1 through 100, inclusive, so negligently and

improperly owned, operated, controlled, designed, planned, engineering, maintained,

inspected, installed , repaired, and/or failed to repair,  State Route 1 approximately 0.5 miles

South of Santa Rosa Rd. so as to cause fatal injury to Plaintiff's daughter. Thereby proximately

causing the herein described wrongful death and damages to Plaintiffs Selena Josefina Araiza .

27. Defendant DOES 1 through 100, inclusive, and/or their management, administrative, designers,

planners, engineers, maintenance personnel, inspectors and/or other employees, staff, agents or

contractors, acting within the course and scope of their duties and through negligent or wrongful

acts or omissions created, or allowed to be created, a dangerous condition. The installation,

maintenance, repair, operation, monitoring and/or control of  State Route 1 were done negligently,

inadequately and improperly and created a hazard, trap and dangerous condition. It also created a

peculiar risk and trap as Defendants  Does 1 through 100, inclusive, should have installed signal

lights, and warning signs letting drivers know that the lanes were merging, barricades, other safety

equipment and devices, warnings, and warning devices on the road on State Route 1.

28. As a direct and proximate result of the conduct of Defendant DOES 1 through 100, inclusive,

PLAINTIFFS MONICA AND IFRAIN ARAIZA FIRST AMENDED COMPLAINT FOR DAMAGES FOR:
            1. STATUTORY LIABILITY/  DANGEROUS CONDITION OF PUBLIC PROPERTY 2.NEGLIGENCE
3. WRONGFUL DEATH;  DEMAND FOR JURY TRIAL - 1

are liable for, and Plaintiffs are entitled to recover of them, her general, special, actual and compensatory damages, including, but not limited to, her necessary medical and related expenses, past, present and future lost earnings, loss of future earning capacity, as well as mental, emotional and physical pain and mental suffering, as proven at time of trial. The total amount of Plaintiffs damages is presently unknown but is reasonably believed to be in excess of the minimum jurisdictional limit of this Court.

**THIRD CAUSE OF ACTION:   WRONGFUL DEATH Against Defendants STATE,and (DOES 1 through 100, inclusive)**

29. PLAINTIFF re-alleges paragraphs 1 through 28, inclusive, and incorporates them herein by reference as though set forth in full.

30. As a direct and proximate of each DEFENDANTS' actions or inactions, carelessness, recklessness, wantonness, and unlawfulness, PLAINTIFF suffered fatal injuries.

31. As a further direct and proximate result of each DEFENDANTS actions or inactions, carelessness, recklessness, wantonness, and unlawfulness, PLAINTIFF has suffered economic damages, including but not limited to monetary contributions and financial support from PLAINTIFF, loss of gifts or benefits, household services, noneconomic damages, including but not limited to being deprived of the love, affection, solace, companionship, society, moral support, assistance, protection, training and guidance, consortium, services, comfort, care, counsel and advice of PLAINTIFF, and any other damages as permitted by law.

**REQUEST FOR JURY TRIAL**

Plaintiffs hereby requests a trial by jury on all claims for relief alleged in, and on all issues raised by, this Complaint.

PLAINTIFFS MONICA AND IFRAIN ARAIZA FIRST AMENDED COMPLAINT FOR DAMAGES FOR:
1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY 2.NEGLIGENCE
3. WRONGFUL DEATH; DEMAND FOR JURY TRIAL - 1

**PRAYER**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.    For an award of Plaintiffs general, special, actual and compensatory damages as proven at time of trial, with interest thereon according to law;

2.    For an award of the costs incurred by Plaintiffs in bringing and maintaining this action;

3.    For such other and further relief which this Court deems just and proper.

DATED: July 6, 2021                     By:  Law  Office  of  Isaac  Toveg  PLC

/S/ ISAAC TOVEG

Isaac Toveg, Attorney

PLAINTIFFS MONICA AND IFRAIN ARAIZA FIRST AMENDED COMPLAINT FOR DAMAGES FOR:
     1. STATUTORY LIABILITY/  DANGEROUS CONDITION OF PUBLIC PROPERTY 2.NEGLIGENCE
3. WRONGFUL DEATH;  DEMAND FOR JURY TRIAL - 1

**PROOF OF SERVICE**

I, the undersigned, say:  I am over 18 years of age, employed in the County of Los Angeles, California, in which the within-mentioned service occurred; and that I am not a party to the subject case.  My business address is 2600 West Olive Avenue, 5th Floor, Burbank, California 91505.

On July 7th 2021, I served the following document(s):
FIRST AMENDED COMPLAINT

To the following :
The State of California
Catherine.takayama@dot.ca.gov

() BY MAIL.  I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure, §1013a.
( ) BY FAX.  A copy of said document(s) were delivered by facsimile  transmission to the addressee pursuant to Code of Civil Procedure §1013(e):
( X )    BY Email.  I caused said document(s) to be delivered electronically to the addressee pursuant to Code of Civil Procedure §1011.

I declare under the penalty of perjury, under the laws of the State of California that the foregoing is true and correct.  Executed this 07/07/ 2021, in Burbank, CA 91505.

<div align="right">

Brittainy Caudillo
/S/ Brittainy Caudillo
Declarant

</div>

PLAINTIFFS MONICA AND IFRAIN ARAIZA FIRST AMENDED COMPLAINT FOR DAMAGES FOR:
1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY 2.NEGLIGENCE
3. WRONGFUL DEATH;  DEMAND FOR JURY TRIAL - 1

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA BARBARA

| | | |
|---|---|---|
| Dated and Entered: | 07/13/2021 | Time:  8:30 AM |
| Judicial Officer: | Timothy J Staffel | |
| Deputy Clerk: | Tanya Perez | Dept:  SM3 |
| Deputy Sheriff: | Bob (Robert) Prescott | |
| Court Reporter: | Michele McNeil | Case No: 21CV01049 |

### Monica Araiza vs The State of California et al

Parties Present:

| | |
|---|---|
| Toveg, Isaac | Attorney for Plaintiff, via Zoom |
| Mickle, Brandon | Attorney for Defendant The State of California, via Zoom |

**NATURE OF PROCEEDINGS:  Case Management Conference**

The Court states an amended complaint was filed on 7/7/2021 and inquires if this filing took care of the Motion to Strike and Demurrer.  Mr. Mickle represents he has not been served with the amended complaint yet.  Mr. Toveg requests a 60-day continuance.  A discussion is held.

**THE COURT MAKES THE FOLLOWING ORDERS:**

This matter is continued to 10/26/2021 at 8:30 a.m. in Department SM3.

Counsel waives notice.

DARREL E. PARKER, EXECUTIVE OFFICER                 Minutes Prepared by:

                                                                                    Tanya Perez                        , Deputy

SC-2411 (Revised July 1, 2013)                    **MINUTE ORDER**

Exhibit 1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA<br>STREET ADDRESS: 312-C East Cook Street<br>CITY AND ZIP CODE: Santa Maria CA 93454<br>BRANCH NAME: Cook | FOR COURT USE ONLY<br>SUPERIOR COURT of CALIFORNIA<br>COUNTY of SANTA BARBARA<br>JUL 1 9 2021<br>Darrel E. Parker, Executive Officer<br>BY_____<br>J. Hernandez, Deputy Clerk |
|---|---|
| CAPTION:<br>**Monica Araiza vs The State of California et al** | |
| **CASE MANAGEMENT CONFERENCE ORDER** | CASE NUMBER:<br>**21CV01049** |

A case management conference was conducted in this case on 07/13/2021 before the undersigned judge. At the conclusion of the conference, **THE COURT ORDERED THE FOLLOWING:**
**(Only checked boxes apply)**

1. ☒ The Court finds that this case is **not** ready for trial setting at this time and sets this case for another Case Management Conference on 10/26/2021 at 8:30 a.m. in Department SM3.

2. ☐ The Court sets this case for a hearing on an Order to Show Cause on _____ at 8:30 a.m. in this department on why the Court should not dismiss the case for failure to timely file a Case Management Conference Statement, timely serve the defendants, appear at the conference and/or pay sanctions imposed by the Court.

3. ☐ All parties necessary to the disposition of the case have been served and any un-served parties are hereby dismissed.

4. ☐ The Court finds that the amount in controversy in this case is **under** $50,000. The parties will be assigned a Mediator by the CADRe director and are ordered to complete a CADRe Limited Mediation, at no charge to the parties, no later than _____.

5. ☐ The Court finds that the amount in controversy in this case is **over** $50,000. The parties are ordered to attend a further case management orientation and early settlement session **(CMADRESS)** with a court-approved Special Master/ Mediator appointed by the CADRe director. **There will be no fees charged by the assigned Special Master/ Mediator for the required attendance time at this conference which will be at least 90 minutes and no more than 2 hours, at the option of the Special Master/Mediator.** Following the conference, the parties may elect to continue additional mediation with the Special Master by making separate arrangements for additional time at the Mediator's private rates.

The parties are charged with the responsibility of setting up the orientation session, which must be held within **ninety** days of the date of this order.

If the parties need additional time to hold the CMADRESS session, they should present to the Mandatory Settlement Conference Judge a stipulation setting forth good cause for the continuance.

6. ☐ The parties hereby stipulate that they have already voluntarily agreed to mediate this case with _____ and the mediation process will be completed by _____.

7. ☐ To confirm that the CADRe Limited Mediation, CMADRESS or the stipulated private mediation session was held, an Order to Show Cause hearing will be held at the time of the **Mandatory Settlement Conference** to determine whether sanctions should be imposed on either or both parties for failure to attend or participate in these programs. The parties should file with the Court a notice that the session was held as required by this order to avoid the OSC hearing.

*Attendance at the orientation session and all other mediation sessions shall be governed by California Rules of Court, Rule 3.894 and Local Rule 1102(f).*

---

| SC-2010 [Rev. 2/5/2015] | **CASE MANAGEMENT CONFERENCE ORDER** | Cal. Rules of Court, Rules 3.728, 3.894<br>Local Rule 1102(f) |
|---|---|---|

Exhibit 1

| Name of case:<br>**Monica Araiza vs The State of California et al** | Case Number<br>**21CV01049** |
| --- | --- |

8. ☐ All parties must timely file any law and motion matters so that these motions may be heard prior to the Mandatory Settlement Conference. All depositions of non-expert witnesses must be completed by the date set for the Mandatory Settlement Conference. All interrogatories and document production discovery must be completed prior to the Mandatory Settlement Conference. Any defense medical examination of the plaintiff and the report and/or deposition of the defense examining physician, and the identity of experts must be disclosed prior to the Mandatory Settlement Conference.

9. ☐ A Mandatory Settlement Conference is set for **8:30 a.m.** on _____ in **DEPARTMENT** ____. Settlement conference statements are to be filed by each party at least **5 court days** prior to the conference or sanctions will be imposed. **ALL PARTIES NECESSARY TO EFFECT A SETTLEMENT MUST BE PRESENT AT THIS CONFERENCE**.

10. ☐ This case is set for trial on _____ at _____ a.m./p.m. in this department.

11. ☐ _____ request(s) a jury trial. All other parties waive a jury trial. Estimated time for trial is _____ days.
Plaintiff Trial Counsel will be _____
Defense Trial Counsel will be _____
Other Trial Counsel will be _____

12. ☐ All dates are vacated, case is **CLOSED** and **DISMISSED** as to all parties.

13. ☐ Counsel for _____ is ordered to pay $100 within 3 court days or shall appear for a hearing on an Order to Show Cause on _____ in Department _____ at _____ a.m./p.m. why sanctions, monetary or otherwise, should not be imposed for failure to file a timely Case Management Statement or for Failure to Serve the Complaint within 60 days. Plaintiff's counsel shall file proof of personal service of this OSC on all parties before the hearing.

14. ☐ Counsel for _____ shall pay $250 within 3 court days or appear for a hearing on an Order to Show Cause on _____ in Department _____ at _____ a.m./p.m. why sanctions, monetary or otherwise, should not be imposed for Failure to Appear at this Case Management Conference. Plaintiff's counsel shall file proof of personal service of this OSC on all parties before the hearing.

15. ☐ Any non-compliance with any of these orders will subject the non-complying party and/or attorney to sanctions.

16. ☐ The Court, after conducting the OSC hearing previously set for this date re sanctions, including dismissal of the entire case for repeated failures to appear, to pay sanctions, file a final judgment or to effect service on the defendants, hereby dismisses the case in its entirety.

17. ☐ Plaintiff attorney will serve a copy of this order on all other parties.

18. ☐ Other orders:

Dated: _____07/13/2021_____

_____
Honorable Timothy J Staffel
Judge of the Superior Court

SC-2010 [Rev. 2/5/2015]     **CASE MANAGEMENT CONFERENCE ORDER**     Cal. Rules of Court, Rules 3.728, 3.894
Local Rule 1102(f)

48            Exhibit 1

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
9/9/2021 12:15 PM
By: Miroslava Pena-Bautista, Deputy

1  ERIN E. HOLBROOK, Chief Counsel
   G. MICHAEL HARRINGTON, Deputy Chief Counsel
2  ARDINE ZAZZERON, Assistant Chief Counsel
   CATHERINE TAKAYAMA, Deputy Attorney (SBN 303690)
3  Caltrans Legal Division – Bay Area Office
   111 Grand Avenue, Suite 11-100, Oakland, CA 94612
4  **Mail:  P.O. BOX 24325, OAKLAND, CA 94623-1325**
   Telephone: (510) 433-9100, Facsimile: (510) 433-9167
5
6  Attorneys for Defendant STATE OF CALIFORNIA,
   acting by and through the DEPARTMENT OF TRANSPORTATION
                                          NO FEE PURSUANT TO GOV'T CODE § 6103
7
          SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
              FOR THE COUNTY OF SANTA BARBARA
9

10  MONICA ARAIZA, and IFRAIN ARAIZA,      Case No.  21CV01049
11               Plaintiffs,              **DECLARATION OF CATHERINE
                                          TAKAYAMA IN SUPPORT OF
12  vs.                                   DEFENDANT STATE OF CALIFORNIA'S
                                          DEMURRER TO PLAINTIFFS' FIRST
13  THE STATE OF CALIFORNIA, and DOES     AMENDED COMPLAINT (Code of Civ. Pro.
14  1 TO 100, INCLUSIVE,                  § 435.5)

15               Defendants.             Date:   October 20, 2021
                                          Time:   08:30 a.m.
16                                        Dept.:  SM3

17                                        ASSIGNED FOR ALL PURPOSES TO HON.
                                          TIMOTHY STAFFEL
18
                                          [Filed concurrently with Motion to Strike
19                                        Plaintiffs' First Amended Complaint]

20                                        Action Filed: March 12, 2021
                                          Trial Date:  None set
21

22       I, CATHERINE TAKAYAMA, declare as follows:

23       1.     I am an attorney at law, employed by the State of California, Department of
24  Transportation (Caltrans).  I am licensed to practice in all courts of law in the State of California.
25  I have personal knowledge of the facts set forth in this declaration and if called as a witness could
26  and would testify as set forth herein.
27       2.     On July 29, 2021, I called Plaintiffs' counsel, Isaac Toveg to discuss various
28  defects in the First Amended Complaint, including why the pleading is subject to a demurrer. We

                                          1
           DECLARATION OF CATHERINE TAKAYAMA IN SUPPORT OF DEFENDANT STATE OF CALIFORNIA'S
                        DEMURRER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

1   did not complete our discussion on this date and Plaintiffs granted Caltrans a two-week extension

2   so that we could further meet and confer.  We scheduled to meet and confer again on August 3,

3   2021, at 2:00 p.m.

4       3.      On August 3, 2021, I called Plaintiffs' counsel at our scheduled meeting time,

5   but counsel was unavailable.  Plaintiffs' counsel returned my call a few hours later, but I was

6   unavailable at that time.

7       4.      On August 12, 2021, I called Plaintiffs' counsel, but no one was available to

8   answer the phone.

9       5.      On August 13, 2021, I called Plaintiffs' counsel and left a message requesting a

10  return phone call.  I also emailed counsel regarding my efforts to reach him.

11      6.      On August 13, 2021, Plaintiffs' counsel sent an email requesting I call him on

12  Monday, August 16, 2021.

13      7.      On August 16, 2021, I called Plaintiffs' counsel two times and left voicemails

14  requesting a return phone call.  I emailed Plaintiffs' counsel informing him I would be moving

15  forward with the demurrer and motion to strike.

16      8.      On August 16, 2021, I received a phone call from Plaintiffs' counsel at 8:30 p.m.

17  I was unavailable to take his call outside of normal business hours.  Plaintiffs' counsel sent an

18  email stating that he was out of town due to an emergency.

19      9.      On August 18, 2021, Plaintiffs' counsel and I exchanged emails to schedule one

20  last attempt to meet and confer.  We scheduled a meeting for August 19, 2021.  Plaintiffs'

21  counsel agreed to a two-week extension until September 7, 2021, for Caltrans to file its

22  responsive pleading.

23      10.    On August 19, 2021, counsel for Caltrans spoke telephonically with counsel for

24  Plaintiffs, further explaining Caltrans' position regarding the portions of the First Amended

25  Complaint subject to a demurrer.  The parties met and conferred in good faith but were unable

26  to reach an agreement resolving the objections raised by the demurrer.

27  ///

28  ///

<div align="center">2</div>

<div align="center">DECLARATION OF CATHERINE TAKAYAMA IN SUPPORT OF DEFENDANT STATE OF CALIFORNIA'S
MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT</div>

1         I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.

3

4         Executed this 7th day of September, 2021 in Irvine, California.

5

6                                     _____

7                                     Catherine Takayama – Declarant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        3

**DECLARATION OF CATHERINE TAKAYAMA IN SUPPORT OF DEFENDANT STATE OF CALIFORNIA'S
MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

**Case Name:** *Monica Araiza v. State of California, et al.*
**Case No.:**   <u>Santa Barbara County Superior Court Case No. 21CV01049</u>

<u>**PROOF OF SERVICE**</u>

I, the undersigned, say:  I am, and was at all times herein mentioned, employed in the City of Oakland, and County of Alameda, over the age of 18 years and not a party to the within action or proceedings; that my business address is 111 Grand Avenue, Suite 11-100, Oakland, California 94612; Mail: P.O. Box 24325, Oakland, CA 94623-1325; that on the date set forth below, I served the within:

**DECLARATION OF CATHERINE TAKAYAMA IN SUPPORT OF
DEFENDANT STATE OF CALIFORNIA'S DEMURRER ON
PLAINTIFF'S FIRST AMENDED COMPLAINT**

on all interested parties in said action by:

___   (**MAIL**) By placing a true copy thereof enclosed in a sealed envelope for each person(s) named below, addressed as set forth immediately below the respective name(s), with postage thereon fully prepaid as first-class mail.  I deposited the same in a mailing facility regularly maintained by the United States Post Office for the mailing of letter(s) at my above-stated place of business.

<u>**X**</u>   (**BY ELECTRONIC-MAIL ONLY**) by attaching a copy of the document(s) in PDF format sent to the email addresses of the parties listed below, pursuant to stipulation. No hard copies will follow.

___   (**FACSIMILE TRANSMITTAL**) By faxing a true copy thereof as indicating by the address(es), and facsimile telephone number(s) for each person(s) named below as set forth immediately below the respective name(s) pursuant to this Proof of Service.

___   (**OVERNIGHT DELIVERY**) By placing a true copy thereof, enclosed in a sealed envelope, to be delivered by the express mail carrier, to the address(es) shown below.

| | |
|---|---|
| Isaac Toveg, Esq.<br>Law Offices of Isaac Toveg<br>2600 W. Olive Ave., 5th Floor<br>Burbank, CA 91505<br>**isaactoveg@aol.com**<br><br>*Attorney for Plaintiff, Monica Araiza* | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 7, 2021 at San Francisco, California.

*[signature]*

CORAZON PILARE, Declarant

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, CA 94612
Mail: P.O. Box 24325, Oakland, CA 94623-1325
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

1

<u>PROOF OF SERVICE</u>

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
9/9/2021 12:15 PM
By: Miroslava Pena-Bautista, Deputy

1   ERIN E. HOLBROOK, Chief Counsel
    G. MICHAEL HARRINGTON, Deputy Chief Counsel
2   ARDINE ZAZZERON, Assistant Chief Counsel
    CATHERINE TAKAYAMA, Deputy Attorney (SBN 303690)
3   Caltrans Legal Division – Bay Area Office
    111 Grand Avenue, Suite 11-100, Oakland, CA 94612
4   **Mail:  P.O. BOX 24325, OAKLAND, CA 94623-1325**
    Telephone: (510) 433-9100, Facsimile: (510) 433-9167
5
    Attorneys for Defendant STATE OF CALIFORNIA,
6   acting by and through the DEPARTMENT OF TRANSPORTATION

                                        NO FEE PURSUANT TO GOV'T CODE § 6103
7           SUPERIOR COURT OF THE STATE OF CALIFORNIA

8               FOR THE COUNTY OF SANTA BARBARA

9

10  MONICA ARAIZA, and IFRAIN ARAIZA,    Case No.  21CV01049

11              Plaintiffs,              **MEMORANDUM OF POINTS AND**
                                         **AUTHORITIES IN SUPPORT OF**
12  vs.                                  **DEFENDANT STATE OF CALIFORNIA'S**
                                         **MOTION TO STRIKE PLAINTIFFS' FIRST**
13  THE STATE OF CALIFORNIA, and DOES    **AMENDED COMPLAINT (Code of Civ. Pro.**
14  1 TO 100, INCLUSIVE,                 **§§ 435-437.)**

15                                       Date:    October 20, 2021
                                         Time:    08:30 a.m.
16              Defendants.              Dept.:   SM3

17                                       ASSIGNED FOR ALL PURPOSES TO HON.
                                         TIMOTHY STAFFEL
18
                                         [Filed concurrently with Demurrer to Plaintiffs'
19                                       First Amended Complaint]

20                                       Action Filed: March 12, 2021
                                         Trial Date:  None set
21

22          Defendant the State of California, by and through the Department of Transportation

23  (Caltrans) submits the following memorandum of points and authorities in support of its Motion

24  to Strike Plaintiffs' First Amended Complaint.

25  **I.      INTRODUCTION**

26          This lawsuit arises out of a motor vehicle accident that occurred on February 14, 2020.  A

27  vehicle traveling on northbound State Route 1, crossed over "the median line and collided with"

28  the vehicle in which Plaintiffs' decedent, Selena Araiza, was a passenger traveling southbound on

                                         1
    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STATE OF CALIFORNIA'S**
    **MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

State Route 1.  (Plaintiffs' First Amended Complaint, ¶ 6.)  Portions of the Plaintiffs' First Amended Complaint should be stricken as improper and irrelevant.

## II.   ALLEGATIONS SUBJECT TO THE MOTION TO STRIKE

The State seeks an order striking the following allegations of the First Amended Complaint:

| Paragraph | Lines | Words/Phrases |
|---|---|---|
| 17 | 3-4 | 815.2(a), 815.6, 820(a) |
| 24 | 5-6 | 815.2(a), 815.6, 820(a), 840.2. |

## III.   STANDARD FOR MOTION TO STRIKE

Code of Civil Procedure section 436, provides in pertinent part:

The court may, upon a motion made pursuant to section 435, or at any time in its discretion, and upon terms it deems proper;

(a) Strike out any irrelevant, false or improper matters asserted in any pleadings.

The grounds for moving to strike must appear on the face of the pleading or by way of judicial notice.  (Code Civ. Proc., § 437.)  "Motion to strike may be used to attack an entire pleading, such as a complaint, and various subparts of a pleading, such as a cause of action or pleaded count, as well as component paragraphs, words or phrases."  (*Okorie v. Los Angeles Unified School Dist.* (2017) 14 Cal.App.5th 574, 589.)

## IV.   ARGUMENT

### A.  The Court should strike Plaintiffs' references to improper and irrelevant statutes under a dangerous condition cause of action.

A Motion to Strike may properly be directed against the entire pleading or any part of it.  (Code of Civ. Pro. § 435, subd. (b)(1).)  The court may "strike out any irrelevant, false, or improper matter inserted in any pleading."  (Code of Civ. Pro. § 436, subd. (a).)  The California Supreme Court has made clear that Government Code section 835 establishes the exclusive conditions under which a public entity is liable for injuries caused by a dangerous condition of public property.  (*Zelig v. County of Los Angeles* (2002) 27 Cal. 4th 1112; *Brown v. Poway*

2

1   *Unified Sch. Dist.* (1993), 4 Cal. 4th 820, 829.)  In the first cause of action, Plaintiffs allege

2   Defendant is liable for a dangerous condition of public property under Government Code section

3   835, but also lists government code sections 815(a), 815.2(a), 815.6, 820(a), and 840.2.  (First

4   Amended Complaint, ¶¶ 17, 24.)  Government Code sections 815.2(a), 815.6, 820(a), and 840.2

5   are not proper or relevant under a dangerous condition cause of action and should be stricken.

### i.   Reference to Government Code Section 815.2 is not proper nor relevant under a dangerous condition cause of action.

8   Government Code section 815.2(a) provides that "[a] public entity is liable for injury

9   proximately caused by an act or omission of an employee of the public entity within the scope of

10  his employment if the act or omission would, apart from this section, have given rise to a cause of

11  action against that employee or his personal representative."  Public entity liability for property

12  defects is not governed by the general rule of vicarious liability provided in section 815.2, but

13  rather by the provisions in sections 830 to 835.4 of the Government Code.  (*Van Kempen v.*

14  *Hayward Area Park etc. Dist.* (1972) 23 Cal.App.3d 822, 825.)  To impose liability under

15  respondeat superior on a public entity, the employee must have breached a duty of care owed to

16  the plaintiff.  (*Zelig, supra,* 27 Cal. 4th at 1131.)  When there is no showing that a public

17  employee engaged in conduct that would render the employee liable to plaintiff, however, there is

18  no basis for imposing vicarious liability on a public entity.  (*Ibid.*)  The FAC does not include any

19  facts imposing a duty of care owed to Plaintiffs or any facts concerning any public employee's

20  conduct that led to Plaintiffs' injuries.  As such, reference to Government Code section 815.2 is

21  improper and irrelevant and should be stricken from the first cause of action for dangerous

22  condition of public property.

### ii.  Reference to Government Code Section 815.6 is not proper nor relevant under a dangerous condition cause of action.

24  Government Code section 815.4 provides that [a] public entity is liable for injury

25  proximately caused by a tortious act or omission of an independent contractor of the public entity

26  to the same extent that the public entity would be subject to such liability if it were a private

27  person.  As discussed above, public entity liability for property defects is not governed by the

28  

---

3

1   general rule of vicarious liability. (*Van Kempen, supra,* 23 Cal.App.3d at 825.)  Claims based on

2   alleged independent contractor liability must be pleaded with specificity including allegations of

3   what actions were proximately caused by a tortious act or omission of the independent contractor.

4   (*Ibid*; *McCarty v. State of California, Dept. of Transp.* (2008) 164 Cal.App.4th 955, 977.)  The

5   FAC does not allege with specificity, what, if any acts or omissions were committed by an

6   independent contractor that led to Plaintiffs' injuries.  Plaintiffs fail to establish liability under

7   Government Code section 815.4.  As such, reference to Government Code section 815.4 is

8   improper and irrelevant and should be stricken from the first cause of action.

9           **iii.  Reference to Government Code Section 815.6 is not proper nor relevant**

10              **under a dangerous condition cause of action.**

11       Plaintiffs improperly allege Government Code section 815.6 in their first cause of action

12  for dangerous condition.  Government Code section 815.6 provides:

13         Where a public entity is under a mandatory duty imposed by an enactment that is
           designed to protect against the risk of a particular kind of injury, the public entity

14         is liable for an injury of that kind proximately caused by its failure to discharge
           the duty unless the public entity establishes that it exercised reasonable diligence

15         to discharge the duty. (Gov't Code § § 815.6.)

16       When Government Code section 815.6 is alleged, every fact essential to the existence of

17  statutory liability should be pleaded with particularity, including the statute claimed to establish

18  the duty.  (*Searcy v. Hemet Unified School Dist.* (1986) 177 Cal.App.3d 792, 802.)  "Duty cannot

19  be alleged simply by stating 'defendant had a duty under the law'; that is a conclusion of law, not

20  an allegation of fact."  (*Ibid.*)  Also, "duty" under Government Code section 815.6 does not

21  encompass the exercise of discretion in carrying out statutory functions.  (See, *Creason v. Dep't of*

22  *Health Servs.* (1998) 18 Cal. 4th 623, 635.)  Here, Plaintiffs cite no enactment imposing a

23  mandatory duty upon the State on the facts at hand.  As such, reference to Government Code

24  section 815.6 is improper and irrelevant and should be stricken from the first cause of action.

25          **iv.  Reference to Government Code Section 840.2 is not proper nor relevant**

26              **under a dangerous condition cause of action.**

27       Government Code section 840.2 describes instances in which an employee of a public

28  entity is liable for injury caused by a dangerous condition of public property.  Plaintiffs fail to

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STATE OF CALIFORNIA'S
MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

Exhibit 1

1  allege, what, if any acts or omissions were committed by an employee that led to Plaintiffs'
2  injuries, only a conclusory allegation that the State is liable under Government Code section
3  840.2.  Moreover, Defendant is the public entity employer, not the employee.  As such, this
4  section does not apply to Moving Defendant, Caltrans.  Thus, the reference to section 840.2 is
5  irrelevant and improper, and should be stricken from the first cause of action for dangerous
6  condition of public property.

7                          **V.     CONCLUSION**

8          Based on the foregoing, the State respectfully requests that the Court grant Defendant's
9  Motion to Strike Plaintiffs' First Amended Complaint.

10

11  Dated:  September 7, 2021                    ERIN E. HOLBROOK
                                                G. MICHAEL HARRINGTON
12                                              ARDINE ZAZZERON
                                                CATHERINE TAKAYAMA
13

14                                              By _____
                                                Attorneys for Defendant
15                                              STATE OF CALIFORNIA, acting by and
                                                through the Department of Transportation
16

17

18

19

20

21

22

23

24

25

26

27

28
                                             5
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STATE OF CALIFORNIA'S
MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT

57                                                    Exhibit 1

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, CA 94612
Mail: P.O. Box 24325, Oakland, CA 94623-1325
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

1  **Case Name:**  *Monica Araiza v. State of California, et al.*
   **Case No.:**  <u>Santa Barbara County Superior Court Case No. 21CV01049</u>

2

3                        <u>**PROOF OF SERVICE**</u>

4        I, the undersigned, say:  I am, and was at all times herein mentioned, employed in the City of
   Oakland, and County of Alameda, over the age of 18 years and not a party to the within action or

5  proceedings; that my business address is 111 Grand Avenue, Suite 11-100, Oakland, California
   94612; Mail: P.O. Box 24325, Oakland, CA 94623-1325; that on the date set forth below, I served

6  the within:

7        **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
       DEFENDANT STATE OF CALIFORNIA'S MOTION TO STRIKE PLAINTIFF'S
8                       FIRST AMENDED COMPLAINT**

9  on all interested parties in said action by:

   __     **(MAIL)** By placing a true copy thereof enclosed in a sealed envelope for each person(s)
10         named below, addressed as set forth immediately below the respective name(s), with postage
           thereon fully prepaid as first-class mail.  I deposited the same in a mailing facility regularly
11         maintained by the United States Post Office for the mailing of letter(s) at my above-stated
           place of business.

12  <u>**X**</u>   **(BY ELECTRONIC-MAIL ONLY)** by attaching a copy of the document(s) in PDF
           format sent to the email addresses of the parties listed below, pursuant to stipulation.
13         No hard copies will follow.

14  __     **(FACSIMILE TRANSMITTAL)** By faxing a true copy thereof as indicating by the
           address(es), and facsimile telephone number(s) for each person(s) named below as set forth
15         immediately below the respective name(s) pursuant to this Proof of Service.

16  __     **(OVERNIGHT DELIVERY)** By placing a true copy thereof, enclosed in a sealed envelope,
           to be delivered by the express mail carrier, to the address(es) shown below.
17

18

19  Isaac Toveg, Esq.
   Law Offices of Isaac Toveg
20  2600 W. Olive Ave., 5th Floor
   Burbank, CA 91505
21  **<u>isaactoveg@aol.com</u>**

22  *Attorney for Plaintiff, Monica Araiza*

23        I declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct.
24

25        Executed on September 7, 2021 at San Francisco, California.

26

27                          CORAZON PILARE, Declarant

28

                                    1
                            PROOF OF SERVICE

1   ERIN E. HOLBROOK, Chief Counsel
    G. MICHAEL HARRINGTON, Deputy Chief Counsel
2   ARDINE ZAZZERON, Assistant Chief Counsel
    CATHERINE TAKAYAMA (SBN 303690)
3   California Department of Transportation - Legal Division
    111 Grand Avenue, Suite 11-100, Oakland, CA 94612-3717
4   **Mail:  P.O. BOX 24325, OAKLAND, CA 94623-1325**
    Telephone: (510) 433-9100; Facsimile: (510) 433-9167
5
    Attorneys for Defendant STATE OF CALIFORNIA,
6   acting by and through the DEPARTMENT OF TRANSPORTATION
                                        NO FEE PURSUANT TO GOV'T CODE § 6103
7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                  FOR THE COUNTY OF SANTA BARBARA
10
    MONICA ARAIZA, and IFRAIN ARAIZA,    Case No. 21CV01049
11
              Plaintiffs,                **MEMORANDUM OF POINTS AND**
12                                       **AUTHORITIES IN SUPPORT OF**
                                         **DEFENDANT STATE OF CALIFORNIA'S**
    vs.                                  **DEMURRER TO PLAINTIFFS' FIRST**
13                                       **AMENDED COMPLAINT (Code of Civ.**
    THE STATE OF CALIFORNIA, and DOES    **Pro. § 430.10.)**
14  1 TO 100, INCLUSIVE,
                                         Date:    October 20, 2021
15            Defendants.                Time:    08:30 a.m.
                                         Dept.:   SM3
16
                                         ASSIGNED FOR ALL PURPOSES TO HON.
17                                       TIMOTHY STAFFEL
18
                                         [Filed concurrently with Motion to Strike
19                                       Plaintiffs First Amended Complaint]
20                                       Action Filed: March 12, 2021
                                         Trial Date:  None set
21
22
23
24
25
26
27
28
                                   1
──────────────────────────────────────────────

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
9/9/2021 12:15 PM
By: Miroslava Pena-Bautista, Deputy

*(left margin, rotated)* CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION / 111 Grand Avenue, Suite 11-100, Oakland, California 94612 / Mail: P.O. Box 24325, Oakland, CA 94623-1325 / Telephone: (510) 433-9100, Facsimile: (510) 433-9167

# I.   INTRODUCTION

Defendant State of California, by and through the Department of Transportation ("Caltrans") generally demurs to the First Amended Complaint filed by Plaintiffs Monica Araiza and Ifrain Araiza ("Plaintiffs").  This lawsuit arises out of a motor vehicle accident that occurred on February 14, 2020.  A vehicle driven by Michael Asunsion Hanson, traveling on northbound State Route 1, crossed over "the median line and collided with" the vehicle in which Plaintiffs' decedent, Selena Araiza, was a passenger traveling southbound on State Route 1. (Plaintiffs' First Amended Complaint, ¶ 6.)  Plaintiffs allege three causes of action: Dangerous Condition of Public Property against the State of California and DOES 1 – 100 (First Cause of Action), General Negligence against DOES 1-100 (Second Cause of Action), and Wrongful Death against the State of California and DOES 1-100 (Third Cause of Action).

# II.   STANDARD FOR A DEMURRER

A complaint must "set forth the essential facts of [plaintiff's] case with reasonable precision and with particularity sufficient to acquaint a defendant with the nature, source and extent of his cause of action." (*Doheny Park Terrace Homeowners Ass'n, Inc. v. Truck Ins. Exchange* (2005) 132 Cal.App.4th 1076, 1099.)  "[P]leading conclusions of law does not fulfill this requirement." (*Id.*, at 1098-99.)  The pleading must give "notice of the issues sufficient to enable preparation of a defense." (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 549-50; *see, Susman v. City of Los Angeles* (1969) 269 Cal.App.2d 803, 809; *see also, Brenner v. City of El Cajon* (2003) 113 Cal.App.4th 434, 439 [statutory causes of action must be pleaded with particularity].).

A demurrer lies where the court lacks jurisdiction of the subject of the cause of action, where the pleading does not state facts sufficient to constitute a cause of action, and where the pleading is uncertain. (Code Civ. Pro. §430.10.)  It is used to challenge defects appearing on the face of the pleading or from matters appearing through judicial notice. (*see generally, Ion Equip. Corp. v. Nelson* (1980) 110 Cal.App.3d 868 (purpose and use of demurrers); Code Civ. Pro., §§ 430.30 and 430.70; *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 459.)

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, California 94612
Mail: P.O. Box 24525, Oakland, CA 94623-1525
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

2

1    "A general demurrer searches the complaint or the particular count to which it is directed, for

2    any and every failure to state a material fact.  In other words, the absence of any allegation essential

3    to the cause of action makes the complaint vulnerable to a general demurrer."  (*Banerian v.*

4    *O'Malley* (1974) 42 Cal.App.3d 604, 610.)

5         A demurrer is also appropriate where the pleading is uncertain.  (Code Civ. Proc., §

6    430.10(f).)  A demurrer for uncertainty is sustained when defendant cannot reasonably respond

7    because it cannot determine what issues or claims are directed against defendant.  (*Khoury v. Maly's*

8    *of California, Inc.* (1993) 14 Cal. App. 4th 612, 616.)

9                        **III.    ARGUMENT**

10   **A.  Caltrans' special demurrer should be sustained because the first cause of action is**
         **uncertain and ambiguous as to which State department is being sued.**

11
         The First Amended Complaint is uncertain and ambiguous as to which State department is

12   being sued and appears to join a party which is not a proper party to the cause of action for

13   dangerous condition of public property.  Reading the allegations of the First Amended Complaint

14   and the first cause of action, it is apparent that Plaintiffs are asserting that the State of California by

15   and through the Department of Transportation ("Caltrans"), *and* the State of California by and

16   through the Department of Corrections is responsible in some manner for the dangerous condition of

17   public property at the subject accident location.  Plaintiffs allege "defendant State of CALIFORNIA

18   (the State) and does 1 to 100 was and is a public entity authorized to conduct business, including

19   supervising and administering roads, roadways, traffic conditions, intersections, intersection controls

20   and all other highway and roadway issues within the State of California. This includes, but is not

21   limited to, control of the State Route 1 Road approximately 0.5 miles south of Santa Rosa Road."

22   Plaintiffs go on to allege Michael Asunsion Hanson, the driver of the vehicle which collided with

23   decedent Selena Araiza's vehicle, was employed by the Department of Corrections and was acting

24   within in the course and scope of his employment at the time of the collision.  (Plaintiffs' First

25   Amended Complaint, ¶ 17.)

26       It is well established that State departments are separate and distinct entities.  (*see People v.*

27   *Superior Court (Barrett )* (2000) 80 Cal.App.4th 1305, 1309; *Lockyer v. Superior Court* (2004) 122

28   Cal. App. 4th 1060, 1078.)  Each agency or department of the state is established as a separate entity,

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, California 94612
Mail: P.O. Box 24625, Oakland, CA 94623-1325
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

3

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, California 94612
Mail: P.O. Box 044525, Oakland, CA 94623-1325
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

1  under various state laws or constitutional provisions.  (see i.e. Bus. & Prof.Code, § 100 [establishing

2  Dept. Consumer Affairs]; Cal. Const., art. VII, § 2 [establishing State Personnel Bd].)  Therefore, it

3  is incumbent upon the Plaintiffs to plead a cause of action against Caltrans or the Department of

4  Corrections, or both and not simply the "State of California."  The dangerous condition cause of

5  action is properly pled as to Caltrans only as Caltrans is vested with "full possession and control" of

6  the State's freeways and highways. (Sts & Hwy Code § 90.)  There are no separate causes of actions

7  against the Department of Corrections.  The Caltrans Legal Division is only authorized to represent

8  Caltrans in litigation.  If the Department of Corrections is a party defendant, it will have to appear

9  separately through its own counsel.  In the course of this litigation, disputes may arise if Plaintiffs

10  seek discovery against the State of California and then expect Caltrans to obtain documents from the

11  Department of Corrections or other departments when Caltrans has no control over documents from

12  other nonparty departments.  Plaintiffs should be required to amend their pleadings to alleviate the

13  uncertainty and ambiguity when they name "the State of California" as the only defendant, but then

14  assert that actions of its various departments form the basis of the dangerous condition cause of

15  action.  It is appropriate to clarify that uncertainty at the pleading stage and is easily accomplished by

16  naming the proper party defendant and/or allege separate causes of action against each, if any viable

17  ones exist.  Thus, the demurrer to the first cause of action should be sustained.

18  **B.  Caltrans' general demurrer should be sustained because the Second and Third Causes of Action fail to allege causes of action against Caltrans.**

19
20  **1.  The Second Cause of Action is subject to a demurrer because it fails to state a statutory basis for liability against Caltrans.**

21  Tort liability for public entities in California are governed by the California Tort Claims Act

22  (Gov. Code, § 810, *et seq.*).  "A public entity is not liable for an injury, whether such injury arises

23  out of an act or omission of the public entity or a public employee or any other person" except as

24  otherwise provided by statute. (Gov. Code, § 815(a).)  The enactment of Government Code section

25  815 as part of the California Tort Claims Act abolished all common law tort liability for public

26  entities and limited such liability to that specifically imposed by statute. (Gov. Code, § 815 and

27  Legislative Comm. Comment thereto; see also, *Tolan v. State of California ex rel. Dept. of*

28  *Transportation* (1979) 100 Cal.App.3d 980, 986.)  "Thus, the intent of the act is not to expand the

4

1    rights of plaintiffs in suits against governmental entities, but to confine potential governmental

2    liability to rigidly delineated circumstances." (*Williams v. Horvath* (1976) 16 Cal.3d 834, 838.)

3          For example, in *Hilts v. County of Solano* (1968) 265 Cal.App.2d 161, the court held that

4    giving instructions on both negligence and statutory liability of a public entity under the Government

5    Code for a dangerous condition of public property was error because the liability of the public entity

6    cannot rest on a theory of common law negligence. (*Hilts v. County of Solano* (1968) 265

7    Cal.App.2d 161, 169-170.) Since Government Code Section 815 provides that a public entity cannot

8    be liable on the theory of common law negligence, a verdict against a public entity must be

9    overturned if it is erroneously based on such a theory. (*Id.* at p. 171.)

10         Here, Plaintiffs' Second Cause of Action alleges general negligence against "DOES 1 - 100

11   inclusive." Plaintiffs' allege the "installation, maintenance, repair, operation, monitoring and/or

12   control of State Route 1 were done negligently, inadequately and improperly and created a hazard,

13   trap and dangerous condition." (Plaintiffs' First Amended Complaint, ¶ 27.) Clearly, the allegations

14   in the Second Cause of Action relate to the condition of the roadway, whereby Caltrans would be the

15   proper defendant. Plaintiffs' have alleged a dangerous condition cause of action against the State in

16   their First Cause of Action. Plaintiffs' cannot disregard the requirements of Government Code

17   section 815 by alleging common law negligence against "DOE" defendants.

18         Any liability against a public entity must be based on statute, but the Second Cause of Action

19   fails to allege a statutory basis for tort liability against Caltrans. As a public entity, Caltrans is not

20   liable for general negligence. Accordingly, Defendants' demurrer to the Second Cause of Action

21   should be sustained without leave to amend.

22   **2. The Third Cause of Action is subject to a demurrer because it fails to state a statutory basis for liability against Caltrans.**

23         As discussed supra, a public entity cannot be liable for common law theories of liability. Here,

24   Plaintiffs' Third Cause of Action for wrongful death fails to allege a statutory basis for liability and is

25   barred as a matter of law. Therefore, Defendant's demurrer to the Third Cause of Action should be

26   sustained without leave to amend.

27   ///

28   ///

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, California 94612
Mail: P.O. Box 24625, Oakland, CA 94623-1625
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

5

### III.   CONCLUSION

Based on the foregoing, Caltrans respectfully requests Defendant's demurrer be sustained with leave to amend as to the First Cause of action.  Defendant further requests Caltrans' demurrer be sustained without leave to amend as to the Second and Third Causes of Actions because Plaintiffs have not alleged a specific statute imparting liability upon Caltrans and therefore this Court should sustain this Demurrer without leave to amend.  *(Lawrence v. Bank of America* (1985) 163 Cal.App.3d 431, 436 ("Leave to amend should be denied where the facts are not in dispute and the nature of the claim is clear, but no liability exists under substantive law").)

Dated: September 7, 2021

ERIN E. HOLBROOK
G. MICHAEL HARRINGTON
ARDINE ZAZZERON
CATHERINE TAKAYAMA

By_____
Attorneys for Defendant
STATE OF CALIFORNIA, acting by and
through the Department of Transportation

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, California 94612
Mail: P.O. Box 24325, Oakland, CA 94623-1325
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

6

**Case Name:** *Monica Araiza v. State of California, et al.*
**Case No.:**   <u>Santa Barbara County Superior Court Case No. 21CV01049</u>

<div align="center">

**PROOF OF SERVICE**

</div>

    I, the undersigned, say:  I am, and was at all times herein mentioned, employed in the City of Oakland, and County of Alameda, over the age of 18 years and not a party to the within action or proceedings; that my business address is 111 Grand Avenue, Suite 11-100, Oakland, California 94612; Mail: P.O. Box 24325, Oakland, CA 94623-1325; that on the date set forth below, I served the within:

<div align="center">

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STATE OF CALIFORNIA'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

</div>

on all interested parties in said action by:

____   **(MAIL)** By placing a true copy thereof enclosed in a sealed envelope for each person(s) named below, addressed as set forth immediately below the respective name(s), with postage thereon fully prepaid as first-class mail.  I deposited the same in a mailing facility regularly maintained by the United States Post Office for the mailing of letter(s) at my above-stated place of business.

<u>**X**</u>   **(BY ELECTRONIC-MAIL ONLY)** by attaching a copy of the document(s) in PDF format sent to the email addresses of the parties listed below, pursuant to stipulation. No hard copies will follow.

____   **(FACSIMILE TRANSMITTAL)** By faxing a true copy thereof as indicating by the address(es), and facsimile telephone number(s) for each person(s) named below as set forth immediately below the respective name(s) pursuant to this Proof of Service.

____   **(OVERNIGHT DELIVERY)** By placing a true copy thereof, enclosed in a sealed envelope, to be delivered by the express mail carrier, to the address(es) shown below.

| | |
|---|---|
| Isaac Toveg, Esq.<br>Law Offices of Isaac Toveg<br>2600 W. Olive Ave., 5th Floor<br>Burbank, CA 91505<br><u>**isaactoveg@aol.com**</u><br><br>*Attorney for Plaintiff, Monica Araiza* | |

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on September 7, 2021 at San Francisco, California.

<div align="right">

*[signature]*

CORAZON PILARE, Declarant

</div>

<div align="center">

1

**PROOF OF SERVICE**

</div>

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, CA 94612
Mail: P.O. Box 24325, Oakland, CA 94623-1325
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
9/9/2021 12:15 PM
By: Miroslava Pena-Bautista, Deputy

1   ERIN E. HOLBROOK, Chief Counsel
    G. MICHAEL HARRINGTON, Deputy Chief Counsel
2   ARDINE ZAZZERON, Assistant Chief Counsel
    CATHERINE TAKAYAMA, Deputy Attorney (SBN 303690)
3   Caltrans Legal Division – Bay Area Office
    111 Grand Avenue, Suite 11-100, Oakland, CA 94612
4   **Mail:  P.O. BOX 24325, OAKLAND, CA 94623-1325**
    Telephone: (510) 433-9100, Facsimile: (510) 433-9167
5
    Attorneys for Defendant STATE OF CALIFORNIA,
6   acting by and through the DEPARTMENT OF TRANSPORTATION

                                                                    **NO FEE PURSUANT TO GOV'T CODE § 6103**
7
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                          FOR THE COUNTY OF SANTA BARBARA
9

10   MONICA ARAIZA, and IFRAIN ARAIZA,        Case No.  21CV01049

11                  Plaintiffs,               **NOTICE OF HEARING ON DEMURRER;**
                                              **DEMURRER TO PLAINTIFFS' FIRST**
12   vs.                                      **AMENDED COMPLAINT (Code Civ. Pro.**
                                              **§§430.10; 430.30)**
13
     THE STATE OF CALIFORNIA, and DOES
14   1 TO 100, INCLUSIVE,                      Date:   October 20, 2021
                                               Time:   08:30 a.m.
15                  Defendants.                Dept.:  SM3

16                                             ASSIGNED FOR ALL PURPOSES TO HON.
                                               TIMOTHY STAFFEL
17
                                               [Filed concurrently with Motion to Strike
18                                             Plaintiffs' First Amended Complaint]

19                                             Action Filed: March 12, 2021
                                               Trial Date:  None set
20

21          **TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:**

22          PLEASE TAKE NOTICE that on October 20, 2021, at 08:30 a.m., or as soon thereafter as the

23   matter may be heard in Department SM3 of the above-captioned Court, located at the Santa Barbara

24   County Superior Court, 312-C East Cook Street, Bldg. E, Santa Maria, CA 93454, Defendant State of

25   California, by and through the Department of Transportation (Defendant), will and does demur to the

26   First Amended Complaint filed by Plaintiffs Monica Araiza and Ifrain Araiza (Plaintiffs).  Defendant

27   specially demurs to the First Cause of Action for Dangerous Condition of Public Property on the

28   ground that it is uncertain.  Defendant generally demurs to the Second Cause of Action for General

CALIFORNIA DEPARTMENT OF TRANSPORTATION – LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, California 94612
Mail: P.O. Box 24325, Oakland, CA 94623-1325
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

1

---

NOTICE OF HEARING ON DEMURRER; DEMURRER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

1  Negligence on the ground that Plaintiffs fail to state facts sufficient to constitute a cause of action.

2  Defendant also generally demurs to the Third Cause of Action for Wrongful Death on the ground that

3  Plaintiffs fail to state facts sufficient to constitute a cause of action.

4      Defendant has complied with the meet and confer requirements of Code of Civil Procedure

5  section 430.41, as set forth in the supporting Declaration of Catherine Takayama, filed herewith.

6      These Demurrers are made pursuant to Code of Civil Procedure sections 430.10 and 430.30,

7  and will be based upon: this Notice and the Demurrer; the Declaration of Catherine Takayama;

8  supporting Memorandum of Points and Authorities; all records presently on file with the Court; any

9  reply Defendant may make; and any argument which may be advanced at the hearing on this

10  Demurrer.

11

12  Dated:  September 7, 2021

    ERIN E. HOLBROOK
    G. MICHAEL HARRINGTON
13      ARDINE ZAZZERON
    CATHERINE TAKAYAMA
14

15      By _____

16      Attorneys for Defendant
    STATE OF CALIFORNIA, acting by and
17      through the Department of Transportation

18

19

20

21

22

23

24

25

26

27

28

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, California 94612
Mail: P.O. Box 24245, Oakland, CA 94623-1325
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

2

NOTICE OF HEARING ON DEMURRER; DEMURRER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Exhibit 1

1

2                    **Demurrer to the First Cause of Action**

3          1.       Special Demurrer: The first cause of action for dangerous condition of public property

4    is uncertain.  (Code Civ. Proc., § 430.10(f))

5                    **Demurrer to the Second Cause of Action**

6          1.       General Demurrer:  The second cause of action for General Negligence fails to state

7    facts sufficient to constitute a cause of action.  (Code Civ. Proc., § 430.10(e); (*Banerian v. O'Malley*

8    (1974) 42 Cal. App. 3d 604, 610–11; *Peterson v. San Francisco Community College Dist.* (1984) 36

9    Cal.3d 799, 809.)

10                   **Demurrer to the Third Cause of Action**

11         1.       General Demurrer: The third cause of action for Wrongful Death fails to state facts

12   sufficient to constitute a cause of action.  (Code Civ. Proc., § 430.10(e); (*Banerian v. O'Malley*

13   (1974) 42 Cal. App. 3d 604, 610–11; *Peterson v. San Francisco Community College Dist.* (1984) 36

14   Cal.3d 799, 809.)

15

16

17   Dated:  September 7, 2021                    ERIN E. HOLBROOK
                                                   G. MICHAEL HARRINGTON
18                                                 ARDINE ZAZZERON
                                                   CATHERINE TAKAYAMA
19

20                                                 By _____
                                                   Attorneys for Defendant
21                                                 STATE OF CALIFORNIA, acting by and
                                                   through the Department of Transportation
22

23

24

25

26

27

28

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, California 94612
Mail: P.O. Box 248325, Oakland, CA 94623-5325
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

                                         3

**NOTICE OF HEARING ON DEMURRER; DEMURRER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

1   **Case Name:**   *Monica Araiza v. State of California, et al.*
    **Case No.:**    <u>Santa Barbara County Superior Court Case No. 21CV01049</u>

2

3                              <u>**PROOF OF SERVICE**</u>

4        I, the undersigned, say:  I am, and was at all times herein mentioned, employed in the City of
     Oakland, and County of Alameda, over the age of 18 years and not a party to the within action or

5   proceedings; that my business address is 111 Grand Avenue, Suite 11-100, Oakland, California
    94612; Mail: P.O. Box 24325, Oakland, CA 94623-1325; that on the date set forth below, I served

6   the within:

7          **NOTICE OF HEARING ON DEMURRER; DEMURRER ON PLAINTIFF'S FIRST
                                  AMENDED COMPLAINT**

8   on all interested parties in said action by:

9   __     **(MAIL)** By placing a true copy thereof enclosed in a sealed envelope for each person(s)
           named below, addressed as set forth immediately below the respective name(s), with postage

10         thereon fully prepaid as first-class mail.  I deposited the same in a mailing facility regularly
           maintained by the United States Post Office for the mailing of letter(s) at my above-stated

11         place of business.

12  <u>X</u>   **(BY ELECTRONIC-MAIL ONLY)** by attaching a copy of the document(s) in PDF
           format sent to the email addresses of the parties listed below, pursuant to stipulation.

13         No hard copies will follow.

14  __     **(FACSIMILE TRANSMITTAL)** By faxing a true copy thereof as indicating by the
           address(es), and facsimile telephone number(s) for each person(s) named below as set forth

15         immediately below the respective name(s) pursuant to this Proof of Service.

16  __     **(OVERNIGHT DELIVERY)** By placing a true copy thereof, enclosed in a sealed envelope,
           to be delivered by the express mail carrier, to the address(es) shown below.

17

18   | Isaac Toveg, Esq. | |
     | Law Offices of Isaac Toveg | |
19   | 2600 W. Olive Ave., 5th Floor | |
     | Burbank, CA 91505 | |
20   | **isaactoveg@aol.com** | |
     | | |
21   | *Attorney for Plaintiff, Monica Araiza* | |

22

23       I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.

24       Executed on September 7, 2021 at San Francisco, California.

25

26                                        _____
                                          CORAZON PILARE, Declarant

27

28

                                              1
                                     **PROOF OF SERVICE**

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, CA 94612
Mail: P.O. Box 24325, Oakland, CA 94623-1325
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
9/9/2021 12:15 PM
By: Miroslava Pena-Bautista, Deputy

1   ERIN E. HOLBROOK, Chief Counsel
    G. MICHAEL HARRINGTON, Deputy Chief Counsel
2   ARDINE ZAZZERON, Assistant Chief Counsel
    CATHERINE TAKAYAMA, Deputy Attorney (SBN 303690)
3   Caltrans Legal Division – Bay Area Office
    111 Grand Avenue, Suite 11-100, Oakland, CA 94612
4   **Mail:  P.O. BOX 24325, OAKLAND, CA 94623-1325**
    Telephone: (510) 433-9100, Facsimile: (510) 433-9167
5
    Attorneys for Defendant STATE OF CALIFORNIA,
6   acting by and through the DEPARTMENT OF TRANSPORTATION
                                            NO FEE PURSUANT TO GOV'T CODE § 6103
7            SUPERIOR COURT OF THE STATE OF CALIFORNIA
8               FOR THE COUNTY OF SANTA BARBARA
9

10
11   MONICA ARAIZA, and IFRAIN ARAIZA,      Case No.  21CV01049
12   Plaintiffs,                            **NOTICE OF HEARING ON MOTION TO
                                            STRIKE; MOTION TO STRIKE
                                            PLAINTIFFS' FIRST AMENDED**
13   vs.                                    **COMPLAINT (Code of Civ. Pro. §§ 435-437.)**
14   THE STATE OF CALIFORNIA, and DOES      Date:   October 20, 2021
     1 TO 100, INCLUSIVE,                   Time:   08:30 a.m.
15                                          Dept.:  SM3
16        Defendants.                       ASSIGNED FOR ALL PURPOSES TO HON.
                                            TIMOTHY STAFFEL
17
18                                          [Filed concurrently with Demurrer to Plaintiffs'
                                            First Amended Complaint]
19                                          Action Filed: March 12, 2021
20                                          Trial Date:  None set
21
22
23
24
25
26
27
28
                                    1
             NOTICE OF HEARING ON MOTION TO STRIKE AND
        MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT

1    **TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:**

2         PLEASE TAKE NOTICE that on October 20, 2021 at 08:30 a.m., or as soon thereafter as

3    the matter may be heard in Department SM3 of the above-captioned Court, located at the Santa

4    Barbara County Superior Court, 312-C East Cook Street, Bldg. E, Santa Maria, CA 93454,

5    Defendant State of California, by and through the Department of Transportation (Defendant), will

6    and does move to strike portions of the First Amended Complaint filed by Plaintiffs Monica

7    Araiza and Ifrain Araiza (Plaintiffs).

8         This motion is based upon Code of Civil Procedure sections 435 and 436 (a)-(b) and is

9    supported by this notice, the memorandum of points and authorities, declaration of Catherine

10   Takayama, the pleadings and records contained in the Court file, on matters of which the Court

11   may take judicial notice, and any other oral and documentary evidence presented to the court at

12   the time of the hearing.

13

14   Dated: September 7, 2021                          ERIN E. HOLBROOK
                                                        G. MICHAEL HARRINGTON
15                                                      ARDINE ZAZZERON
                                                        CATHERINE TAKAYAMA
16

17                                                      By _____
                                                        Attorneys for Defendant
18                                                      STATE OF CALIFORNIA, acting by and
                                                        through the Department of Transportation
19

20

21

22

23

24

25

26

27

28

---

                                             2

## MOTION TO STRIKE PLAINTIFFS' COMPLAINT

Defendant State of California, by and through the Department of Transportation, moves to strike the following words/phrases in Plaintiffs' First Amended Complaint:

| Paragraph | Lines | Words/Phrases |
|-----------|-------|---------------|
| 17 | 3-4 | 815.2(a), 815.6, 820(a) |
| 24 | 5-6 | 815.2(a), 815.6, 820(a), 840.2. |

Dated:  September 7, 2021

ERIN E. HOLBROOK
G. MICHAEL HARRINGTON
ARDINE ZAZZERON
CATHERINE TAKAYAMA

By _____
Attorneys for Defendant
STATE OF CALIFORNIA, acting by and
through the Department of Transportation

3

**Case Name:** *Monica Araiza v. State of California, et al.*
**Case No.:** <u>Santa Barbara County Superior Court Case No. 21CV01049</u>

<u>**PROOF OF SERVICE**</u>

I, the undersigned, say: I am, and was at all times herein mentioned, employed in the City of Oakland, and County of Alameda, over the age of 18 years and not a party to the within action or proceedings; that my business address is 111 Grand Avenue, Suite 11-100, Oakland, California 94612; Mail: P.O. Box 24325, Oakland, CA 94623-1325; that on the date set forth below, I served the within:

**NOTICE OF HEARING ON MOTION TO STRIKE; MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT**

on all interested parties in said action by:

___ **(MAIL)** By placing a true copy thereof enclosed in a sealed envelope for each person(s) named below, addressed as set forth immediately below the respective name(s), with postage thereon fully prepaid as first-class mail. I deposited the same in a mailing facility regularly maintained by the United States Post Office for the mailing of letter(s) at my above-stated place of business.

**X** **(BY ELECTRONIC-MAIL ONLY)** by attaching a copy of the document(s) in PDF format sent to the email addresses of the parties listed below, pursuant to stipulation. No hard copies will follow.

___ **(FACSIMILE TRANSMITTAL)** By faxing a true copy thereof as indicating by the address(es), and facsimile telephone number(s) for each person(s) named below as set forth immediately below the respective name(s) pursuant to this Proof of Service.

___ **(OVERNIGHT DELIVERY)** By placing a true copy thereof, enclosed in a sealed envelope, to be delivered by the express mail carrier, to the address(es) shown below.

| | |
|---|---|
| Isaac Toveg, Esq.<br>Law Offices of Isaac Toveg<br>2600 W. Olive Ave., 5th Floor<br>Burbank, CA 91505<br>**isaactoveg@aol.com**<br><br>*Attorney for Plaintiff, Monica Araiza* | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 7, 2021 at San Francisco, California.

<u>CORAZON PILARE, Declarant</u>

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, CA 94612
Mail: P.O. Box 24325, Oakland, CA 94623-1325
Telephone: (510) 433-9100, Facsimile: (510) 433-9157

1
PROOF OF SERVICE

Exhibit 1

1
2
3
4
5

LAW OFFICES OF ISAAC TOVEG
2600 West Olive Avenue, 5th Floor
Burbank, California 91505
Telephone No.: (818) 333-5202
Facsimile No.:  (818) 333-5203
Email: isaactoveg@aol.com
Attorney for: Plaintiff Monica and Ifrain Eriza

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
10/6/2021 4:39 PM
By: Norma Willoughby, Deputy

6

SUPERIOR COURT OF THE STATE OF CALIFORNIA,

7

COUNTY OF SANTA BARBARA

8

9

10

11

12

13

14

15

16

17

18

MONICA ARAIZA AND IFRAIN ARAIZA

        Plaintiffs,

      vs.

THE STATE OF CALIFORNIA  AND DOES

1 TO 100,  INCLUSIVE

  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. 21CV01049**

**PLAINTIFFS  MONICA AND IFRAIN
ARAIZA RESPONSE IN OPPOSITION
TO DEFENDANT 'S MOTION TO
STRIKE PORTIONS  OF PLAINTIFF'S
COMPLAINT ;**
**MEMORANDUM OF POINTS AND
AUTHORITIES [ATTACHED** with
Declaration of Isaac Toveg], Concurrently
filed with Opposition to DEmurrer

DATE: OCTOBER 20, 2021
Time  : 8:30 AM
Dept :  SM3

19

20

21

22

23

24

25

26

27

28

  Plaintiffs  Monica and Ifrain Araiza ("Araiza ")  herein submits its opposition to Defendant

The State of California ("State") Motion to Strike portions to Plaintiff's First Amended

Complaint namely, Paragraph 17, lines 3-4  word phrases 815.2(a), 815.6, 820(a), and paragraph

24 Lines 5-6 word phrases 815.2(a), 815.6, 820(a), 840.2.  However, To the contrary, for the

reasons set forth below, these paragraphs set forth in the complaint are properly plead and

defendants motion to strike should be denied in its entirety and have defendants file and answer

to the complaint within 10 days. Decl of IT #3.

PLEADING TITLE - 1

Exhibit 1

Alternatively, if the court find that one or more of these word/phrases are not properly plead plaintiffs Araiza seek leave of court to amend the complaint to cure any defects as there is no prejudice to the defendant, this case at this stage is still in the early discovery phase where discovery had just commenced, State has not filed an answer, and there has been no deposition scheduled on calendar as of this date. Decl of It #4.

The opposition shall be based on, the attached Memorandum of Points and Authorities, the complete files, records on this action, the Declaration of Isaac Toveg, and on such other oral and or documentary evidence as may be presented at the hearing of the motion.

Dated: Octotber 4, 2021                          _/S/ Isaac Toveg____
                                                 Isaac Toveg, Attorney for Plaintiffs

<div align="center">MEMORANDUM POINTS AND AUTHORITIES</div>

<div align="center">I. <b>STATEMENT OF FACTS</b></div>

This action arises out of a motor vehicle collision that occurred on February 14, 2020 on State Route 1 (speed limit is 55 MPH) where the two lane road merges into one lane as motorist are travelling at high Speed. A vehicle driven by Michael Hanson traveling on Northbound State Route 1 was unable to safely merge into traffic and crossed over the median line and collided with the vehicle in which Plaintiff's decedent, Selena Araiza, was a passenger traveling southbound on State Route 1. Dec. of IT #5.There has been and continues to be substantial amount of traffic collisions that occurred in the same area where this motor vehicle collision occurred due to the merger of the two lanes into one lane at a speed limit of 55Mph. Both Michael Hanson and Selena Araiza died as a result of the collision. Decl of IT # 6. Plaintiff then filed an amended Complaint which included these causes of actions. 1. Dangerous condition of Public Property, 2 Negligence as to Does 1 to 100, and 3. Wrongful death as to defendants

PLEADING TITLE - 2

## II. *Legal Standard*

Pursuant to Code of Civil Procedure, section 436, "the court may, upon a motion made pursuant to Section 435, or at any time in its discretion, and upon terms it deems proper: (a) Strike out any irrelevant, false, or improper matter inserted in any pleading. (b) Strike out all or any part of any pleading not drawn or filed in conformity with the laws of this state, a Court rule, or an order of the court." The grounds for a motion to strike must "appear on the face of the challenged pleading or from any matter of which the court is required to take judicial notice." (Code Civ. Proc., § 437.)

Motions to strike are used to challenge defects in the pleadings not subject to demurrer. (*Ferraro v. Camarlinghi* (2008) 161 Cal.App.4th 509, 529 [recognizing that an objection that the complaint failed to state facts sufficient to constitute a cause of action is ground for a general demurrer, not a motion to strike.].) Any party may move to strike the whole or any part of a pleading within the time allotted to respond to the pleading.

(Code Civ. Proc., § 435, subd. (b)(1).) The allegations of a complaint "must be liberally construed, with a view to substantial justice between the parties." (Code Civ. Proc., § 452.) The court "read[s] allegations of a pleading subject to a motion to strike as a whole, all parts in their context, and assume[s] their truth." (*Clauson v. Sup. Ct.* (1998) 67 Cal.App.4th 1253, 1255.)

Since Plaintiffs Araiza here have pleaded sufficient facts in the Complaint to state a proper claims against Defendant State, The Court should deny the motion to strike. But even if this Court does identify some defect in any of these claims, the Court should grant plaintiff leave to amend to cure it as there is no prejudice to the defendant since this case is in the early discovery stage.

B. . **PLAINTIFF HAS PROPERLY PLED THE PARAGRAPHS AND THE STATUTES AGAINST STATE AND HER MOTION TO STRIKE SHOULD BE DENIED IN ITS ENTIRETY.**

Plaintiff has sufficiently pled cause of actions regarding the above two paragraphs and the statutes associated with them. Defendant argues that these word/phrases are improper and irrelevant statutes under a dangerous condition cause of action. That is untrue as defendant again

PLEADING TITLE - 3

is arguing the truth of the matter asserted in the complaint. Defendant need to do that in her answer which she has not done.  A defect apparent only in connection with additional evidence must be raised by the answer.

Further, The Complaint needs to be read as whole and not in parts/ phrases as all of these statutes are relevant as defendant is attempting to dispute the facts of the Various statutes in the Complaint which is not proper. She needs to do that thru discovery or other means. Defendant is looking for additional evidence as that can be sone thru discovery. The court is to assume that the Plaintiff has pled facts that are assumed all facts are true. Therefore defendant's motion to strike should be denied and defendant needs to file her answer to the Complaint within ten days.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully request that the Court should deny defendant's motion to strike. In the alternative, should this court be inclined to grant any part of said motions, Plaintiffs' request that they amend their Complaint to cure that defect by adding additional facts to their Complaint.

DATED: October 06, 2021        BY:_ /S/ Isaac Toveg_____

ISAAC TOVEG, ATTORNEY FOR Plaintiffs Araiza

PLEADING TITLE - 4

## DECLARATION OF ISAAC TOVEG

I, ISAAC TOVEG, declare:

1. I am an attorney licensed to practice before all the State courts in the State of California. I am the counsel for Plaintiffs Monica and IIfrain in this action. The following is based on my personal knowledge and if called as a witness, I could and would testify competently thereto.

2. I am in support of Plaintiff's Opposition to Defendant's Motion to Strike portions of Plaintiffs' complaint.

3. To the contrary, for the reasons set forth below, the Complaint including paragraphs words/phrases set forth in the complaint are properly plead and defendants motion should be denied and have defendants file and answer to the Complaint within 10 days.

4. Alternatively, if the court find that one or more words/phrases are not properly plead plaintiff seeks leave of court to amend the complaint to cure any defects as there is no prejudice to the defendant, this case at this stage is still in the early discovery phase where discovery had just commenced and there has been no deposition scheduled on calendar as of this date.

5. This action arises out of a motor vehicle collision that occurred on February 14, 2020 on State Route 1 (speed limit is 55 MPH) where the two lane road merges into one lane as motorist are travelling at high Speed. A vehicle driven by Michael Hanson traveling on Northbound State Route 1 was unable to safely merge into traffic and crossed over the median line and collided with the vehicle in which Plaintiff's decedent, Selena Araiza, was a passenger traveling southbound on State Route 1.

6. There has been and continues to be substantial amount of traffic collisions that occurred in the same area where this motor vehicle collision occurred due to the merger of the two lanes into one lane at a speed limit of 55Mph.. Both Michael Hanson and Selena Araiza died as a result of the collision

PLEADING TITLE - 5

1
2
3  Note; An electronic signature is equivalent to a live signature.
4
5  I declare under the penalty of perjury under the laws of the State of California that the foregoing
6  is true and correct and that this declaration was executed on October 6, 2021.
7
8                              /S/ Isaac Toveg
9                              ISAAC TOVEG
10                             Attorney for Plaintiffs Araiza
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
   PLEADING TITLE - 6

## **PROOF OF SERVICE**

I, the undersigned, say:  I am over 18 years of age, employed in the County of Los Angeles, California, in which the within-mentioned service occurred; and that I am not a party to the subject case. My business address is 2600 West Olive Avenue, 5th Floor, Burbank, California 91505.

On October  6, 2021 I served the following document(s):
1.  Plaintiff's response in opposition to Defendants motion to strike
2.  Plaintiffs response in opposition to Defendants Demur

By placing a copy thereof in a separate envelope for each addressee named hereafter and addressed as follows:

       State of Ca. acting by and through the Dept of Transportation
        Attn: Catherine Takayama
        111 Grand Ave., Suite 11-100
        Oakland, CA. 94623-1325


    ( )    BY MAIL.  I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure, §1013a.
    ( )    BY FAX.  A copy of said document(s) were delivered by facsimile transmission to the addressee pursuant to Code of Civil Procedure §1013(e):
    ( x )   BY Email.  I caused said document(s) to be delivered electronically to the addressee pursuant to Code of Civil Procedure §1011.

    I declare under the penalty of perjury, under the laws of the State of California that the foregoing is true and correct.  Executed this  6th day of October, in Burbank, CA 91505.

            /s/Brittany Caudillo_____
            Brittany Caudillo , Declarant

PLEADING TITLE -- 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLEADING TITLE - 8

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Catherine Takayama (SBN 303690)<br>State of California, California Department of Transportation ("Caltrans")<br>111 Grand Avenue, P.O. Box 24325, Oakland, CA 94623-1325<br>TELEPHONE NO.: (510) 433-9100    FAX NO. *(Optional)*: (510) 433-9167<br>E-MAIL ADDRESS *(Optional)*: catherine.takayama@dot.ca.gov<br>ATTORNEY FOR *(Name)*: Defendant State of California | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>10/8/2021 3:05 PM<br>By: Jazmine Killian, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Barbara
STREET ADDRESS: 213-C East Cook Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Maria 93454
BRANCH NAME: Cook Division

PLAINTIFF/PETITIONER: Monica Araiza, et al.

DEFENDANT/RESPONDENT: State of California, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☑ **UNLIMITED CASE** ☐ **LIMITED CASE**<br>(Amount demanded   (Amount demanded is $25,000<br>exceeds $25,000)   or less) | 21CV01049 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: 10/26/21    Time: 08:30 a.m.    Dept.: 3    Div.: Civil    Room:

Address of court *(if different from the address above)*:

☑ **Notice of Intent to Appear by Telephone,** by *(name)*: Catherine Takayama, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☑ This statement is submitted by party *(name)*: State of California, Caltrans
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☑ complaint ☐ cross-complaint *(Describe, including causes of action)*:
      Plaintiff alleges damages from an automobile accident. Plaintiff's three causes of action are Dangerous Condition of Public Property, negligence, and wrongful death.

Page 1 of 5

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|

82

Exhibit 1

CM-110

| PLAINTIFF/PETITIONER: Monica Araiza, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: State of California, et al. | 21CV01049 |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiffs allege damages resulting from an accident that occurred on February 14, 2020.  Decedent Selena Araiza was a passenger in a vehicle that collided with another vehicle on southbound State Route 1, near Santa Rosa Road in Lompoc, Califorina.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request  ☑ a jury trial  ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☑   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☑   days *(specify number):* 5-7
b.   ☐   hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☑ by the attorney or party listed in the caption  ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   E-mail address:
    ☐   Additional representation is described in Attachment 8.
f.   Fax number:
g.   Party represented:

9.  **Preference**
☐   This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☐ has ☑ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.
b.   **Referral to judicial arbitration or civil action mediation** (if available).
(1) ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: Monica Araiza, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: State of California, et al. | 21CV01049 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☑ | ☑ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☑ | ☑ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: Monica Araiza, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: State of California, et al. | 21CV01049 |

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
   (1) Name of case:
   (2) Name of court:
   (3) Case number:
   (4) Status:
   ☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Defendant State of California has filed a demurrer and motion to strike Plaintiffs' First Amended complaint.

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant Caltrans | Written Discovery | Per Statutory Period |
| Defendant Caltrans | Depositions | Per Statutory Period |
| Defendant Caltrans | Document Subpoenas | Per Statutory Period |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110 [Rev. July 1, 2011]                    **CASE MANAGEMENT STATEMENT**                    Page 4 of 5

CM-110

| PLAINTIFF/PETITIONER: | Monica Araiza, et al. | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | State of California, et al. | 21CV01049 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 10/08/21

Catherine Takayama
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]                    **CASE MANAGEMENT STATEMENT**                    Page 5 of 5

86                                          Exhibit 1

**Case Name:** *Monica Araiza v. State of California, et al.*
**Case No.:**   <u>Santa Barbara County Superior Court Case No. 21CV01049</u>

<div align="center">

**PROOF OF SERVICE**

</div>

I, the undersigned, say:  I am, and was at all times herein mentioned, employed in the City of Oakland, and County of Alameda, over the age of 18 years and not a party to the within action or proceedings; that my business address is 111 Grand Avenue, Suite 11-100, Oakland, California 94612; Mail: P.O. Box 24325, Oakland, CA 94623-1325; that on the date set forth below, I served the within:

<div align="center">

**CASE MANAGEMENT STATEMENT**

</div>

on all interested parties in said action by:

___   **(MAIL)** By placing a true copy thereof enclosed in a sealed envelope for each person(s) named below, addressed as set forth immediately below the respective name(s), with postage thereon fully prepaid as first-class mail.  I deposited the same in a mailing facility regularly maintained by the United States Post Office for the mailing of letter(s) at my above-stated place of business.

**X**   **(BY ELECTRONIC-MAIL ONLY)** by attaching a copy of the document(s) in PDF format sent to the email addresses of the parties listed below, pursuant to stipulation. No hard copies will follow.

___   **(FACSIMILE TRANSMITTAL)** By faxing a true copy thereof as indicating by the address(es), and facsimile telephone number(s) for each person(s) named below as set forth immediately below the respective name(s) pursuant to this Proof of Service.

___   **(OVERNIGHT DELIVERY)** By placing a true copy thereof, enclosed in a sealed envelope, to be delivered by the express mail carrier, to the address(es) shown below.

| | |
|---|---|
| Isaac Toveg, Esq.<br>Law Offices of Isaac Toveg<br>2600 W. Olive Ave., 5th Floor<br>Burbank, CA 91505<br>**isaactoveg@aol.com**<br><br>*Attorney for Plaintiff, Monica Araiza* | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 8, 2021 at San Francisco, California.

<div align="right">

*[signature]*
CORAZON PILARE, Declarant

</div>

<div align="center">

1
PROOF OF SERVICE

</div>

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, CA 94612
Mail: P.O. Box 24325, Oakland, CA 94623-1325
Telephone: (510) 439-9100, Facsimile: (510) 439-9167

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
10/8/2021 3:05 PM
By: Jazmine Killian, Deputy

1   ERIN E. HOLBROOK, Chief Counsel
    G. MICHAEL HARRINGTON, Deputy Chief Counsel
2   ARDINE ZAZZERON, Assistant Chief Counsel
    CATHERINE TAKAYAMA, Deputy Attorney (SBN 303690)
3   Caltrans Legal Division – Bay Area Office
    111 Grand Avenue, Suite 11-100, Oakland, CA 94612
4   **Mail: P.O. BOX 24325, OAKLAND, CA 94623-1325**
    Telephone: (510) 433-9100, Facsimile: (510) 433-9167
5
    Attorneys for Defendant STATE OF CALIFORNIA,
6   acting by and through the DEPARTMENT OF TRANSPORTATION
                                                    NO FEE PURSUANT TO GOV'T CODE § 6103
7                SUPERIOR COURT OF THE STATE OF CALIFORNIA
8                   FOR THE COUNTY OF SANTA BARBARA
9
10  MONICA ARAIZA, and IFRAIN ARAIZA,        Case No.  21CV01049
11             Plaintiffs,                   **REPLY TO PLAINTIFFS' OPPOSITION TO
                                             DEFENDANT STATE OF CALIFORNIA'S
12  vs.                                      MOTION TO STRIKE PLAINTIFFS' FIRST
                                             AMENDED COMPLAINT (Code of Civ. Pro.
13  THE STATE OF CALIFORNIA, and DOES        §§ 435-437.)**
14  1 TO 100, INCLUSIVE,
                                             Date:    October 20, 2021
15                                           Time:    08:30 a.m.
                                             Dept.:   SM3
16             Defendants.
                                             ASSIGNED FOR ALL PURPOSES TO HON.
17                                           TIMOTHY STAFFEL
18
                                             Action Filed: March 12, 2021
19                                           Trial Date:  None set
20
        Defendant the State of California, by and through the Department of Transportation
21
    (Caltrans) submits the following Reply to Plaintiffs' opposition to the Motion to Strike Plaintiffs'
22
    First Amended Complaint.
23
                            **I.       ARGUMENT**
24
    **A.  The Court should strike Plaintiffs' references to improper and irrelevant statutes
25       under a dangerous condition cause of action.**
26      Plaintiffs' opposition does not address any of the legal authorities or issues raised in
27  Caltrans' Motion to Strike.  Moreover, Plaintiffs incorrectly assert that Caltrans attacks the facts
28
                                            1

---

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT STATE OF CALIFORNIA'S
MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

1   of the FAC.  In its Motion to Strike, Caltrans asserts that Government Code sections 815.2(a),

2   815.6, 820(a), 840.2 are not proper when a dangerous condition cause of action is alleged.

3   Plaintiffs opposition offers no reasons for denying Caltrans' Motion to Strike.  As such, Caltrans'

4   Motion to Strike Plaintiffs' First Amended Complaint should be granted.

5                                    **V.       CONCLUSION**

6          Based on the foregoing, and those previously stated in its motion, Defendant respectfully

7   requests that the Court grant Defendant's Motion to Strike Plaintiffs' First Amended Complaint.

8

9   Dated:  October 8, 2021                    ERIN E. HOLBROOK
                                               G. MICHAEL HARRINGTON
10                                             ARDINE ZAZZERON
                                               CATHERINE TAKAYAMA
11

12                                             By _____
                                               Attorneys for Defendant
13                                             STATE OF CALIFORNIA, acting by and
                                               through the Department of Transportation
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                2
**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT STATE OF CALIFORNIA'S
MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, CA 94612
Mail: P.O. Box 24325, Oakland, CA 94623-1325
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

**Case Name:** *Monica Araiza v. State of California, et al.*
**Case No.:** <u>Santa Barbara County Superior Court Case No. 21CV01049</u>

<u>**PROOF OF SERVICE**</u>

    I, the undersigned, say:  I am, and was at all times herein mentioned, employed in the City of Oakland, and County of Alameda, over the age of 18 years and not a party to the within action or proceedings; that my business address is 111 Grand Avenue, Suite 11-100, Oakland, California 94612; Mail: P.O. Box 24325, Oakland, CA 94623-1325; that on the date set forth below, I served the within:

<div align="center">

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT STATE OF CALIFORNIA'S
MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**

</div>

on all interested parties in said action by:

—    **(MAIL)** By placing a true copy thereof enclosed in a sealed envelope for each person(s) named below, addressed as set forth immediately below the respective name(s), with postage thereon fully prepaid as first-class mail.  I deposited the same in a mailing facility regularly maintained by the United States Post Office for the mailing of letter(s) at my above-stated place of business.

**X**    **(BY ELECTRONIC-MAIL ONLY)** by attaching a copy of the document(s) in PDF format sent to the email addresses of the parties listed below, pursuant to stipulation. No hard copies will follow.

—    **(FACSIMILE TRANSMITTAL)** By faxing a true copy thereof as indicating by the address(es), and facsimile telephone number(s) for each person(s) named below as set forth immediately below the respective name(s) pursuant to this Proof of Service.

—    **(OVERNIGHT DELIVERY)** By placing a true copy thereof, enclosed in a sealed envelope, to be delivered by the express mail carrier, to the address(es) shown below.

| | |
|---|---|
| Isaac Toveg, Esq.<br>Law Offices of Isaac Toveg<br>2600 W. Olive Ave., 5th Floor<br>Burbank, CA 91505<br>**isaactoveg@aol.com**<br><br>*Attorney for Plaintiff, Monica Araiza* | |

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on October 8, 2021 at San Francisco, California.

<div align="center">

*[signature]*

CORAZON PILARE, Declarant

</div>

<div align="center">

1

**PROOF OF SERVICE**

</div>

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
10/8/2021 3:05 PM
By: Jazmine Killian, Deputy

1   ERIN E. HOLBROOK, Chief Counsel
    G. MICHAEL HARRINGTON, Deputy Chief Counsel
2   ARDINE ZAZZERON, Assistant Chief Counsel
    CATHERINE TAKAYAMA, Deputy Attorney (SBN 303690)
3   Caltrans Legal Division – Bay Area Office
    111 Grand Avenue, Suite 11-100, Oakland, CA 94612
4   **Mail:  P.O. BOX 24325, OAKLAND, CA 94623-1325**
    Telephone: (510) 433-9100, Facsimile: (510) 433-9167
5
    Attorneys for Defendant STATE OF CALIFORNIA,
6   acting by and through the DEPARTMENT OF TRANSPORTATION
                                                    NO FEE PURSUANT TO GOV'T CODE § 6103
7              SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                 FOR THE COUNTY OF SANTA BARBARA
9

10  MONICA ARAIZA, and IFRAIN ARAIZA,      Case No.  21CV01049

11                 Plaintiffs,             **REPLY TO PLAINTIFFS' OPPOSITION TO
                                           DEFENDANT STATE OF CALIFORNIA'S**
12  vs.                                    **MOTION TO STRIKE PLAINTIFFS' FIRST
                                           AMENDED COMPLAINT (Code of Civ. Pro.**
13                                         **§§ 435-437.)**
    THE STATE OF CALIFORNIA, and DOES
14  1 TO 100, INCLUSIVE,                   Date:   October 20, 2021
                                           Time:   08:30 a.m.
15                                         Dept.:  SM3

16                 Defendants.             ASSIGNED FOR ALL PURPOSES TO HON.
                                           TIMOTHY STAFFEL
17

18                                         Action Filed: March 12, 2021
                                           Trial Date:  None set
19

20          Defendant the State of California, by and through the Department of Transportation

21   (Caltrans) submits the following Reply to Plaintiffs' opposition to the Motion to Strike Plaintiffs'

22   First Amended Complaint.

23                       I.        ARGUMENT

24   A. **The Court should strike Plaintiffs' references to improper and irrelevant statutes
        under a dangerous condition cause of action.**
25

26          Plaintiffs' opposition does not address any of the legal authorities or issues raised in

27   Caltrans' Motion to Strike.  Moreover, Plaintiffs incorrectly assert that Caltrans attacks the facts

28
                                          1
     **REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT STATE OF CALIFORNIA'S
     MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

1   of the FAC.  In its Motion to Strike, Caltrans asserts that Government Code sections 815.2(a),

2   815.6, 820(a), 840.2 are not proper when a dangerous condition cause of action is alleged.

3   Plaintiffs opposition offers no reasons for denying Caltrans' Motion to Strike.  As such, Caltrans'

4   Motion to Strike Plaintiffs' First Amended Complaint should be granted.

5                                    **V.    CONCLUSION**

6           Based on the foregoing, and those previously stated in its motion, Defendant respectfully

7   requests that the Court grant Defendant's Motion to Strike Plaintiffs' First Amended Complaint.

8

9   Dated:  October 8, 2021                         ERIN E. HOLBROOK
                                                      G. MICHAEL HARRINGTON
10                                                    ARDINE ZAZZERON
                                                      CATHERINE TAKAYAMA
11

12                                                    By _____
                                                      Attorneys for Defendant
13                                                    STATE OF CALIFORNIA, acting by and
                                                      through the Department of Transportation
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                      2

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, CA 94612
Mail: P.O. Box 24325, Oakland, CA 94623-1325
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

1  **Case Name:** *Monica Araiza v. State of California, et al.*
  **Case No.:**   <u>Santa Barbara County Superior Court Case No. 21CV01049</u>

2

3  <div align="center">**PROOF OF SERVICE**</div>

        I, the undersigned, say:  I am, and was at all times herein mentioned, employed in the City of
4  Oakland, and County of Alameda, over the age of 18 years and not a party to the within action or
  proceedings; that my business address is 111 Grand Avenue, Suite 11-100, Oakland, California
5  94612; Mail: P.O. Box 24325, Oakland, CA 94623-1325; that on the date set forth below, I served
  the within:

6
<div align="center">**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT STATE OF CALIFORNIA'S
7  MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**</div>

8  on all interested parties in said action by:

9  __      **(MAIL)** By placing a true copy thereof enclosed in a sealed envelope for each person(s)
        named below, addressed as set forth immediately below the respective name(s), with postage
10       thereon fully prepaid as first-class mail.  I deposited the same in a mailing facility regularly
        maintained by the United States Post Office for the mailing of letter(s) at my above-stated
11       place of business.

12  __X__   **(BY ELECTRONIC-MAIL ONLY)** by attaching a copy of the document(s) in PDF
        format sent to the email addresses of the parties listed below, pursuant to stipulation.
13       No hard copies will follow.

14  __      **(FACSIMILE TRANSMITTAL)** By faxing a true copy thereof as indicating by the
        address(es), and facsimile telephone number(s) for each person(s) named below as set forth
15       immediately below the respective name(s) pursuant to this Proof of Service.

16  __      **(OVERNIGHT DELIVERY)** By placing a true copy thereof, enclosed in a sealed envelope,
        to be delivered by the express mail carrier, to the address(es) shown below.

17

18  Isaac Toveg, Esq.
  Law Offices of Isaac Toveg
19  2600 W. Olive Ave., 5th Floor
  Burbank, CA 91505
20  **isaactoveg@aol.com**

21  *Attorney for Plaintiff, Monica Araiza*

22

23       I declare under penalty of perjury under the laws of the State of California that the
  foregoing is true and correct.

24       Executed on October 8, 2021 at San Francisco, California.

25

26                          _____
                          CORAZON PILARE, Declarant
27

28

<div align="center">1
**PROOF OF SERVICE**</div>

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA BARBARA

Dated and Entered:   10/20/2021                           Time:  8:30 AM
Judicial Officer:        Timothy J Staffel
Deputy Clerk:          Tanya Perez; Cynthia Barajas-Garcia      Dept:  SM3
Deputy Sheriff:         B.J. Fortier
Court Reporter:        Susan Davison                          Case No: 21CV01049

## Monica Araiza et al vs The State of California

Parties Present:

Takayama, Catherine                    Attorney for Defendant The State of California, via Zoom
Toveg, Isaac                              Attorney for Plaintiffs', via Zoom

---

**NATURE OF PROCEEDINGS: Motion: Strike/ Demurrer**

The Court inquires of counsel whether an amended complaint will be filed, and Mr. Toveg represents if the court sustains the demurrer, they will file an amended complaint and presents his position as to his opposition to the causes of action within the demurrer. Ms. Takayama represents they also filed a Motion to Strike and presents her argument. A lengthy discussion is held.

Mr. Toveg represents plaintiffs' second cause of action does not name the State of California for negligence, but rather it names "DOE". Additionally, he states once discovery is completed the complaint will be amended to name the defendants. As to the third cause of action, Mr. Toveg represents they allege the State of California is responsible for wrongful death due to the alleged dangerous road conditions. Furthermore, Mr. Toveg presents the facts surrounding the incident on 02/14/2020. A further lengthy discussion is held.

### THE COURT MAKES THE FOLLOWING ORDERS:

A further Case Management Conference is set for 01/12/2022 at 8:30 a.m. in Department SM3.

The previously established Case Management Conference set on 10/26/2021 is now VACATED.

The State of California's Motion to Strike Plaintiffs' First Amended Complaint sustained with leave to amend.

The State of California's Demurrer to Plaintiffs' First Amended Complaint is sustained with leave to amend.

Counsel shall file and serve a second amended complaint within 45-days.

DARREL E. PARKER, EXECUTIVE OFFICER          Minutes Prepared by:

                                            _____ , Deputy
                                                   Cynthia Barajas-Garcia

---

SC-2411 (Revised July 1, 2013)            **MINUTE ORDER**

Exhibit 1

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
12/6/2021 8:00 AM
By: Jazmine Killian, Deputy

1

Law Offices Of Isaac Toveg

2

Isaac Toveg SBN 269729
2600 W Olive Ave 5th Floor

3

Burbank CA 91505

OK per 10/20/21 Minute Order

818-333-5202

4

Isaactoveg@aol.com

No Summons Filed

5

6

SUPERIOR COURT OF CALIFORNIA

7

COUNTY OF SANTA BARBARA

8

MONICA ARAIZA, AND IFRAIN ARAIZA,         Case No.: 21CV01049

9

                  Plaintiffs,

10

vs.                                                                  **PLAI NTIFFS MONICA AND IFRAIN**

11

                                                                        **ARAIZA SECOND AMENDED**
                                                                        **COMPLAINT FOR DAMAGES FOR:**

12

THE STATE OF CALIFORNIA, AND DOES
1 TO 100 INCLUSIVE                                      **1. STATUTORY LIABILITY/**

13

                  Defendant                                 **DANGEROUS CONDITION OF PUBLIC**
                                                                        **PROPERTY**

14

15

                                                                        **2.NEGLIGENCE**

16

                                                                        **3. WRONGFUL DEATH**

17

18

                                                                        **DEMAND FOR JURY TRIAL**

19

    Plaintiffs, Monica Araiza and Ifrain Araiza, file their Second Amended Complaint("SAC")

20

against Defendant the State of California and does 1 to 100 Inclusive, alleging the following:

21

22

                                              **THE PARTIES**

23

    1. Plaintiffs, Monica Araiza, and Ifrain Araiza ("Plaintiffs') were at all times relevant hereto

24

    were, residents in the city of Lemon Grove, California .Further plaintiffs were the parents

25

    (mother and father of the decedent Selena J Araiza).Selena J Araiza(the decedent ) had no

26

    children and was not married at the time of this fatal collision. Plaintiffs are the only heir of

27

28

PLAI NTIFFS MONICA AND IFRAIN ARAIZA SECOND AMENDED COMPLAINT FOR DAMAGES FOR:
    1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY
2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 1

Exhibit 1

the decedent Selena J Araiza.

2. Plaintiffs are informed and believe, and thereon alleges, that at all times mentioned herein defendant State of CALIFORNIA (the State") and does 1 to 100 was and is a public entity authorized to conduct business, including supervising and administering roads, roadways, traffic conditions, intersections, intersection controls and all other highway and roadway issues within the State of California. This includes, but is not limited to, control of the State Route 1 Road approximately 0.5 miles south of Santa Rosa Road. (Subject Road")

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 to 100 Inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will Amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and based thereon alleges that each of these fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's daughter's death alleged were proximately caused by the aforementioned defendants.

4. Plaintiff is informed and believes and based thereon alleges that at all times material herein each fictitiously named defendant was either the trued defendant or the agent and/ or employer of each other defendant and in doing the things alleged herein, was acting within the scope and purpose of such agency and with the permission and consent of, and their actions were ratified by, the other Defendants.

### GENERAL ALLEGATIONS

5.Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein

PLAI NTIFFS MONICA AND IFRAIN ARAIZA SECOND AMENDED COMPLAINT FOR DAMAGES FOR:
1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY
2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 1

"defendant" State of CALIFORNIA (the State") and does 1 to 100 was and is a public entity authorized to conduct business, including supervising and administering roads, roadways, traffic conditions, intersections, intersection controls and all other highway and roadway issues within the State of California. This includes, but is not limited to, control of the State Route 1 Road approximately 0.5 miles south of Santa Rosa Road .

   6.. On February 14, 2020 Joseph Hernandez was traveling in his vehicle driving southbound with passenger Selena Josefina Araiza on State Route 1. As a result of improper merging lanes which existed at that time on State Route 1 another vehicle driven by Michael A. Hanson (an employee of the Penitentiary) while traveling on the Northbound on State 1 was unable to safely merge into traffic and traveled across the median line and collided with Selena Josefina Araiza vehicle resulting in her death..

   7. Plaintiff is informed, believes and thereon alleges that at all relevant times hereto, Defendants STATE of California and Does 1 through 100, inclusive, improperly owned, operated, managed, designed, planned, engineered, maintained, installed, inspected, repaired Failed to repair and or controlled the subject road on State Route 1 thereby creating dangerous conditions and exposing drivers to dangerous condition.

   **NOTICE OF CLAIM AGAINST THE STATE OF CALIFORNIA**

   8. Withing the time provided by law, Plaintiff filed a claim with the State of California in full compliance with the State of California's requirements of government code section 910 et seq.. On or about September 15, 2020, the State of California denied Plaintiff's claim.

   By reason of the foregoing, Defendants STATE, and Does 1 through 50, inclusive, and each of them, are liable for, and Plaintiffs are entitled to recover of them, her general, special, actual

PLAI NTIFFS MONICA AND IFRAIN ARAIZA SECOND AMENDED COMPLAINT FOR DAMAGES FOR:
   1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY
2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 1

and compensatory damages, including, but not limited to, her necessary medical and related expenses, past, present and future lost earnings, loss of future earning capacity, as well as mental, emotional and physical pain and suffering, as proven at time of trial. The total amount of Plaintiffs damages are presently unknown but is reasonably believed to be in excess of the minimum jurisdictional limit of this Court.

## FIRST CAUSE OF ACTION

**Statutory Liability/Dangerous Condition of Public Property Against Defendants STATE,and (DOES 1 through 100, inclusive)**

9. Plaintiff repeats, realleges, and incorporates by this reference as though set forth in full herein all prior allegations of this Complaint.

10. Prior to and on February 14, 2020, Defendants STATE, and Does 1 through 100, inclusive, and/or their management, administrative, designers, planners, engineers, maintenance personnel, inspectors and/or other employees, staff, agents or contractors, acting within the course and scope of their duties and/or employment, negligently and improperly owned, operated, controlled, designed, planned, engineering, maintained, inspected, repaired, and/or failed to repair, State Route 1 Road approximately 0.5 miles south of Santa Rosa Road, thereby creating dangerous conditions under *Gov. Code § 830 et seq. thru 835* and exposing drivers to dangerous conditions. Prior to this collision there has been substantial amounts of complaints and auto collisions near that vicinity as a result of the merging of two lanes into one. Moreover drivers tend to speed prior to the merger of this two lanes so they can be the lead vehicle. Further, there was not sufficient visible warning signs regarding the merger of these two lanes into one. In addition there was a blind curve, blind trap inadequate lighting,

PLAI NTIFFS MONICA AND IFRAIN ARAIZA SECOND AMENDED COMPLAINT FOR DAMAGES FOR:
1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY
2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 1

as this collision occurred at approximately 6:15 pm in February14, 20321. There should have been median walls and or barricades to prohibit cross traffic and if there were such this auto collision may have been avoided. There was also a lack of warning sign regarding the merging of the two lanes. The witnesses to this collision indicated that there has been a plenty amount of auto collision for a period of time in this vicinity. The STATE undertook to control the Route 1, invited the reliance of motorists on the road and are liable as they created dangerous conditions in doing so. The absence of proper safety measures was done carelessly, negligently, inadequately and improperly and created a hazard, trap and dangerous condition under *Gov. Code § 835*. It also created a peculiar risk, blind curve and trap. Defendants STATE, and Does 1 through 100, inclusive, should have installed at least a barricade separating the south and north bound lanes, proper signage, barricades, other safety equipment and devices, warnings, and warning devices on the State Route 1.

11. The collision and the injury and or death was foreseeable as a consequence of this dangerous condition to Defendants STATE, and Does 1 through 50, inclusive, and, yet, they failed to warn (or adequately warn) drivers.

12. The dangerous conditions created a reasonably foreseeable risk of the kind of injuries which were sustained, and (a) a negligent or wrongful act or omission of an employee of Defendants STATE, and Does 1 through 100, inclusive, created the dangerous conditions; and/or (b) Moreover, they had actual or constructive notice of the dangerous conditions and had sufficient time prior to the injury to have taken measures to protect against the dangerous conditions. These dangerous conditions created a substantial risk of injury when the roadway was used with due care by the public generally as drivers oversteer the roadway for a variety

PLAINTIFFS MONICA AND IFRAIN ARAIZA SECOND AMENDED COMPLAINT FOR DAMAGES FOR:
1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY
2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 1

Exhibit 1

of non-negligent circumstances (because of third party negligence, emergencies, mechanical failures and other unforeseen circumstances) and a barricade guardrail (and other appropriate safety measures listed within this complaint) is required to prevent vehicles from crashing against each other.

13. The dangerous conditions and these acts and omissions of Defendants STATE, and Does 1 through 100, inclusive (and their management, administrative, designers, planners, engineers, maintenance personnel, inspectors and/or other employees, staff, agents or contractors, acting within the course and scope of their duties), proximately caused Plaintiff's injuries.

14.    Further, these dangerous conditions were directly attributable wholly or in substantial part to a negligent or wrongful act of employees Defendants STATE, and Does 1 through 100, inclusive, and these employees had the authority and the funds and other means immediately available to take alternative action which would not have created the dangerous condition, and/or these employees had the authority and it was his/her/their responsibility to take adequate measures to protect against the dangerous condition at the expense of the public entity and the funds and other means for doing so were immediately available to him/her/them, and he/she/they had actual or constructive notice of the dangerous condition a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

15. Further, signs, warnings or other devices were necessary to warn of these dangerous conditions which endangered the safe movement of traffic and which would not be reasonably apparent to, and would not have been anticipated by, a person exercising due care.

16. In addition, Defendants STATE, and Does 1 through 100, inclusive, and their employees

PLAINTIFFS MONICA AND IFRAIN ARAIZA SECOND AMENDED COMPLAINT FOR DAMAGES FOR:
    1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY
2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 1

acting within the scope of their employment undertook, gratuitously or for consideration, to avoid, remedy and/or abate these dangerous conditions. These undertakings and promises were the kind that they recognized as necessary for the protection of third persons. Defendants STATE, and Does 1 through 100, inclusive, and their employees acting within the scope of their employment  failed to exercise reasonable care in the performance of these undertakings and promises, the failure to exercise reasonable care resulted in physical harm to the third persons; and *either* (a) their carelessness increased the risk of such harm, or (b) the undertaking or promises were to perform a duty that the other owed to the third persons, or (c) the harm was suffered because either the other or the third persons relied on the undertaking.

17. The driver of the other vehicle Michael Asunsion Hanson was employed at the department of corrections. And the plaintiffs are informed and believe that he was in the course and scope of his employment while traveling North on State Route 1. The state of California has a duty to provide and build a safe highway such as route 1 for all of the drivers navigating and to provide adequate signs, barriers separating the North and South lanes to prevent auto collisions such as what has occurred in this instance. Here Michael Asunsion Hanson fully aware that Route 1 Northbound merges from two lanes to one lane attempted to speed up and overtake another vehicle, just prior to the merging. That attempt was unsuccessful and he lost control of his vehicle and went to the Southbound lane, across the median lane and collided with the vehicle Selena Araiza was a passenger and killing her within hours of the collision. Michael Asunsion Hanson passed away within one month as a result of his vehicle colliding with Selena Ariza's vehicle. There was no adequate signs, nor adequate lighting, nor barrier separating Northbound from Southbound nor any other safety measures nor adequate maintenance. There has been a substantial amount of auto

PLAI NTIFFS MONICA AND IFRAIN ARAIZA SECOND AMENDED COMPLAINT FOR DAMAGES FOR:
    1. STATUTORY LIABILITY/  DANGEROUS CONDITION OF PUBLIC PROPERTY
2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 1

collision occurring in that vicinity.  Due to these acts and failures to act and dangerous conditions,

Defendants STATE, and  Does 1 through 100, inclusive, and their employees are liable for

Plaintiff's injuries under the Government Code, including, but not limited to, Sections

815(applicable as to the appropriate Department of Correction only),  *Sections 820(a),  830(a) thru*

*835.4 including but not limited to 830.6, 830.8, 835, 835.2, 835.4 .*

18. This collision was foreseeable to Defendants STATE, and Does 1 through 100, inclusive, and,

yet, they failed to warn (or adequately warn) drivers. It is believed that notice was actually provided

to Defendants STATE, and  Does 1 through 100, inclusive as there has been quite a few collisions

occurring at that vicinity prior to this collision.

19. The dangerous conditions created a reasonably foreseeable risk of the kind of injuries which

were sustained, and (a) a negligent or wrongful act or omission of an employee of Defendants

STATE, and Does 1 through 100, inclusive, created the dangerous conditions; and/or (b) they had

actual or constructive notice of the dangerous conditions a sufficient time prior to the injury to

have taken measures to protect against the dangerous conditions. These dangerous conditions

created a substantial risk of injury when the roadway was used with due care by the public

generally as drivers who are going at 55 MPH on Route 1 have to merge into one lane traffic with

poor lighting, and other improper roadway route for a variety of non-negligent circumstances

(because of third party negligence, emergencies, mechanical failures and other unforeseen

circumstances) and at minimum a barricade and or proper maintenance  is required to prevent

vehicles from falling/crashing to each other..

20.  The dangerous conditions and these acts and omissions of Defendants STATE, and  Does 1

through 100, inclusive (and their management, administrative, designers, planners, engineers,

PLAINTIFFS MONICA AND IFRAIN ARAIZA SECOND AMENDED COMPLAINT FOR DAMAGES FOR:
1. STATUTORY LIABILITY/  DANGEROUS CONDITION OF PUBLIC PROPERTY
2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 1

1    maintenance personnel, inspectors and/or other employees, staff, agents or contractors, acting

2    within the course and scope of their duties), proximately caused Plaintiff's injuries and death.

3    21. Further, these dangerous conditions were directly attributable wholly or in substantial part

4    to a negligent or wrongful act of employees of Defendants STATE, and Does 1 through 100,

5    inclusive, and these employees had the authority and the funds and other means immediately

6    available to take alternative action which would not have created the dangerous condition, and/or

7    these employees had the authority and it was his/her/their responsibility to take adequate measures

8    to protect against the dangerous condition at the expense of the public entity and the funds and

9    other means for doing so were immediately available to him/her/them, and he/she/they had actual

10   or constructive notice of the dangerous condition and had sufficient time prior to the injury to have

11   taken measures to protect against the dangerous condition. The state of California knew that auto

12   collision such as this would occur.

13   22. Further, signs, warnings or other devices were necessary to warn of these dangerous conditions

14   which endangered the safe movement of traffic and which would not be reasonably apparent to,

15   and would not have been anticipated by, a person exercising due care.

16   23. Further, Defendants STATE, and Does 1 through 100, inclusive, and their employees acting

17   within the scope of their employment undertook, gratuitously or for consideration, to avoid,

18   remedy and/or abate these dangerous conditions. These undertakings and promises were the kind

19   that they recognized as necessary for the protection of third persons. Defendants STATE, and

20   Does 1 through 100, inclusive, and their employees acting within the scope of their employment

21   failed to exercise reasonable care in the performance of these undertakings and promises, the

22   failure to exercise reasonable care resulted in physical harm to the third persons; and *either* (a)

PLAINTIFFS MONICA AND IFRAIN ARAIZA SECOND AMENDED COMPLAINT FOR DAMAGES FOR:
    1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY
2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 1

their carelessness increased the risk of such harm, or (b) the undertaking or promises were to perform a duty that the other owed to the third persons, or (c) the harm was suffered because either the other or the third persons relied on the undertaking.

24. Due to these acts and failures to act and dangerous conditions, Defendants STATE, and Does 1 through 100, inclusive, and their employees are liable for Plaintiff's injuries under the Government Code, including, but not limited to, Sections 815 *(applicable to the appropriate department of corrections only )*,  *820(a), 830(a), thru 835.4 which includes but not limited to 830.6,  830.8, 835, 835.2, 835.4..*

### SECOND CAUSE OF ACTION

### (Negligence Against  DOES 1 - 100 inclusive)

25. Plaintiffs repeats, realleges, and incorporates by this reference as though set forth in full herein all prior allegations of this Complaint.

26. Plaintiff is informed and believes, and thereon alleges, that at said time and place at or near the subject location, Defendant DOES 1 through 100, inclusive, so negligently and improperly owned, operated, controlled, designed, planned, engineering, maintained, inspected, installed , repaired, and/or failed to repair,  State Route 1 approximately 0.5 miles South of Santa Rosa Rd. so as to cause fatal injury to Plaintiff's daughter. Thereby proximately causing the herein described wrongful death and damages to Decedent Selena Josefina Araiza .

27. Defendant DOES 1 through 100, inclusive, and/or their management, administrative, designers, planners, engineers, maintenance personnel, inspectors and/or other employees, staff, agents or contractors, acting within the course and scope of their duties and through negligent or wrongful acts or omissions created, or allowed to be created, a dangerous condition. The installation,

PLAI NTIFFS MONICA AND IFRAIN ARAIZA SECOND AMENDED COMPLAINT FOR DAMAGES FOR:
        1. STATUTORY LIABILITY/  DANGEROUS CONDITION OF PUBLIC PROPERTY
2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 1

maintenance, repair, operation, monitoring and/or control of State Route 1 were done negligently, inadequately and improperly and created a hazard, blind curve, trap and dangerous condition. It also created a peculiar risk and trap as Defendants Does 1 through 100, inclusive, should have installed signal lights, and warning signs letting drivers know that the lanes were merging, barricades, other safety equipment and devices, warnings, and warning devices on the road on State Route 1.

28. As a direct and proximate result of the conduct of Defendant DOES 1 through 100, inclusive, are liable for, and Plaintiffs are entitled to recover of them, her general, special, actual and compensatory damages, including, but not limited to, her necessary medical and related expenses, past, present and future lost earnings, loss of future earning capacity, as well as mental, emotional and physical pain and mental suffering, as proven at time of trial. The total amount of Plaintiffs damages is presently unknown but is reasonably believed to be in excess of the minimum jurisdictional limit of this Court.

**THIRD CAUSE OF ACTION:   <u>WRONGFUL DEATH</u> Against Defendants STATE,and (DOES 1 through 100, inclusive)**

29. PLAINTIFFS  repeat and re-allege paragraphs 1 through 28, inclusive, and incorporates them herein by reference as though set forth in full.

30. As a direct and proximate of each DEFENDANTS' actions or inactions, carelessness, recklessness, wantonness, and unlawfulness, PLAINTIFFS' daughter suffered fatal injuries.

31. As a further direct and proximate result of each DEFENDANTS actions or inactions, carelessness, recklessness, wantonness, and unlawfulness, PLAINTIFF has suffered economic damages, including but not limited to monetary contributions and financial support from Decedent.

PLAI NTIFFS MONICA AND IFRAIN ARAIZA SECOND AMENDED COMPLAINT FOR DAMAGES FOR:
    1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY
2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 1

loss of gifts or benefits, household services, noneconomic damages, including but not limited to being deprived of the love, affection, solace, affection, companionship, society, moral support, assistance, protection, training and guidance, consortium, services, comfort, care, counsel and advice of Decedent, and any other damages as permitted by law which includes but not limited to Government code Section 830.6 et seq. and all other applicablgovernment statutes in an amount exceeding the minimum jurisdictional requirement of this Court, according to proof.

## REQUEST FOR JURY TRIAL

Plaintiffs hereby requests a trial by jury on all claims for relief alleged in, and on all issues raised by, this Complaint.

## PRAYER

WHEREFORE, Plaintiffs demands judgment against Defendants as follows:

1.      For an award of Plaintiffs general, special, actual and compensatory damages as proven at time of trial, with interest thereon according to law;

2.      For an award of the costs incurred by Plaintiffs in bringing and maintaining this action;

3.      For such other and further relief which this Court deems just and proper.

DATED:  December 3, 2021                          By: Law Office of Isaac Toveg PLC

                                                                        /S/ ISAAC TOVEG

                                                                        Isaac Toveg, Attorney

PLAI NTIFFS MONICA AND IFRAIN ARAIZA SECOND AMENDED COMPLAINT FOR DAMAGES FOR:
1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY
2.NEGLIGENCE3. WRONGFUL DEATH DEMAND FOR JURY TRIAL - 1

1  ERIN E. HOLBROOK, Chief Counsel
   G. MICHAEL HARRINGTON, Deputy Chief Counsel
2  ARDINE ZAZZERON, Assistant Chief Counsel
   R. JEREMIE GINELLI (SBN 225596)
3  MANELKI ANTHONY (SBN 326205)
   California Department of Transportation - Legal Division
4  111 Grand Avenue, Suite 11-100, Oakland, CA 94612-3717
   **Mail:  P.O. BOX 24325, OAKLAND, CA 94623-1325**
5  Telephone: (510) 433-9100; Facsimile: (510) 433-9167

6  Attorneys for Defendant STATE OF CALIFORNIA,
   acting by and through the DEPARTMENT OF TRANSPORTATION

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF SANTA BARBARA

10

11 MONICA ARAIZA, and IFRAIN ARAIZA,        Case No. 21CV01049

12             Plaintiffs,                   **NOTICE OF CHANGE OF HANDLING
                                             ATTORNEYS FOR DEFENDANT
13 vs.                                       STATE OF CALIFORNIA**

14 THE STATE OF CALIFORNIA, and DOES        ASSIGNED FOR ALL PURPOSES TO HON.
   1 TO 100, INCLUSIVE,                      TIMOTHY STAFFEL
15
               Defendants.
16                                           Action Filed: March 12, 2021
                                             Trial Date:  None set
17

18

19       TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS

20 OF RECORD:

21       PLEASE TAKE NOTICE THAT this matter has been transferred for handling from

22 Catherine Takayama to Manelki Anthony and R. Jeremie Ginelli of the State of California,

23 Department of Transportation, located at 111 Grand Avenue, Suite 11-100, Oakland, CA 94612.

24       The new handling attorneys request that the Court and all counsel make note of this change

25 of handling attorneys and address for the service of all future documents and correspondence related

26 to this matter.

27

28

NO FEE PURSUANT TO GOV'T CODE § 6103

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
12/7/2021 12:47 PM
By: Miroslava Pena-Bautista, Deputy

*(left margin, vertical text)* CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, California 94612
Mail: P.O. Box 24325, Oakland, CA 94623-1325
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

1

NOTICE OF CHANGE OF HANDLING ATTORNEY

Dated: December 2, 2021

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, California 94612
Mail: P.O. Box 24835, Oakland, CA 94623-1835
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

ERIN E. HOLBROOK
G. MICHAEL HARRINGTON
ARDINE ZAZZERON
R. JEREMIE GINELLI
MANELKI ANTHONY

By _____

Attorneys for Defendant
STATE OF CALIFORNIA, acting by and
through the Department of Transportation

2

NOTICE OF CHANGE OF HANDLING ATTORNEY

Exhibit 1

**Case Name:** *Monica Araiza v. State of California, et al.*
**Case No.:** **Santa Barbara County Superior Court Case No. 21CV01049**

### PROOF OF ELECTRONIC SERVICE

I am employed in the City of Oakland, State of California. I am over the age of 18 years and not a party to the within action. My business address is 111 Grand Avenue, Oakland, California 94612; MAIL: P.O. BOX 24325, Oakland, CA 94623-1325.  On the date set forth below, I served a true copy of the following document(s):

### NOTICE OF CHANGE OF HANDLING ATTORNEYS FOR DEFENDANT STATE OF CALIFORNIA

on the interested party to said action by the following means:

[X]   **(BY ELECTRONIC-MAIL)** by attaching a copy of the document(s) in PDF format sent from Rosalie.H.Nguyen@dot.ca.gov to the email addresses of the parties listed below, pursuant to Code of Civil Procedure section 1010.6, subd. (a) and (e), permitting electronic service of notices or documents that may be served by mail, express mail, overnight delivery, or facsimile transmission. No hard copies will follow.

| COUNSEL OF RECORD | EMAIL ADDRESSES |
|---|---|
| **Isaac Toveg, Esq.**<br>LAW OFFICES OF ISAAC TOVEG<br>2600 W. Olive Ave., 5th Floor<br>Burbank, CA 91505<br><br>*Attorney for Plaintiff,*<br>*Monica Araiza* | isaactoveg@aol.com |
| **With cc to:**<br>**R. Jeremie Ginelli, Esq.**<br>**Manelki Anthony, Esq.**<br><br>CALIFORNIA DEPT OF TRANSPORTATION-<br>LEGAL DIVISION<br><br>*Attorneys for Defendant,*<br>*State of California Dept. of Transportation* | Jeremie.Ginelli@dot.ca.gov<br><br>Manelki.Anthony@dot.ca.gov<br><br>maria.cordonero@dot.ca.gov |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on December 7, 2021, at Fremont, California.

ROSALIE NGUYEN, Declarant

1

PROOF OF ELECTRONIC SERVICE

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>R.Jeremie Ginelli (SBN 225596); Manelki Anthony (SBN 326205)<br>State of California, California Department of Transportation ("Caltrans")<br>111 Grand Avenue, Oakland, CA 94623-1325<br><br>TELEPHONE NO.: (510) 433-9100   FAX NO. *(Optional)*: (510) 433-9167<br>E-MAIL ADDRESS: manelki.anthony@dot.ca.gov<br>ATTORNEY FOR *(Name)*: Defendant State of California | *FOR COURT USE ONLY*<br><br>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>12/21/2021 12:11 PM<br>By: Miroslava Pena-Bautista, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA BARBARA
STREET ADDRESS: 213-C East ~~Cook Street~~  312 E. Cook Street
MAILING ADDRESS: 2~~13-C~~ East Cook Street
CITY AND ZIP CODE: Santa Maria 93454
BRANCH NAME: Cook Division

PLAINTIFF/PETITIONER: Monica Araiza, et al.
DEFENDANT/RESPONDENT: State of California, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*   [X] UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000)   [ ] LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | 21CV01049 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: January 12, 2022   Time: 08:30 am   Dept.: 3   Div.: Civil   Room:

Address of court *(if different from the address above)*:

[X]  **Notice of Intent to Appear by Telephone, by** *(name)*: Manelki Anthony, Esq., R.Jeremie Ginelli, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** *(answer one)*:
    a.  [X] This statement is submitted by party *(name)*: State of California, Caltrans
    b.  [ ] This statement is submitted **jointly** by parties *(names)*:

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date)*:
    b.  [ ] The cross-complaint, if any, was filed on *(date)*:

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a.  [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b.  [ ] The following parties named in the complaint or cross-complaint
        (1) [ ] have not been served *(specify names and explain why not)*:

        (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:

        (3) [ ] have had a default entered against them *(specify names)*:

    c.  [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4.  **Description of case**
    a.  Type of case in  [X] complaint   [ ] cross-complaint   *(Describe, including causes of action)*:
        Plaintiff alleges damages from an automobile accident. Plaintiff's three causes of action are Negligence, Wrongful Death & Dangerous Condition of Public Property

Page 1 of 5

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |

**CM-110**

| PLAINTIFF/PETITIONER:  Monica Araiza, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  State of California, et al. | 21CV01049 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiffs allege damages resulting from an accident that occurred on February 14, 2020.  Decedent Selena Araiza was a passenger in a vehicle that collided with another vehicle on southbound State Route 1, near Santa Rosa Road in Lompoc, California.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☒ a jury trial ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint  *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
2/18/22 (Prepaid Vacation); 4/1/22-4/8/22 (Prepaid Vacation); 6/3/22- 6/17/22 (Prepaid Vacation); 7/1/22 (Prepaid Vacation); 8/24/22 -8/31/22 (prepaid vacation); 9/26/22 - 10/7/22 (Trial);1/9/23-1/20/23 (Trial).

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☒ days *(specify number):* 7-9
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. E-mail address:
f. Fax number:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☒ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.
b. **Referral to judicial arbitration or civil action mediation** (if available).
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

111                                    Exhibit 1

<div align="right">CM-110</div>

| | |
|---|---|
| PLAINTIFF/PETITIONER:   Monica Araiza, et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT:   State of California, et al. | 21CV01049 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date):*<br>[ ] Agreed to complete mediation by *(date):*<br>[ ] Mediation completed on *(date):* |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date):*<br>[ ] Agreed to complete settlement conference by *(date):*<br>[ ] Settlement conference completed on *(date):* |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date):*<br>[ ] Agreed to complete neutral evaluation by *(date):*<br>[ ] Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date):*<br>[ ] Agreed to complete judicial arbitration by *(date):*<br>[ ] Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date):*<br>[ ] Agreed to complete private arbitration by *(date):*<br>[ ] Private arbitration completed on *(date):* |
| (6) Other *(specify):* | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date):*<br>[ ] Agreed to complete ADR session by *(date):*<br>[ ] ADR completed on *(date):* |

<div align="center">112</div>

<div align="right">Exhibit 1</div>

CM-110

| PLAINTIFF/PETITIONER:  Monica Araiza, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  State of California, et al. | 21CV01049 |

**11. Insurance**

a. [  ]  Insurance carrier, if any, for party filing this statement  *(name):*

b.  Reservation of rights:  [  ] Yes   [  ] No

c. [  ]  Coverage issues will significantly affect resolution of this case  *(explain):*


**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

[  ] Bankruptcy   [  ] Other  *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. [  ]  There are companion, underlying, or related cases.

(1)  Name of case:

(2)  Name of court:

(3)  Case number:

(4)  Status:

[  ]  Additional cases are described in Attachment 13a.

b. [  ]  A motion to   [  ] consolidate   [  ] coordinate   will be filed by *(name party):*

**14. Bifurcation**

[  ]  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*


**15. Other motions**

[x]  The party or parties expect to file the following motions before trial  *(specify moving party, type of motion, and issues):*
Potential Demurrer and Motion to Strike portions of the Second Amended Complaint , Motion for Judgment on Pleadings, Motion for Summary Judgment as applicable.

**16. Discovery**

a. [  ]  The party or parties have completed all discovery.

b. [x]  The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant Caltrans | Written Discovery | June,2022 |
| Defendant Caltrans | Depositions | 30 days before trial |
| Defendant Caltrans | Document Subpoenas | Per Statutory Period |
| Defendant Caltrans | Expert Depositions | Per Code |

c. [  ]  The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated  *(specify):*

**CM-110**

| PLAINTIFF/PETITIONER:  Monica Araiza, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  State of California, et al. | 21CV01049 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 12/21/2021

| Manelki Anthony | ► | *Manelki Anthony* |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ► | |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

| CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Page 5 of 5 |
|---|---|---|

**Case Name:** *Monica Araiza v. State of California, et al.*
**Case No.:**    **Santa Barbara County Superior Court Case No. 21CV01049**

### PROOF OF ELECTRONIC SERVICE

I am employed in the City of Oakland, State of California. I am over the age of 18 years and not a party to the within action. My business address is 111 Grand Avenue, Oakland, California 94612; MAIL: P.O. BOX 24325, Oakland, CA 94623-1325.  On the date set forth below, I served a true copy of the following document(s):

### CASE MANAGEMENT STATEMENT
### (January 12, 2022; 8:30am; Dept. 3)

on the interested party to said action by the following means:

[X]   **(BY ELECTRONIC-MAIL)** by attaching a copy of the document(s) in PDF format sent from Rosalie.H.Nguyen@dot.ca.gov to the email addresses of the parties listed below, pursuant to Code of Civil Procedure section 1010.6, subd. (a) and (e), permitting electronic service of notices or documents that may be served by mail, express mail, overnight delivery, or facsimile transmission. No hard copies will follow.

| COUNSEL OF RECORD | EMAIL ADDRESSES |
|---|---|
| **Isaac Toveg, Esq.**<br>LAW OFFICES OF ISAAC TOVEG<br>2600 W. Olive Ave., 5th Floor<br>Burbank, CA 91505<br><br>*Attorney for Plaintiff,*<br>*Monica Araiza* | isaactoveg@aol.com |
| **With cc to:**<br>**R. Jeremie Ginelli, Esq.**<br>**Manelki Anthony, Esq.**<br><br>CALIFORNIA DEPT OF TRANSPORTATION-<br>LEGAL DIVISION<br><br>*Attorneys for Defendant,*<br>*State of California Dept. of Transportation* | Jeremie.Ginelli@dot.ca.gov<br><br>Manelki.Anthony@dot.ca.gov<br><br>maria.cordonero@dot.ca.gov |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on December 21, 2021, at Fremont, California.

ROSALIE NGUYEN, Declarant

1

PROOF OF ELECTRONIC SERVICE

Exhibit 1

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Law Office of Isaac Toveg PLC, Isaac Toveg (SBN 269729)<br>2600 W Olive Ave, 5th floor, Burbank CA, 91505<br><br>TELEPHONE NO.: 8183335202          FAX NO. *(Optional):*<br>E-MAIL ADDRESS: isaactoveg@aol.com<br>ATTORNEY FOR *(Name):* Monica Araiza, et al | FOR COURT USE ONLY<br><br>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>12/22/2021 12:22 AM<br>By: Jazmine Killian, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Barbara
STREET ADDRESS: 213-C East Cook Street
MAILING ADDRESS: 213-C East Cook Street
CITY AND ZIP CODE: Santa Maria 93454
BRANCH NAME: Cook Division

PLAINTIFF/PETITIONER: Monica Araiza, et al
DEFENDANT/RESPONDENT: State of California, et al

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*   [X] **UNLIMITED CASE**   [ ] **LIMITED CASE**<br>(Amount demanded   (Amount demanded is $25,000<br>exceeds $25,000)   or less) | 21CV01049 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: January 12, 2022          Time: 08:30 AM     Dept.: 3          Div.: Civil          Room:

Address of court *(if different from the address above):*

[X] Notice of Intent to Appear by Telephone, by *(name):* Law Office of Isaac Toveg, Isaac Toveg

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):* Law Office of Isaac Toveg
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 03/12/2021
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in   [X] complaint   [ ] cross-complaint          *(Describe, including causes of action):*
      This is a fatal automobile collision where there were dangerous condition of public property. Plaintiff alleges three causes of actions, mainly one, (1) dangerous condition of public property, (2) negligence, (3) wronful death.

Page 1 of 5

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |
|---|---|---|

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges both general and special damages. The general damages include but are not limited to, grief, inconvenience, depression, loss of support, loss of guidance, emotional distress. The special damage amount is approximately over $20,000.00

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☒ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
April 11-18th, 2022 (trial), April 22nd-May 2nd, 2022 (trial), July 5th-13th, 2022 (trial)

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☒ days *(specify number):* 7-9

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:           f.  Fax number:

e. E-mail address:            g.  Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☒ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has   ☐ has not   reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
| --- | --- |

10. c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
| --- | --- | --- |
| (1) Mediation | [✔] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

CM-110 [Rev. September 1, 2021]   **CASE MANAGEMENT STATEMENT**   Page 3 of 5

118   Exhibit 1

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial  *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff Araiza | Written Discovery | June, 2022 |
| Plaintiff Araiza | Depositions | 30 days before trial |
| Plaintiff Araiza | Document Subpoenas | Per Statutory Period |
| Plaintiff Araiza | Expert Depositions | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110 [Rev. September 1, 2021]  **CASE MANAGEMENT STATEMENT**  Page 4 of 5

119  Exhibit 1

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 12/21/2021

Isaac Toveg
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. September 1, 2021]   **CASE MANAGEMENT STATEMENT**   Page 5 of 5

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [ Print this form ] [ Save this form ]   [ Clear this form ]

**SUM-100**

*SECOND AMENDED* **SUMMONS**
**(CITACION JUDICIAL)**

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

The State of California and Does 1 to 100 Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Monica Araiza and Ifrain Araiza

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
12/22/2021 12:22 AM
By: Jazmine Killian, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SUPERIOR Court of California, County of Santa Barbara; 312-C-East Cook ST. , Santa Maria, CA. 93456-5369 | CASE NUMBER: *(Número del Caso):*<br><br>21CV01049 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Law Office of Isaac Toveg., Isaac Toveg, 2600 W. Olive Ave., suite 563, Burbank, Ca. 91505; Phone: 818-333-5202

| DATE:<br>*(Fecha)*   12/22/2021 | Clerk, by<br>*(Secretario)*  /s/ Jazmine Killian | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

    under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]     [ Clear this form ]

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
1/7/2022 11:37 AM
By: Jazmine Killian, Deputy

1  ERIN E. HOLBROOK, Chief Counsel        **(NO FEE PURSUANT TO GOV. CODE, § 6103)**
   G. MICHAEL HARRINGTON, Deputy Chief Counsel
2  ARDINE ZAZZERON, Assistant Chief Counsel
   MANELKI ANTHONY, Deputy Attorney, State Bar No. 326205
3  R. JEREMIE GINELLI, Deputy Attorney, State Bar No. 225596
   California Department of Transportation - Legal Division
4  111 Grand Avenue, Suite 11-100, Oakland, CA 94612
   **Mail to: P.O. Box 24325, Oakland, CA 94623**
5  Telephone: (510) 433-9100, Facsimile: (510) 433-9167

6  Attorneys for Defendant State of California Department of Transportation

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **FOR THE COUNTY OF SANTA BARBARA**

10

11 MONICA ARAIZA, AND IFRAIN ARAIZA,      )   Case No. 21CV01049
                                          )
12            Plaintiffs,                 )
                                          )
13       v.                               )
                                          )
14 THE STATE OF CALIFORNIA, AND DOES 1    )
   TO 100 INCLUSIVE                       )
15                                        )
              Defendants.                 )   **NOTICE OF POSTING JURY FEES**
16                                        )   **PURSUANT TO C.C.P. § 631**
                                          )
17 _____

18

19 **TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

20       PLEASE TAKE NOTICE that Defendant, THE STATE OF CALIFORNIA DEPARTMENT

21 OF TRANSPORTATION, hereby post jury fees in the amount of $150.00.

22 Dated:  January 7 2022

23

24                              ERIN HOLBROOK
                                G. MICHAEL HARRINGTON
25                              ARDINE ZAZZERON

                            By _Manelki Anthony_____
26                              MANELKI ANTHONY/R. JEREMIE
                                GINELLI
27                              Attorneys for Defendant THE STATE OF
                                CALIFORNIA DEPARTMENT OF
28                              TRANSPORTATION

                                            1
              NOTICE OF POSTING JURY FEES PURSUANT TO C.C.P. § 631

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, CA 94612
Mail: P.O. Box 24325, Oakland, CA 94623-1325
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

**Case Name:**   *Monica Araiza, et al. v. State of California, et al.*
**Case No.:**   <u>Santa Barbara County Superior Court Case No. 21CV01049</u>

## PROOF OF SERVICE

I, the undersigned, say:  I am, and was at all times herein mentioned, employed in the City of Oakland, and County of Alameda, over the age of 18 years and not a party to the within action or proceedings; that my business address is 111 Grand Avenue, Suite 11-100, Oakland, California 94612; Mail: P.O. Box 24325, Oakland, CA 94623-1325; that on the date set forth below, I served the within:

1.   **NOTICE OF POSTING JURY FEES PURSUANT TO C.C.P §631**

on all interested parties in said action by:

[√]   **(BY ELECTRONIC-MAIL)** by attaching a copy of the document(s) in PDF format sent from alanna.hayman@dot.ca.gov to the email addresses of the parties listed below, pursuant to Code of Civil Procedure section 1010.6, subd. (a) and (e), permitting electronic service of notices or documents that may be served by mail, express mail, overnight delivery, or facsimile transmission. No hard copies will follow.

| COUNSEL OF RECORD | PARTY REPRESENTED |
|---|---|
| Isaac Toveg, Esq. <br> Law Offices of Isaac Toveg <br> 2600 W. Olive Ave., 5th Floor <br> Burbank, CA 91505 <br> **isaactoveg@aol.com** | *Attorney for Plaintiff, Monica Araiza* |
| With cc to: <br> Manelki Anthony, Esq. <br> Jeremie Ginelli, Esq. <br> Maria Cordonero <br> Manelki.anthony@dot.ca.go <br> Jeremie.ginelli@dot.ca.gov <br> Maria.cordonero@dot.ca.gov | *Attorneys for California Dept. of Transportation* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 7, 2022 at Sacramento, California.

*Alanna Hayman*
ALANNA HAYMAN, Declarant

<div align="center">1</div>
<div align="center">PROOF OF SERVICE</div>

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SANTA BARBARA

Dated and Entered:   01/12/2022                              Time:  8:30 AM
Judicial Officer:    Timothy J Staffel
Deputy Clerk:        Cynthia Barajas-Garcia; Monica Magana   Dept:  SM3
Deputy Sheriff:      Louis Tanore
Court Reporter:      Tanya Gutierrez                         Case No: 21CV01049

**Monica Araiza et al vs The State of California**

Parties Present:

Ginelli, R Jeremie        Attorney for Defendant, via Zoom
Toveg, Isaac              Attorney for Plaintiff, via Zoom

---

**NATURE OF PROCEEDINGS***: Case Management Conference*

Mr. Ginelli presents an update to the court and indicates a third amended complaint will be filed by plaintiff's counsel within a couple of weeks. Mr. Toveg requests additional time to file the third amended complaint. The Court indicates a stipulation must be submitted forthwith. A discussion is held.

**THE COURT MAKES THE FOLLOWING ORDERS:**

This matter is continued to 04/20/2022 at 8:30 a.m. in Department SM3.

Counsel shall file a stipulation which includes the 01/28/2022 deadline date to file the third amended complaint, forthwith.

Mr. Ginelli shall provide notice.


DARREL E. PARKER, EXECUTIVE OFFICER          Minutes Prepared by:

                                             _____ , Deputy
                                                    Cynthia Barajas-Garcia


SC-2411 (Revised July 1, 2013)          **MINUTE ORDER**

Exhibit 1

1  ERIN E. HOLBROOK, Chief Counsel
   G. MICHAEL HARRINGTON, Deputy Chief Counsel
2  ARDINE ZAZZERON, Assistant Chief Counsel
   R. JEREMIE GINELLI (SBN 225596)
3  MANELKI ANTHONY (SBN 326205)
   California Department of Transportation - Legal Division
4  111 Grand Avenue, Suite 11-100, Oakland, CA 94612-3717
   **Mail:  P.O. BOX 24325, OAKLAND, CA 94623-1325**
5  Telephone: (510) 433-9100; Facsimile: (510) 433-9167

6  Attorneys for Defendant STATE OF CALIFORNIA,
   acting by and through the DEPARTMENT OF TRANSPORTATION
7

NO FEE PURSUANT TO GOV'T CODE § 6103
ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
1/13/2022 9:30 AM
By: Madelyn Mercer, Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SANTA BARBARA

10  MONICA ARAIZA, and IFRAIN ARAIZA,       Case No. 21CV01049

11              Plaintiffs,                 **NOTICE OF CASE MANAGEMENT
                                            CONFERENCE**
12
    vs.                                     ASSIGNED FOR ALL PURPOSES TO HON.
13                                          TIMOTHY STAFFEL
    THE STATE OF CALIFORNIA, and DOES
14  1 TO 100, INCLUSIVE,
                                            Action Filed: March 12, 2021
15              Defendants.                 Trial Date:  None set

16

17

18

19        TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS

20  OF RECORD:

21        PLEASE TAKE NOTICE THAT at the January 12, 2022 Case Management Conference, the

22  Court set a Further Case Management Conference for April 20, 2022 at 8:30 a.m. in Department 3 of

23  this Court.

24        PLEASE TAKE NOTICE THAT if the Defendants file a demurrer and/or motion to strike,

25  these hearings will take place in conjunction with the Case Management Conference on April 20,

26  2022 at 8:30 a.m.

27

28

<div style="text-align:left;font-size:small">CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION<br>111 Grand Avenue, Suite 11-100, Oakland, California 94612<br>Mail: P.O. Box 24325, Oakland, CA 94623-1325<br>Telephone: (510) 433-9100, Facsimile: (510) 433-9167</div>

1

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Dated: January 12, 2022

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ERIN E. HOLBROOK
G. MICHAEL HARRINGTON
ARDINE ZAZZERON
R. JEREMIE GINELLI
MANELKI ANTHONY

By _____
Attorneys for Defendant
STATE OF CALIFORNIA, acting by and
through the Department of Transportation

CALIFORNIA DEPARTMENT OF TRANSPORTATION – LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, California 94612
Mail: P.O. Box 24325, Oakland, CA 94623-13325
Telephone: (510) 433-9100, Facsimile: (510) 433-9107

**Case Name:** *Monica Araiza v. State of California, et al.*
**Case No.:**    Santa Barbara County Superior Court Case No. 21CV01049

<div align="center">

## PROOF OF ELECTRONIC SERVICE

</div>

I am employed in the City of Oakland, State of California. I am over the age of 18 years and not a party to the within action. My business address is 111 Grand Avenue, Oakland, California 94612; MAIL: P.O. BOX 24325, Oakland, CA 94623-1325.  On the date set forth below, I served a true copy of the following document(s):

<div align="center">

### NOTICE OF CASE MANAGEMENT CONFERENCE

</div>

on the interested party to said action by the following means:

[X]    **(BY ELECTRONIC-MAIL)** by attaching a copy of the document(s) in PDF format sent from Rosalie.H.Nguyen@dot.ca.gov to the email addresses of the parties listed below, pursuant to Code of Civil Procedure section 1010.6, subd. (a) and (e), permitting electronic service of notices or documents that may be served by mail, express mail, overnight delivery, or facsimile transmission. No hard copies will follow.

| COUNSEL OF RECORD | EMAIL ADDRESSES |
|---|---|
| **Isaac Toveg, Esq.**<br>LAW OFFICES OF ISAAC TOVEG<br>2600 W. Olive Ave., 5th Floor<br>Burbank, CA 91505<br><br>*Attorney for Plaintiff,*<br>*Monica Araiza* | isaactoveg@aol.com |
| With cc to:<br>**R. Jeremie Ginelli, Esq.**<br>**Manelki Anthony, Esq.**<br><br>CALIFORNIA DEPT OF TRANSPORTATION-<br>LEGAL DIVISION<br><br>*Attorneys for Defendant,*<br>*State of California Dept. of Transportation* | Jeremie.Ginelli@dot.ca.gov<br><br>Manelki.Anthony@dot.ca.gov<br><br>maria.cordonero@dot.ca.gov |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on January 13, 2022, at Fremont, California.

ROSALIE NGUYEN, Declarant

<div align="center">

1

</div>

Pursuant to CRC 2.259 this document has been electronically filed by the   MP
Superior Court of California, County of Santa Barbara, on 1/20/2022

1 | Isaac Toveg, Esq.   SBN 269729
2 | LAW OFFICES OF ISAAC TOVEG
3 | 2600 West Olive Avenue, 5th Floor
4 | Burbank, California 91505
  | Telephone No.: (818) 333-5202
5 | Facsimile No.:  (818) 333-5203

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA
**01/24/2022**
Darrel E. Parker, Executive Officer
BY  Delabra, Blanca
Deputy Clerk

6

7

8 | SUPERIOR COURT FOR THE STATE OF CALIFORNIA
  | THE COUNTY OF LOS ANGELES

9

10 | Monica Araiza, and Ifrain Araiza          )   Case No.: 21CV01049
                                              )
11 |              Plaintiffs,                  )   JOINT STIPULATION AND
                                              )
12 |                                          )   ~~PROPOSED~~ ORDER FOR LEAVE FOR
    |      vs.                                )
13 |                                          )   PLAINTIFF TO FILE THIRD
                                              )
14 | The State of California, and Does 1-100  )   AMENDED COMPLAINT
                                              )
15 | Inclusive
16
17 |              Defendants
18
19 | _____
20
21 | **TO THE HONORABLE COURT:**
22
23 |      This Joint Stipulation for Leave to File Plaintiff Monica Araiza and Ifrain Araiza's Third
24 | Amended Complaint is entered by and between Plaintiff Monica Araiza and Ifrain Araiza
25 | ("Plaintiffs") and Defendant The State of California and Does 1-100 Inclusive, herein after
26 | collectively referred to as the "Parties".
27
28

**WHEREAS,** on or about March 12, 2021, Plaintiffs filed the original complaint.

**WHEREAS,** on or about July 6th, 2021, Plaintiffs filed the First Amended Complaint.

**WHEREAS,** on or about December 6, 2021, Plaintiffs filed the Second Amended Complaint.

JOINT STIPULATION AND ~~PROPOSED~~ ORDER FOR LEAVE FOR PLAINTIFF TO FILE THIRD AMENDED
COMPLAINT

1   **WHEREAS** after meeting and conferring on the Second Amended Complaint, the Parties agreed

2   Plaintiff can and will file a Third Amended Complaint.

3   **WHEREAS** the parties desire to avoid the costs associated with a motion for leave to file the

5   Plaintiff's Third Amended Complaint and to avoid unnecessary waste of the Court's resources;

7   **THEREFORE, IT IS HEREBY STIPULATED** by and between the Parties through their

8   respective counsel of record as follows:

10      1.   Subject to the courts approval, Plaintiff shall be granted leave to file her Third Amended

11           Complaint and said Third Amended Complaint shall be filed by January 28, 2022.

13   **IT IS SO STIPULATED.**

14   DATED: January 13, 2022                    Law Office of Isaac Toveg

                                                Isaac Toveg

                                                Attorney for Plaintiff

21   DATED:  January 14, 2021

                                                Attorney for Defendant

JOINT STIPULATION AND ~~PROPOSED~~ ORDER FOR LEAVE FOR PLAINTIFF TO FILE THIRD AMENDED
COMPLAINT

**IT IS SO ORDERED**

The joint stipulation by the parties for leave for plaintiff to file Third Amended

Complaint is Granted.

DATE: _____**01/21/2022**_____

_____
Honorable Judge of The Superior Court

**Timothy J. Staffel**

JOINT STIPULATION AND ~~PROPOSED~~ ORDER FOR LEAVE FOR PLAINTIFF TO FILE THIRD AMENDED COMPLAINT

Exhibit 1

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
1/28/2022 8:31 PM
By: Jazmine Killian, Deputy

OK per 1/24/22 Order

Law Offices Of Isaac Toveg
Isaac Toveg SBN 269729
2600 W Olive Ave 5th Floor
Burbank CA 91505
818-333-5202
Isaactoveg@aol.com

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA BARBARA

| | |
|---|---|
| MONICA ARAIZA AND DOES 1 TO 5,<br><br>         Plaintiff,<br><br>vs.<br>THE STATE OF CALIFORNIA, AND BUREAU OF PRISONS WESTERN REGIONAL OFFICE -FCI LOMPOC AND DOES 2- 100 INCLUSIVE<br><br>        Defendant | Case No.: 21CV01049<br><br>**PLAI NTIFFS MONICA AND IFRAIN ARAIZA THIRD AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>**1. STATUTORY LIABILITY/ DANGEROUS CONDITION OF PUBLIC PROPERTY**<br><br>**2.NEGLIGENCE**<br><br>**3. WRONGFUL DEATH**<br><br>**DEMAND FOR JURY TRIAL** |

    Plaintiffs, Monica Araiza and Ifrain Araiza, file their Third Amended Complaint("TAC")

against Defendants the State of California, and Bureau of Prisons Western Regional Office FCI-

LOMPOC and does 2 to 100 Inclusive, alleging the following:

THE PARTIES

1. Plaintiffs, Monica Araiza, and Ifrain Araiza ("Plaintiffs') were at all times relevant hereto

were, residents in the city of Lemon Grove, California. Further plaintiffs were the parents

(mother and father of the decedent Selena J Araiza). Selena J Araiza (the decedent ) had no

PLAI NTIFFS MONICA AND IFRAIN ARAIZA THIRD AMENDED COMPLAINT FOR DAMAGES FOR:

- 1

Exhibit 1

1   children and was not married at the time of this fatal collision. Plaintiffs are the only heir of

2    the decedent Selena J Araiza.

3
4   2. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein

5   defendants State of CALIFORNIA (the State"), and does 2 to 100 was and is a public

6
    entity authorized to conduct business, including supervising and administering roads,
7
8   roadways, traffic conditions, intersections, intersection controls and all other highway

9   and roadway issues within the State of California. This includes, but is not limited to,

10
    control of the State Route 1 Road approximately 0.5 miles south of Santa Rosa Road.
11
12  (Subject Road")

13  2a. Further defendant Bureau of Prisons Western Regional Office FCI-Lompoc, Hereinafter

14  ("FCI- LOMPOC"), was the employer of Mr. Micheal Asunsion Hanson ("Hanson") on the day
15
16  of this fatal collision. He was within the course and scope of his employment at the time he

17  fatally crashed into the vehicle where Selena J. Araiza was a passenger in.

18
    3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 2
19
20  to 100 Inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will

21  Amend this complaint to allege their true names and capacities when ascertained. Plaintiff is

22
    informed and believes and based thereon alleges that each of these fictitiously named
23
24  defendants are responsible in some manner for the occurrences herein alleged, and that

25  Plaintiff's daughter's death alleged were proximately caused by the aforementioned

26
    defendants.
27
28  4. Plaintiff is informed and believes and based thereon alleges that at all times material herein

    each fictitiously named defendant was either the trued defendant or the agent and/ or employer

    PLAINTIFFS MONICA AND IFRAIN ARAIZA THIRD AMENDED COMPLAINT FOR DAMAGES FOR:
    - 1

1   of each other defendant and in doing the things alleged herein, was acting within the scope

2   and purpose of such agency and with the permission and consent of, and their actions were

3
4   ratified by the other Defendants.

5

6                  **GENERAL ALLEGATIONS**
7
8     5.Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein

9   "defendant" State of CALIFORNIA (the State") and does 2 to 100 was and is a public entity

10
11  authorized to conduct business, including supervising and administering roads, roadways.

12  traffic conditions, intersections, intersection controls and all other highway and roadway

13  issues within the State of California. This includes, but is not limited to, control of the State

14
15  Route 1 Road approximately 0.5 miles south of Santa Rosa Road .

16   6. On February 14, 2020, Joseph Hernandez was the driver in a vehicle driving southbound

17  with passenger Selena Josefina Araiza on State Route 1. As a result of  improper merging

18
19  lanes which existed at that time on State Route 1, the vehicle driven by Hanson, driving

20  northbound on State Route 1, who also was an employee of defendant Bureau of Prisons -

21  FCI LOMPOC, was unable to safely merge into traffic and collided with Selena Josefina

22
23  Araizas' vehicle resulting in her death.

24   7. Plaintiff is informed, believes and thereon alleges that at all relevant times hereto,

25  Defendants STATE of California and Does 2 through 100, inclusive, improperly owned,

26  operated, managed, designed, planned, engineered, maintained, installed, inspected, repaired.

27
28  Failed to repair and or controlled  the subject road on State Route 1 thereby creating dangerous

     conditions and exposing drivers to dangerous condition.

PLAI NTIFFS MONICA AND IFRAIN ARAIZA THIRD AMENDED COMPLAINT FOR DAMAGES FOR:

- 1

1   7a. Plaintiffs were informed, believe, and therefore allege, that defendant (FCI-LOMPOC)

2   employed Hanson, in which he was using his own vehicle in the scope and course of his

3

4   employment.

5   **NOTICE OF CLAIM AGAINST THE STATE OF CALIFORNIA**

6   8. Within the time provided by law, Plaintiff Monica Araiza filed a claim with the State of

7

8   California, in full compliance with the State of California's requirements of government code

9   section 910 et seq... On or about September 15, 2020, the State of California denied Plaintiff's

10   claim.

11

12   By reason of the foregoing, Defendants STATE, and Does 2 through 50, inclusive, and each

13   of them, are liable for, and Plaintiffs are entitled to recover of them, her general, special, actual

14   and compensatory damages, including, but not limited to, her necessary medical and related

15

16   expenses, past, present and future lost earnings, loss of future earning capacity, as well as mental,

17   emotional and physical pain and suffering, as proven at time of trial. The total amount of Plaintiffs

18   damages are presently unknown but is reasonably believed to be in excess of the minimum

19

20   jurisdictional limit of this Court.

21   **NOTICE OF CLAIM AGAINST FCI-LOMPOC**

22   8a.  Within the time provided by law, Plaintiffs Araiza filed a claim with the Bureau of

23

24   Prisons Western Regional Office, and FCI-LOMPOC, in full compliance with the appropriate

25   federal agency. As of this date the bureau of prisons have not replied to Plaintiffs' claim.

26   By reason of the foregoing defendant FCI-LOMPOC and does 2 to 50, and each of them are liable

27

28   for, and Plaintiffs are entitled to recover of them, her general, special, actual and compensatory

damages, including, but not limited to, her necessary medical and related expenses, past, present

PLAINTIFFS MONICA AND IFRAIN ARAIZA THIRD AMENDED COMPLAINT FOR DAMAGES FOR:

- 1

1  and future lost earnings, loss of future earning capacity, as well as mental, emotional and physical

2  pain and suffering, as proven at time of trial. The total amount of Plaintiffs damages are presently

3

4  unknown but is reasonably believed to be in excess of the minimum jurisdictional limit of this

5  Court.

6  <div align="center">**FIRST CAUSE OF ACTION**</div>

7

8  **Statutory Liability/Dangerous Condition of Public Property Against Defendants STATE,**

9  **BUREAU OF PRISONS (FCI-LOMPOC) and (DOES 2 through 100, inclusive)**

10     9. Plaintiff repeats, realleges paragraphs 1 thru 8 and incorporates by this reference as though

11

12     set forth in full herein all prior allegations of this Complaint.

13     10. Prior to and on , Defendants STATE, and  Does 2 through 100, inclusive, and/or their

14     management, administrative, designers, planners, engineers, maintenance personnel,

15

16     inspectors and/or other employees, staff, agents or contractors, acting within the course and

17     scope of their duties and/or employment, negligently and improperly owned, operated,

18

19     controlled, designed, planned, engineering, maintained, inspected, repaired, and/or failed to

20     repair, State Route 1 Road approximately 0.5 miles south of Santa Rosa Road .

21     thereby creating dangerous conditions under *Gov. Code § 835* and exposing drivers to

22

23     dangerous conditions. There should have been median walls, and barricades to prohibit cross

24     traffic. There was also a lack of warning sign regarding the merging of the two lanes.  The

25     STATE undertook to control the, invited the reliance of motorists on the road and are liable

26     as they created dangerous conditions in doing so. The absence of proper safety measures and

27

28     maintenance was done carelessly, negligently, inadequately and improperly and created a

     hazard, trap and dangerous condition under *Gov. Code § 835*. It also created a peculiar risk

PLAI NTIFFS MONICA AND IFRAIN ARAIZA THIRD AMENDED COMPLAINT FOR DAMAGES FOR:

- 1

                      Exhibit 1

and trap. Defendants STATE, and Does 2 through 100, inclusive, should have installed a barricade separating the south and north bound lanes, proper signage, barricades, other safety equipment and devices, warnings, and warning devices on the State Route 1.

11. The collision was foreseeable to Defendants STATE, and Does 2 through 50, inclusive, and, yet, they failed to warn (or adequately warn) drivers.

12. The dangerous conditions created a reasonably foreseeable risk of the kind of injuries which were sustained, and (a) a negligent or wrongful act or omission of an employee of Defendants STATE, and Does 2 through 100, inclusive, created the dangerous conditions; and/or (b) they had actual or constructive notice of the dangerous conditions a sufficient time prior to the injury to have taken measures to protect against the dangerous conditions. These dangerous conditions created a substantial risk of injury when the roadway was used with due care by the public generally as drivers oversteer the roadway for a variety of non-negligent circumstances (because of third party negligence, emergencies, mechanical failures and other unforeseen circumstances) and a barricade guardrail (and other appropriate safety measures listed within this complaint) is required to prevent vehicles from crashing each other.

13. The dangerous conditions and these acts and omissions of Defendants STATE, and Does 2 through 100, inclusive (and their management, administrative, designers, planners, engineers, maintenance personnel, inspectors and/or other employees, staff, agents or contractors, acting within the course and scope of their duties), proximately caused Plaintiff's injuries.

14.    Further, these dangerous conditions were directly attributable wholly or in substantial part

PLAINTIFFS MONICA AND IFRAIN ARAIZA THIRD AMENDED COMPLAINT FOR DAMAGES FOR:
- 1

to a negligent or wrongful act of employees Defendants STATE, and Does 2 through 100, inclusive, and these employees had the authority and the funds and other means immediately available to take alternative action which would not have created the dangerous condition, and/or these employees had the authority and it was his/her/their responsibility to take adequate measures to protect against the dangerous condition at the expense of the public entity and the funds and other means for doing so were immediately available to him/her/them, and he/she/they had actual or constructive notice of the dangerous condition a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

15.   Further, signs, warnings, properly maintaining the land or road, or other devices were necessary to warn of these dangerous conditions which endangered the safe movement of traffic and which would not be reasonably apparent to, and would not have been anticipated by, a person exercising due care.

16.   In addition, Defendants STATE, and Does 2 through 100, inclusive, and their employees acting within the scope of their employment undertook, gratuitously or for consideration, to avoid, remedy and/or abate these dangerous conditions. These undertakings and promises were the kind that they recognized as necessary for the protection of third persons. Defendants STATE, and Does 2 through 100, inclusive, and their employees acting within the scope of their employment failed to exercise reasonable care in the performance of these undertakings and promises, the failure to exercise reasonable care resulted in physical harm to the third persons; and *either* (a) their carelessness increased the risk of such harm, or (b) the undertaking or promises were to perform a duty that the other owed to the third persons, or (c) the harm was suffered because either the other or the third persons relied on the undertaking.

PLAI NTIFFS MONICA AND IFRAIN ARAIZA THIRD AMENDED COMPLAINT FOR DAMAGES FOR:

- 1

17. The driver of the other vehicle Michael Asunsion Hanson was employed at FCI-LOMPOC. And the plaintiffs are informed and believe that he was in the course and scope of his employment while traveling North on State Route 1. The state of California has a duty to provide and build a safe highway such as route 1 for all of the drivers navigating and to provide adequate signs, barriers separating the North and South lanes to prevent auto collisions such as what has occurred in this instance. Here Michael Asunsion Hanson fully aware that Route 1 Northbound merges from two lanes to one lane, attempted to speed up and overtake another vehicle, just prior to the merging. That attempt was unsuccessful and he lost control of his vehicle and went to the Southbound lane, across the median lane and collided with the vehicle Selena Araiza was a passenger in and killing her within hours of the collision. Michael Asunsion Hanson passed away within one month as a result of his vehicle colliding with Selena Ariza's vehicle. There was no adequate signs, nor adequate lighting, nor barrier separating Northbound from Southbound nor any other safety measures nor adequate maintenance. There has been a substantial amount of auto collisions occurring in that vicinity. Due to these acts and failures to act and dangerous conditions, Defendants STATE, and Does 2  through 100, inclusive, and their employees are liable for Plaintiff's injuries under the Government Code, including, but not limited to, Sections 830(a) thru 835.4 including but not limited to ,835.2, 835.4.

17a. Defendant FCI-LOMPOC are liable for plaintiffs injuries under the government code which includes but not limited to section 815, and 820(a).

18. The collision was foreseeable to Defendants STATE, and  Does 2 through 100, inclusive, and, yet, they failed to warn (or adequately warn) drivers. It is believed that notice was actually provided to Defendants STATE, and  Does 2 through 100, inclusive.

PLAINTIFFS MONICA AND IFRAIN ARAIZA THIRD AMENDED COMPLAINT FOR DAMAGES FOR:
- 1

18a. Further, the automobile collision was foreseeable to defendants FCI-LOMPOC AND DOES 2 TO 100 inclusive as when they have one of their employee drive his vehicle in the course and scope of his employment, it is foreseeable that he can be involved in an automobile collision which can result in a fatal crash as that is what happened in this suit.

19. The dangerous conditions created a reasonably foreseeable risk of the kind of injuries which were sustained, and (a) a negligent or wrongful act or omission of an employee of Defendants STATE, and FCI-LOMPOC, and Does 2 through 100, inclusive, created the dangerous conditions; and/or (b) they had actual or constructive notice of the dangerous conditions a sufficient time prior to the injury to have taken measures to protect against the dangerous conditions. These dangerous conditions created a substantial risk of injury when the roadway was used with due care by the public generally as drivers who are going at 55 MPH on Route 1 have to merge into one lane traffic with poor lighting, and other improper roadway route for a variety of non-negligent circumstances (because of third party negligence, emergencies, mechanical failures and other unforeseen circumstances) and a barricade is required to prevent vehicles from falling/crashing to each other..

20. The dangerous conditions and these acts and omissions of Defendants STATE, and Does 2 through 100, inclusive (and their management, administrative, designers, planners, engineers, maintenance personnel, inspectors and/or other employees, staff, agents or contractors, acting within the course and scope of their duties), proximately caused Plaintiff's injuries.

21. Further, these dangerous conditions were directly attributable wholly or in substantial part to a negligent or wrongful act of employees of Defendants STATE, and Does 2 through 100, inclusive, and these employees had the authority and the funds and other means immediately available to take alternative action which would not have created the dangerous condition, and/or

PLAINTIFFS MONICA AND IFRAIN ARAIZA THIRD AMENDED COMPLAINT FOR DAMAGES FOR:

- 1

1  these employees had the authority and it was his/her/their responsibility to take adequate measures
2  to protect against the dangerous condition at the expense of the public entity and the funds and
3
4  other means for doing so were immediately available to him/her/them, and he/she/they had actual
5  or constructive notice of the dangerous condition a sufficient time prior to the injury to have taken
6  measures to protect against the dangerous condition.
7
8  22. Further, signs, warnings or other devices were necessary to warn of these dangerous conditions
9  which endangered the safe movement of traffic and which would not be reasonably apparent to,
10 and would not have been anticipated by, a person exercising due care.
11
12 23. Further, Defendants STATE, and Does 2 through 100, inclusive, and their employees acting
13 within the scope of their employment undertook, gratuitously or for consideration, to avoid,
14
15 remedy and/or abate these dangerous conditions. These undertakings and promises were the kind
16 that they recognized as necessary for the protection of third persons. Defendants STATE, and
17 Does 2 through 100, inclusive, and their employees acting within the scope of their employment
18
19 failed to exercise reasonable care in the performance of these undertakings and promises, the
20 failure to exercise reasonable care resulted in physical harm to the third persons; and *either* (a)
21 their carelessness increased the risk of such harm, or (b) the undertaking or promises were to
22
23 perform a duty that the other owed to the third persons, or (c) the harm was suffered because either
24 the other or the third persons relied on the undertaking.
25     24. Due to these acts and failures to act and dangerous conditions, Defendants STATE, and
26
27 Does 2 through 100, inclusive, and their employees are liable for Plaintiff's injuries under the
28 Government Code, including, but not limited to, Sections, *830(a), through 835.4, (excluding 830.6 and 830.8)*

PLAINTIFFS MONICA AND IFRAIN ARAIZA THIRD AMENDED COMPLAINT FOR DAMAGES FOR:

- 1

24a. Due to these acts and failures to act, the FCI-LOMPOC are liable for their employees

actions while driving in the course and scope of their employment under the government code

including but not limited to section 815 and 820a.

## SECOND CAUSE OF ACTION

### (Negligence Against Defendant FCI-LOMPOC AND DOES 2 - 100 inclusive)

25. Plaintiff repeats, realleges paragraphs 1 thru 24a, and incorporates by this reference as

though set forth in full herein all prior allegations of this Complaint.

26. Plaintiffs allege, that at said time and place at or near the subject location, Defendants

FCI-LOMPOC Employee Hanson committed wrongful acts which proximately caused the

automobile collision that killed Ms. Araiza.

27. Defendant FCI-LOMPOC is responsible for the acts of employees and agents including

Hansen, under the theory of respondeat superior. Further, Defendant FCI-LOMPOC is vicariously

liable for acts and omission of their employees, including Hanson, in the course and scope of their

employment pursuant to California Government Code 815.2a and 820a.

28. Hanson was negligent while driving his vehicle northbound on U.S 1, where he carelessly

drove across the median line and collided with the vehicle driving on the southbound lanes and

killing Ms. Araiza who was the passenger of the vehicle that was struck by Hanson vehicle. As a

result of Hanson's negligently driving his vehicle into the oncoming southbound traffic on State

Route 1, Hanson destroyed the relationship between the decedent Selena Araiza and the plaintiffs,

and as legally, proximately, foreseeably and actually caused severe emotional damages, including

the loss of society, companionship, emotional distress, economic and non economic damages

PLAINTIFFS MONICA AND IFRAIN ARAIZA THIRD AMENDED COMPLAINT FOR DAMAGES FOR:

- 1

1    according to proof at the time of trial.

2    29.Further DOES 2 through 100, inclusive, so negligently and improperly owned, operated,

3    controlled, designed, planned, engineering, maintained, inspected, installed , repaired, and/or

4

5    failed to repair,  State Route 1 approximately 0.5 miles South of Santa Rosa Rd. so as to cause

6    fatal injury to Plaintiffs' daughter. Thereby proximately causing the herein described wrongful

7
     death and damages to Plaintiffs Selena Josefina Araiza .
8

9    30. Defendant Does 2 through 100 is responsible for the acts of employees and agents including

10   Hansen Under the theory of respondeat superior. DOES 2 through 100, inclusive, and/or their
11
     management, administrative, designers, planners, engineers, maintenance personnel, inspectors
12

13   and/or other employees, staff, agents or contractors, acting within the course and scope of their

14   duties and through negligent or wrongful acts or omissions created, or allowed to be created, a
15
     dangerous condition. The installation, maintenance, repair, operation, monitoring and/or control
16

17   of  State Route 1 were done negligently, inadequately and improperly and created a hazard, trap

18   and dangerous condition. It also created a peculiar risk and trap as Defendants  Does 2 through
19
     100, inclusive, should have installed signal lights, and warning signs letting drivers know that the
20

21   lanes were merging, barricades, other safety equipment and devices, warnings, and warning

22   devices on the road on State Route 1.
23

24   31. As a direct and proximate result of the conduct of Defendant  FCI-LOMPOC's employee

25   Hanson, and or DOES 2 through 100, inclusive, are liable for, and Plaintiff is entitled to recover
26
     of them, her general, special, actual and compensatory damages, including, but not limited to, her
27

28   necessary medical and related expenses, past, present and future lost earnings, loss of future

     earning capacity, as well as mental, emotional and physical pain and mental suffering, as proven

     PLAI NTIFFS MONICA AND IFRAIN ARAIZA THIRD AMENDED COMPLAINT FOR DAMAGES FOR:

     - 1

1  at time of trial. The total amount of Plaintiff's damages is presently unknown but is reasonably

2  believed to be in excess of the minimum jurisdictional limit of this Court.

3

4

5  **THIRD CAUSE OF ACTION:   WRONGFUL DEATH Against Defendants STATE, against**

6  **FCI-LOMPOC, and (DOES 2 through 100, inclusive)**

7

8  32. PLAINTIFF realleges paragraphs 1 through 31, inclusive, and incorporates them herein by

9  reference as though set forth in full.

10  33. As a direct and proximate of each DEFENDANTS' actions or inactions, carelessness,

11  recklessness, wantonness, and unlawfulness, PLAINTIFF suffered fatal injuries.

12

13  34.These were wrongful acts done in the course of employment which permits then the designated

14  beneficiaries or issues of the decedent to recover damages as they are entitled for their own

15  independent injury and loss under CCP 377.60 and 377.62.

16

17  35. As a further direct and proximate result of each DEFENDANTS actions or inactions,

18  carelessness, recklessness, wantonness, and unlawfulness, PLAINTIFFS' has suffered economic

19  damages, including but not limited to monetary contributions and financial support from

20  PLAINTIFF, loss of gifts or benefits, household services, noneconomic damages, including but

21  not limited to being deprived of the love, affection, solace, companionship, society, moral support,

22  assistance, protection, training and guidance, consortium, services, comfort, care, counsel and

23  advice of PLAINTIFF, and any other damages as permitted by law which includes but not limited

24  to government code section 830a, through 835.

25

26  36. Further, FCI-LOMPOC is responsible for the acts of their employees and agents, including

27  Hanson, under the theory of vicarious liability for acts and omissions of their employees

28

PLAINTIFFS MONICA AND IFRAIN ARAIZA THIRD AMENDED COMPLAINT FOR DAMAGES FOR:

- 1

1  undertaken in the course and scope of their employment pursuant to California Government Code

2  815.2a and 820a.

3

4  ### REQUEST FOR JURY TRIAL

5  Plaintiffs hereby requests a trial by jury on all claims for relief alleged in, and on all issues

6  raised by, this Complaint.

7

8  ### PRAYER

9  WHEREFORE, Plaintiff demands judgment against Defendants as follows:

10  1.      For an award of Plaintiffs general, special, actual and compensatory damages as

11  proven at time of trial, with interest thereon according to law;

12

13  2.      For an award of the costs incurred by Plaintiffs in bringing and maintaining this action;

14  3.      For such other and further relief which this Court deems just and proper.

15

16  Electronic signature is equivalent to a live signature.

17  DATED:      January 28th, 2022                    By: Law Office of Isaac Toveg PLC

18                                                    /S/ ISAAC TOVEG

19

20                                                    Isaac Toveg, Attorney

21

22

23

24

25

26

27

28

PLAINTIFFS MONICA AND IFRAIN ARAIZA THIRD AMENDED COMPLAINT FOR DAMAGES FOR:

- 1

1

**PROOF OF SERVICE**

2

3        I, the undersigned, say:  I am over 18 years of age, employed in the County of Los
Angeles, California, in which the within-mentioned service occurred; and that I am not a party to
the subject case.  My business address is 2600 West Olive Avenue, 5th Floor, Burbank,
California 91505.

4

5

6        On  January 28, 2022, I served the following document(s):
1.   PLAINTIFFS THIRD AMENDED COMPLAINT, PLAINTIFFS THIRD AMENDED
     SUMMONS,
To the following :

7

8

9    A. Bureau of Prisons Western Regional Office
Appropriate agency: FCI LOMPOC CA 93436,

10

11   B. The State Of California
www.dot.ca.gov

12

13       ( ) BY MAIL.  I am familiar with this firm's practice of collection and processing
correspondence for mailing with the United States Postal Service, and that the
correspondence shall be deposited with the United States Postal Service this same day in
the ordinary course of business pursuant to Code of Civil Procedure, §1013a.
( ) BY FAX.  A copy of said document(s) were delivered by facsimile  transmission to
the addressee pursuant to Code of Civil Procedure §1013(e):
( X )    BY Email.  I caused said document(s) to be delivered electronically to the
addressee pursuant to Code of Civil Procedure §1011.

14

15

16

17

18

19   I declare under the penalty of perjury, under the laws of the State of California that the foregoing
is true and correct.  Executed this 1/28/22, in Burbank, CA 91505.

20

21                                            Diana Adon
                                             /S/ Diana Adon
22                                              Declarant

23

24

25

26

27

28

PLAI NTIFFS MONICA AND IFRAIN ARAIZA THIRD AMENDED COMPLAINT FOR DAMAGES FOR:

- 1

**SUM-100**

*THIRD AMENDED* **SUMMONS**
*(CITACION JUDICIAL)*

<table>
<tr><td></td><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)<br>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>1/28/2022 8:31 PM<br>By: Jazmine Killian, Deputy</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

The State of California, and Bureau of Prisons Western Regional Office- FCI Lompoc, and Does 2 -

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Monica Araiza and Ifrain Araiza

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California, County of Santa<br>Barbara: Santa Maria - Cook, 312 - C East Cook Street, Santa Maria, CA 93454 | CASE NUMBER: *(Número del Caso):*<br>21CV01049 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Law Office of Isaac Toveg PLC, Isaac Toveg (SBN: 269729), 2600 W. Olive Ave, 5th floor, Burbank, CA 91325, (818)333-5202

| DATE:<br>*(Fecha)*  1/28/22 | Clerk, by<br>*(Secretario)* /s/ Jazmine Killian | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |

For your protection and privacy, please press the Clear
This Form button after you have printed the form.    [ Print this form ]  [ Save this form ]    [ Clear this form ]

146                                         Exhibit 1

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(NAME AND ADDRESS)*:<br>Law Office of Isaac Toveg PLC, Isaac Toveg (SBN: 269729)<br>2600 W. Olive Ave, 5th floor, Burbank, CA 91505<br><br>ATTORNEY FOR *(NAME)*: Plaintiff Monica Araiza and Ifrain Araiza | TELEPHONE NO.:<br>818-333-5202 | *FOR COURT USE ONLY*<br>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>1/28/2022 8:31 PM<br>By: Jazmine Killian, Deputy |
|---|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA | |
|---|---|
| ☐ Santa Barbara–Anacapa     ☒ Santa Maria-Cook     ☐ Lompoc Division<br>   1100 Anacapa Street          312-C East Cook Street   115 Civic Center Plaza<br>   Santa Barbara, CA  93101    Santa Maria, CA  93454   Lompoc, CA  93436 | |

| PLAINTIFF:  Monica Araiza, Ifrain Araiza<br><br>DEFENDANT: The State of California and Does 1 - 100 Inclusive | |
|---|---|

| AMENDMENT TO COMPLAINT<br>(Fictitious / Incorrect Name) | CASE NUMBER:<br>21CV01049 |
|---|---|

☒ **FICTITIOUS NAME (No order required)**

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

| FICTITIOUS NAME |
|---|
| Does 1 |

and having discovered the true name of the defendant to be:

| TRUE NAME |
|---|
| Bureau of Prisons Western Regional Office - FCI Lompoc |

amends the complaint by substituting the true name for the fictitious name wherever it appears on the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 1/28/2022 | Isaac Toveg | |

☐ **INCORRECT NAME (Order required)**

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

| INCORRECT NAME |
|---|
| |

and having discovered the true name of the defendant to be:

| TRUE NAME |
|---|
| |

amends the complaint by substituting the true name for the incorrect name wherever it appears on the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

**ORDER**

THE COURT ORDERS the amendment approved and filed.

Dated: 1/28/2022 _____          _____
                                                                         Judge of the Superior Court

| SC-2000 [Rev. Jan. 2020] | AMENDMENT TO COMPLAINT<br>(Fictitious / Incorrect Name) | CCP §§ 471.5, 472, 473, 474 |
|---|---|---|

147                                                          Exhibit 1

1 | ERIN E. HOLBROOK, Chief Counsel
G. MICHAEL HARRINGTON, Deputy Chief Counsel
2 | ARDINE ZAZZERON, Assistant Chief Counsel
R. JEREMIE GINELLI (SBN 225596)
3 | MANELKI ANTHONY (SBN 326205)
California Department of Transportation - Legal Division
4 | 111 Grand Avenue, Suite 11-100, Oakland, CA 94612-3717
**Mail: P.O. BOX 24325, OAKLAND, CA 94623-1325**
5 | Telephone: (510) 433-9100; Facsimile: (510) 433-9167

6 | Attorneys for Defendant STATE OF CALIFORNIA,
acting by and through the DEPARTMENT OF TRANSPORTATION
7 | **NO FEE PURSUANT TO GOV'T CODE § 6103**

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
2/25/2022 8:55 AM
By: Jazmine Killian, Deputy

8

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

### FOR THE COUNTY OF SANTA BARBARA

10

11 | MONICA ARAIZA, and IFRAIN ARAIZA,

12 | Plaintiffs,

13 | vs.

14 | THE STATE OF CALIFORNIA, and DOES
1 TO 100, INCLUSIVE,

15

16 | Defendants.

Case No.  21CV01049

**DECLARATION OF MANELKI
ANTHONY  IN SUPPORT OF
AUTOMATIC EXTENSION AND
REGARDING GOOD FAITH ATTEMPT
TO MEET AND CONFER PURSUANT TO
CODE OF CIVIL PROCEDURE
SECTION 430.41(a)(2) and 435.5(a)(2);**

ASSIGNED FOR ALL PURPOSES TO HON.
TIMOTHY STAFFEL

Action Filed: March 12, 2021
Trial Date:  None set

17

18

19

20

21 | ///

22 | I, MANELKI ANTHONY, declare as follows:

23 | 1.    I am an attorney at law, employed by the California Department of Transportation

24 | ("State").  I am licensed to practice in all courts of law in the State of California.  I have personal

25 | knowledge of the facts set forth in this declaration and if called as a witness could and would

26 | testify as set forth herein.

27 | 2.    The State intends to file a demurrer and/or motion to strike to Plaintiff Monica

28 | Araiza's ("Plaintiff") Third Amended Complaint in this action.  Before the State can do so, the

1

DECLARATION OF MANELKI ANTHONY  IN SUPPORT OF AUTOMATIC EXTENSION AND REGARDING GOOD FAITH ATTEMPT TO
MEET AND CONFER PURSUANT TO CODE OF CIVIL PROCEDURE   SECTION 430.41(a)(2) and 435.5(a)(2);

1   State is required to complete a meet and confer process with the party who filed the pleading that

2   the State's intends to demurrer to or file a motion to strike against, at least five days before the date

3   when the responsive pleading is due. We have not been able to complete the meet and confer

4   process. I have not previously requested an automatic extension of time. Therefore, on timely

5   filing and serving a declaration that meets the requirements of Code of Civil Procedure section

6   430.41(a) and 435.5(a), the State is entitled to an automatic 30-day extension of time within which

7   to file a responsive pleading.

8       3.      I made a good faith attempt to meet and confer with Plaintiff's counsel, Mr. Issac

9   Toveg, at least five days before the date the State's response to Plaintiff's Third Amended

10  Complaint was due. I have been unable to complete the meet and confer process, and the parties

11  are still engaging in a good faith effort to resolve the concerns raised by the State.

12      4.      On February 24, 2022, I sent Mr. Toveg via email, a detailed correspondence

13  identifying deficiencies with the Third Amended Complaint and intention to have a telephone

14  conversation to further discuss the State's concerns. A true and correct copy of my correspondence

15  to counsel for Plaintiff is attached herein as **Exhibit A**.

16      5.      On February 24, 2022 I called Mr. Toveg's office to discuss the State's concerns

17  with the Third Amended Complaint. Since Mr. Toveg was unavailable, I left a voicemail. I

18  followed up with an e-mail offering to schedule a telephone call to discuss further.

19      6.      I intend to continue the meet and confer process in good faith in compliance with

20  Code of Civil Procedure sections 431.41 and 435.5.

21      I declare under penalty of perjury under the laws of the State of California that the

22  foregoing is true and correct.

23      Executed in Hayward, California on the 24th day of February, 2022.

24

25

26      By: _____

27          MANELKI ANTHONY

28

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, California 94612
Mail: P.O. Box 243285, Oakland, CA 94623-1285
Telephone: (510) 433-9100, Facsimile (510) 433-9167

2

**EXHIBIT A**

Exhibit 1

| | |
|---|---|
| **From:** | Anthony, Manelki@DOT |
| **To:** | Isaac Toveg |
| **Cc:** | Ginelli, Jeremie@DOT |
| **Subject:** | Araiza v. State of CA et.al - Meet and Confer regarding the Third Amended Complaint |
| **Date:** | Thursday, February 24, 2022 9:50:00 AM |
| **Attachments:** | image003.png |

Dear Counsel,

This is a meet-and-confer letter pursuant to Code of Civil Procedure sections 430.41 and 435.5(a) concerning the Second Amended Complaint ("TAC") filed by Plaintiff Monica Araiza. I wanted to briefly outline the deficiencies in the TAC before I call you to discuss further. All deficiencies discussed below are mostly the same deficiencies outlined in my letter to you dated December 22, 2021 concerning the Second Amended Complaint:

1. Plaintiff Ifrain Araiza remains as a Plaintiff in the TAC – as outlined in detail in my correspondence to you dated December 22, 2021, Plaintiff Ifrain Araiza's claims against Caltrans fail to state any cause of action and are subject to general demurrer because of the failure to comply with the mandatory Tort Claims Act. <u>Plaintiff Ifrain remains named throughout the body of the TAC</u> although he is removed from the Caption. The heading of TAC also includes Ifrain Araiza's name. TAC also refer to "Plaintiff" and "Plaintiffs" throughout the body seemingly referring to both Monica and Ifrain Araiza. If Ifran Araiza removed, his name has to be entirely removed from the TAC.

2. The TAC further states generally that the State is liable under the Gov. Code. including but not limited to "Sections 830 (a) through 835.4". (Paragraphs 17, 35). In Paragraph 24, the TAC states that the STATE and their employees are liable for Plaintiff's injuries under the Government Code, including, but not limited to, Sections 830 (a) through 835.4 (excluding 830.6 and 830.8). Government Code Sections 830 (a) through 835.4 include various definitions and immunities that do not form basis for liability under a Dangerous Conditions of Public Property Cause of Action or Wrongful Death Cause of Action. Therefore, these sections are subject to both general Demurrer and Motions to Strike.

We are happy to continue our meet and confer efforts in detail. I will call you later today to discuss further. I am hopeful that we can reach an amicable resolution out of court. We will be filing a Meet and Confer Declaration which allows us an automatic 30 day extension to file our Response.

Thank You.

Manelki Anthony
Deputy Attorney
California Department of Transportation
Bay Area Legal Office
111 Grand Avenue, Suite 11-162
Oakland, CA 94623

Exhibit 1

Office : (510) 433-9100
Cell : (415) 845-6141

☻ State of California | 🚊 Caltrans

CONFIDENTIALIITY NOTICE
This is a privileged attorney-client/attorney work-product communication. It is for the sole use of
the intended recipient(s). Any unauthorized review, use, disclosure or distribution is prohibited.  If
you are not the intended recipient, please contact the sender by reply e-mail and destroy all
copies of the original message. Do not print, copy, or forward.

Exhibit 1

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, CA 94612
Mail: P.O. Box 24325, Oakland, CA 94623-1325
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

**Case Name:** *Monica Araiza v. State of California, et al.*
**Case No.:**   Santa Barbara County Superior Court Case No. 21CV01049

### PROOF OF SERVICE

I, the undersigned, say:  I am, and was at all times herein mentioned, employed in the City of Oakland, and County of Alameda, over the age of 18 years and not a party to the within action or proceedings; that my business address is 111 Grand Avenue, Suite 11-100, Oakland, California 94612; Mail: P.O. Box 24325, Oakland, CA 94623-1325; that on the date set forth below, I served the within:

1.  **DECLARATION OF MANELKI ANTHONY IN SUPPORT OF AUTOMATIC EXTENSION AND REGARDING GOOD FAITH ATTEMPT TO MEET AND CONFER PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 430.41(a)(2) and 435.5(a)(2)**

on all interested parties in said action by:

[√]      **(BY ELECTRONIC-MAIL)** by attaching a copy of the document(s) in PDF format sent from alanna.hayman@dot.ca.gov to the email addresses of the parties listed below, pursuant to Code of Civil Procedure section 1010.6, subd. (a) and (e), permitting electronic service of notices or documents that may be served by mail, express mail, overnight delivery, or facsimile transmission. No hard copies will follow.

| COUNSEL OF RECORD | PARTY REPRESENTED |
|---|---|
| Isaac Toveg, Esq.<br>Law Offices of Isaac Toveg<br>2600 W. Olive Ave., 5th Floor<br>Burbank, CA 91505<br>**isaactoveg@aol.com** | *Attorney for Plaintiff, Monica Araiza* |
| With cc to:<br>Manelki Anthony, Esq.<br>Jeremie Ginelli, Esq.<br>Maria Cordonero<br>Manelki.anthony@dot.ca.go<br>Jeremie.ginelli@dot.ca.gov<br>Maria.cordonero@dot.ca.gov | *Attorneys for California Dept. of Transportation* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 25, 2022 at Sacramento, California.

*Alanna Hayman*
ALANNA HAYMAN, Declarant

1
PROOF OF SERVICE

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| R.Jeremie Ginelli (SBN 225596); Manelki Anthony (SBN 326205) State of California, California Department of Transportation ("Caltrans") 111 Grand Avenue, Oakland, CA 94623-1325 | ELECTRONICALLY FILED Superior Court of California County of Santa Barbara Darrel E. Parker, Executive Officer 3/30/2022 1:40 PM By: Madelyn Mercer, Deputy |

TELEPHONE NO.: (510) 433-9100    FAX NO. *(Optional):* (510) 433-9167
E-MAIL ADDRESS: manelki.anthony@dot.ca.gov
ATTORNEY FOR *(Name):* Defendant State of California

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA BARBARA
STREET ADDRESS: 213-C East Cook Street
MAILING ADDRESS: 213-C East Cook Street
CITY AND ZIP CODE: Santa Maria 93454
BRANCH NAME: Cook Division

PLAINTIFF/PETITIONER: Monica Araiza, et al.

DEFENDANT/RESPONDENT: State of California, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  [x] UNLIMITED CASE        [ ] LIMITED CASE (Amount demanded          (Amount demanded is $25,000 exceeds $25,000)                or less) | 21CV01049 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: April 20, 2022      Time: 08:30 am      Dept.: 3      Div.: Civil      Room:

Address of court *(if different from the address above):*

[x]   Notice of Intent to Appear by Telephone, by *(name):* Manelki Anthony, Esq., R.Jeremie Ginelli, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [x] This statement is submitted by party *(name):* State of California, Caltrans
   b. [ ] This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a.  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a.  Type of case in  [x] complaint       [ ] cross-complaint      *(Describe, including causes of action):*
      Plaintiff alleges damages from an automobile accident. Plaintiff's three causes of action are Negligence, Wrongful Death & Dangerous Condition of Public Property

Page 1 of 5

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720–3.730 www.courts.ca.gov |
|---|---|---|

Exhibit 1

CM-110

| PLAINTIFF/PETITIONER: Monica Araiza, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: State of California, et al. | 21CV01049 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiffs allege damages resulting from an accident that occurred on February 14, 2020. Decedent Selena Araiza was a passenger in a vehicle that collided with another vehicle on southbound State Route 1, near Santa Rosa Road in Lompoc, California.

[ ] *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request [x] a jury trial [ ] a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. [ ] The trial has been set for *(date):*
b. [x] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
6/3/22- 6/17/22 (Prepaid Vacation); 7/1/22 (Prepaid Vacation); 8/24/22 -8/31/22 (prepaid vacation); 9/26/22 - 10/7/22 (Trial);1/9/23-1/20/23 (Trial).

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. [x] days *(specify number):* 7-9
b. [ ] hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial [x] by the attorney or party listed in the caption [ ] by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
f. Fax number:
e. E-mail address:
g. Party represented:
[ ] Additional representation is described in Attachment 8.

9. **Preference**
[ ] This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.
   (1) For parties represented by counsel: Counsel [x] has [ ] has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
   (2) For self-represented parties: Party [ ] has [ ] has not reviewed the ADR information package identified in rule 3.221.
b. **Referral to judicial arbitration or civil action mediation** (if available).
   (1) [ ] This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
   (2) [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   (3) [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: Monica Araiza, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: State of California, et al. | 21CV01049 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

Exhibit 1

CM-110

| PLAINTIFF/PETITIONER:  Monica Araiza, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  State of California, et al. | 21CV01049 |

**11. Insurance**

    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

    ☐ Bankruptcy ☐ Other *(specify):*

    Status:

**13. Related cases, consolidation, and coordination**

    a. ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

      ☐ Additional cases are described in Attachment 13a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

    ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):* Potential Demurrer and Motion to Strike portions of the Third Amended Complaint , Motion for Judgment on Pleadings, Motion for Summary Judgment as applicable.

**16. Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant Caltrans | Written Discovery | September,2022 |
| Defendant Caltrans | Depositions | 30 days before trial |
| Defendant Caltrans | Document Subpoenas | Per Statutory Period |
| Defendant Caltrans | Expert Depositions | Per Code |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

---

CM-110 [Rev. September 1, 2021]        **CASE MANAGEMENT STATEMENT**        Page 4 of 5

Exhibit 1

CM-110

| PLAINTIFF/PETITIONER:  Monica Araiza, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  State of California, et al. | 21CV01049 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*
Parties met and conferred regarding the deficiencies in the Third Amended Complaint. Plaintiff's counsel has agreed to amend certain portions. Parties' meet and confer efforts are continuing.

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: March 30, 2022

Manelki Anthony
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

► *Manelki Anthony*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

►
_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. September 1, 2021]   **CASE MANAGEMENT STATEMENT**   Page 5 of 5

Exhibit 1

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100, Oakland, CA 94612
Mail: P.O. Box 24325, Oakland, CA 94623-1325
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

**Case Name:** *Monica Araiza v. State of California, et al.*
**Case No.:** <u>Santa Barbara County Superior Court [Santa Maria-Cook] Case No. 21CV01049</u>

## <u>PROOF OF SERVICE</u>

I, the undersigned, say:  I am, and was at all times herein mentioned, employed in the City of Oakland, and County of Alameda, over the age of 18 years and not a party to the within action or proceedings; that my business address is 111 Grand Avenue, Suite 11-100, Oakland, California 94612; Mail: P.O. Box 24325, Oakland, CA 94623-1325; that on the date set forth below, I served the within:

1. **CASE MANAGEMENT STATEMENT**

on all interested parties in said action by:

[√] **(BY ELECTRONIC-MAIL)** by attaching a copy of the document(s) in PDF format sent from alanna.hayman@dot.ca.gov to the email addresses of the parties listed below, pursuant to Code of Civil Procedure section 1010.6, subd. (a) and (e), permitting electronic service of notices or documents that may be served by mail, express mail, overnight delivery, or facsimile transmission. No hard copies will follow.

| COUNSEL OF RECORD | PARTY REPRESENTED |
|---|---|
| Isaac Toveg, Esq.<br>Law Offices of Isaac Toveg<br>2600 W. Olive Ave., 5th Floor<br>Burbank, CA 91505<br>**isaactoveg@aol.com** | *Attorney for Plaintiff, Monica Araiza* |
| With cc to:<br>Manelki Anthony, Esq.<br>Jeremie Ginelli, Esq.<br>Maria Cordonero<br>Manelki.anthony@dot.ca.go<br>Jeremie.ginelli@dot.ca.gov<br>Maria.cordonero@dot.ca.gov | *Attorneys for California Dept. of Transportation* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 30, 2022 at Sacramento, California.

*Alanna Hayman*
ALANNA HAYMAN, Declarant

1
PROOF OF SERVICE

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State, Bar number, and address):<br>**Law offices of Isaac Toveg PLC**<br>**2600 W Olive Ave, 6th Floor**<br>**Burbank, CA 91505**<br>    TELEPHONE NO.: **818-333-5202**    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): **MONICA ARAIZA; ET AL.** | *FOR COURT USE ONLY*<br>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>4/13/2022 1:28 PM<br>By: Jazmine Killian, Deputy |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA<br>    STREET ADDRESS: **312-C East Cook Street**<br>    MAILING ADDRESS: **312-C East Cook Street**<br>    CITY AND ZIP CODE: **Santa Maria 93454**<br>    BRANCH NAME: **Santa Maria Courthouse, Cook Division** |
|---|

| PLAINTIFF/PETITIONER: MONICA ARAIZA; ET AL. | CASE NUMBER:<br>**21CV01049** |
|---|---|
| DEFENDANT/RESPONDENT: THE STATE OF CALIFORNIA; ET AL. | |
| **DECLARATION OF NON SERVICE** | Ref. No. or File No.:<br>**REF-9831335** |

I declare that I am and was on the dates herein mentioned, over the age of 18 years, not a party to nor interested in the above entitled action, and competent to be a witness therein.

I received the following documents for service:
**THIRD AMENDED SUMMONS; THIRD AMENDED COMPLAINT; AMENDMENT TO COMPLAINT; STATEMENT OF DAMAGES**

I attempted to serve        **Federal Correctional Institution Lompoc**
at the address of          **3600 Guard Road, Lompoc, CA 93436**

and was unable to effect service for the following reasons:
**4/4/2022 8:42 AM: I was unable to access the address due to impassable road.**
**4/8/2022 2:29 PM: I spoke with an individual who indicated they were the employee.  Service is not allowed at this facility. The documents need to be served at the attorney general's office.**

Fee for service: **$ 85.00**

I am a registered California process server; my name, address, phone number, and county of registration and number are:

**Keith B Baichtal**                                    For:              **ABC Legal Services, LLC**
**844 Zackery Ct, Santa Maria, CA 93455**              Registration #:  **6779**
**805-268-5701**                                       County:          **Los Angeles**
**Santa Barbara County, ##286**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.
Date:  04/08/2022

|  |  |
|---|---|
| Keith B Baichtal<br>(PRINTED NAME OF DECLARANT) | (SIGNATURE OF DECLARANT) |

---

REF: REF-9831335

**DECLARATION OF NON SERVICE**

Tracking #: 0085456308

Exhibit 1

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA BARBARA

| | | |
|---|---|---|
| Dated and Entered: | 04/20/2022 | Time:  8:30 AM |
| Judicial Officer: | Timothy J Staffel | |
| Deputy Clerk: | Cynthia Barajas-Garcia | Dept:  SM3 |
| Deputy Sheriff: | Steve Adam | |
| Court Reporter: | Susan Davison | Case No: 21CV01049 |

### Monica Araiza et al vs The State of California et al

Parties Present:

| | |
|---|---|
| Anthony, Manelki | Attorney for Defendant State of CA Department of Transportation, via Zoom |
| Toveg, Isaac | Attorney for Plaintiff Monica Araiza, via Zoom |

**NATURE OF PROCEEDINGS**: *Case Management Conference*

Mr. Toveg presents his position regarding the addition of the Bureau of Prisons to the amended complaint.

Mr. Toveg represents that the parties have initiated the discovery process and indicates mediation may be scheduled.

Ms. Anthony requests the proposed fourth amended complaint be submitted prior to scheduling mediation. Mr. Toveg indicates that he anticipates he will present the fourth amended complaint within 60-days, while he waits to hear back from the Bureau of Prisons.

A discussion is held regarding a continuance.

**THE COURT MAKES THE FOLLOWING ORDERS:**

This matter is continued to 07/06/2022 at 8:30 a.m. in Department SM3.

Notice is waived.

DARREL E. PARKER, EXECUTIVE OFFICER

Minutes Prepared by:

_____ , Deputy
Cynthia Barajas-Garcia

SC-2411 (Revised July 1, 2013)                    **MINUTE ORDER**

Exhibit 1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 312-C East Cook Street<br>CITY AND ZIP CODE: Santa Maria CA 93454<br>BRANCH NAME: Cook | **FILED**<br>SUPERIOR COURT of CALIFORNIA<br>COUNTY of SANTA BARBARA<br><br>MAY 0 2 2022<br><br>Darrel E. Parker, Executive Officer<br>BY _Trothia Ch.Q_ *signature*<br>V. Winn, Deputy Clerk |
| CAPTION:<br>**Monica Araiza et al vs The State of California et al** | |
| **NOTICE OF RESETTING HEARING** | CASE NUMBER:<br>**21CV01049** |

NOTICE IS HEREBY GIVEN THAT the **Case Management Conference** scheduled in the above-entitled matter has been rescheduled as follows:

Appearance by Zoom video conference is currently optional for most hearings, including Civil Case Management Conferences, unless the court has directed otherwise. Appearance by Zoom for Evidentiary Hearings and Trials require prior court authorization. Appearance by Zoom is not authorized for any proceedings in North County Unlawful Detainer cases without prior court authorization. If appearance by Zoom is not authorized for the above hearing, please plan to appear in-person. All persons entering the courthouse must go through weapons screening. Face coverings are required to be worn by all persons while on court premises.

For **authorized** appearances by Zoom, use the links provided to access the Remote Hearing Information flyer in English https://www.sbcourts.org/gi/notices/Zoom_Instructions.pdf, and in Spanish https://www.sbcourts.org/gi/notices/Zoom_InstructionsSP.pdf. Or visit the to the court's website at www.sbcourts.org and click on Remote Appearance by Zoom. The moving party must provide the Remote Hearing Information to all other parties to the hearing not listed on the Clerk's Certificate of Service.

FROM:    Date: 07/06/2022 at 8:30 AM
         Department: SM4

TO:      **07/20/2022 at 8:30 AM**
         SM Dept 4
         312 E Cook St
         Santa Maria, CA 93454

                              Darrel E. Parker, Executive Officer

Dated:    _5/2/2022_          By _____V. Winn_____ , Deputy

---

### CLERK'S CERTIFICATE OF SERVICE

I certify that I am not a party to this cause, and that a true copy of this document was electronically served or mailed first class, postage prepaid in a sealed envelope addressed as shown, and that the electronic service or mailing of the foregoing and execution of this certificate occurred at *(place)* Santa Maria, California on *(date)*: 05/02/2022

**SEE ATTACHMENT**

Darrel E. Parker, Executive Officer          By _____V. Winn_____ , Deputy

---

SC-2059 [Rev May 2020]
Optional Form                    **NOTICE OF RESETTING HEARING**

**ATTACHMENT**

**Mail Recipients:**

Manelki Anthony
CA Dept of Transportation Legal Division
PO Box 24325
Oakland CA 94623-1325

R Jeremie Ginelli
CA Dept of Transportation Legal Division
PO Box 24325
Oakland CA 94623-1325

Isaac Toveg
2600 W Olive Ave 5th Floor
Burbank CA 91505

**Electronic Recipients:**

Isaac Toveg, Esq. – isaactoveg@aol.com

Jeremie R. Ginelli, Esq. – jeremie.ginelli@dot.ca.gov

Anthony Manelki, Esq. – manelki.anthony@dot.ca.gov

SC-2059 [Rev May 2020
Optional Form

**NOTICE OF RESETTING HEARING**

Exhibit 1

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address):*<br>Law offices of Isaac Toveg PLC<br>2600 W Olive Ave, 5th Floor<br>Burbank, CA 91505<br>TELEPHONE NO.: **818-333-5202**          FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* **MONICA ARAIZA; ET AL.** | *FOR COURT USE ONLY*<br>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>5/16/2022 11:51 AM<br>By: Jazmine Killian, Deputy |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA**<br>STREET ADDRESS: **312-C East Cook Street**<br>MAILING ADDRESS: **312-C East Cook Street**<br>CITY AND ZIP CODE: **Santa Maria 93454**<br>BRANCH NAME: **Santa Maria Courthouse, Cook Division** | |
| PLAINTIFF/PETITIONER: MONICA ARAIZA; ET AL. | CASE NUMBER:<br>**21CV01049** |
| DEFENDANT/RESPONDENT: THE STATE OF CALIFORNIA; ET AL. | |
| **DECLARATION OF NON SERVICE** | Ref. No. or File No.:<br>**REF-9831335** |

I declare that I am and was on the dates herein mentioned, over the age of 18 years, not a party to nor interested in the above entitled action, and competent to be a witness therein.

I received the following documents for service:
    **THIRD AMENDED SUMMONS; THIRD AMENDED COMPLAINT; AMENDMENT TO COMPLAINT; STATEMENT OF DAMAGES**

I attempted to serve    **Federal Correctional Institution Lompoc c/o legal department, Legal dept.**
at the address of    **7338 Shoreline Dr., Stockton, CA 95219**

and was unable to effect service for the following reasons:
    **5/10/2022 2:02 PM: I spoke with an individual who indicated they were the person authorized to accept. Katherine Carpenter said these documents need to be served in southern California. She didn't know the exact address to give me, because she had to meet me in the parking lot.**

Fee for service: **$ 85.00**

I am a registered California process server; my name, address, phone number, and county of registration and number are:

**Tonya Gutierrez**
**1016 galleon way, Sacramento, CA 95838**
**916-889-2818**
**Sacramento CA, #2018-063**

For:    **ABC Legal Services, LLC**
Registration #:  **6779**
County:    **Los Angeles**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.
Date:  05/12/2022

*Tonya Gutierrez*

Tonya Gutierrez
(PRINTED NAME OF DECLARANT)

(SIGNATURE OF DECLARANT)

Tracking #: **0086979755**

REF: **REF-9831335**

**DECLARATION OF NON SERVICE**

Exhibit 1

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Law Office of Isaac Toveg PLC, Isaac Toveg (SBN 269729)<br>2600 W Olive Ave, 5th floor, Burbank CA, 91505<br><br>TELEPHONE NO.: 8183335202   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS: isaactoveg@aol.com<br>ATTORNEY FOR *(Name)*: Monica Araiza, et al | FOR COURT USE ONLY<br><br>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>4/11/2022 8:00 AM<br>By: Jazmine Killian, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Barbara
STREET ADDRESS: 213-C East Cook Street
MAILING ADDRESS: 213-C East Cook Street
CITY AND ZIP CODE: Santa Maria 93454
BRANCH NAME: Cook Division

PLAINTIFF/PETITIONER: Monica Araiza, and et al
DEFENDANT/RESPONDENT: State of California, and et al

| CASE MANAGEMENT STATEMENT | | CASE NUMBER:<br>21CV01049 |
|---|---|---|
| *(Check one):* ☒ UNLIMITED CASE<br>(Amount demanded exceeds $25,000) | ☐ LIMITED CASE<br>(Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: April 20, 2022    Time: 08:30 AM    Dept.: 3    Div.: Civil    Room:

Address of court *(if different from the address above)*:

☒ Notice of Intent to Appear by Telephone, by *(name)*: Law Office of Isaac Toveg, Isaac Toveg

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☒ This statement is submitted by party *(name)*: Law Office of Isaac Toveg
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: 03/12/2021
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☒ complaint   ☐ cross-complaint   *(Describe, including causes of action)*:
      This is a fatal automobile collision where there were dangerous condition of public property. Plaintiff alleges three causes of actions, mainly one, (1) dangerous condition of public property, (2) negligence, (3) wrongful death.

Page 1 of 5

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
       Plaintiff alleges both general and special damages. The general damages include but are not limited to, grief, inconvenience, depression, loss of support, emotional distress.

       ☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request ☒ a jury trial          ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐   The trial has been set for   *(date):*
    b.  ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint   *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
        July 5th-13th, 2022 (trial), August 22-Sept. 4; November 3-15, 2022, December 8-15, 2022

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☒   days *(specify number):* 7-9
    b.  ☐   hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial      ☒ by the attorney or party listed in the caption      ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:                                    f.   Fax number:
    e.  E-mail address:                                      g.   Party represented:
    ☐   Additional representation is described in Attachment 8.

9.  **Preference**
    ☐   This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.
        (1) For parties represented by counsel: Counsel ☒ has      ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
        (2) For self-represented parties: Party ☐ has      ☐ has not  reviewed the ADR information package identified in rule 3.221.
    b.  **Referral to judicial arbitration or civil action mediation** (if available).
        (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
        (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
        (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

Exhibit 1

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [✓] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

CM-110 [Rev. September 1, 202?]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

Exhibit 1

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff Araiza | Written Discovery | December, 2022 |
| Plaintiff Araiza | Depositions | 30 days before trial |
| Plaintiff Araiza | Document Subpoenas | Per Statutory Period |
| Plaintiff Araiza | Expert Depositions | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

Exhibit 1

CM-110

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 03/31/2022

| Isaac Toveg | /S/ ISAAC TOVEG | | |
|---|---|---|---|
| (TYPE OR PRINT NAME) | | ▶ | (SIGNATURE OF PARTY OR ATTORNEY) |
| (TYPE OR PRINT NAME) | | ▶ | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

CM-110 [Rev. September 1, 2021]  **CASE MANAGEMENT STATEMENT**  Page 5 of 5

For your protection and privacy, please press the Clear This Form button after you have printed the form.  [ Print this form ]  [ Save this form ]  [ Clear this form ]

Exhibit 1