STEPHANIE S. CHRISTENSEN
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Division
ZAKARIYA K. VARSHOVI[1]
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3994
    Facsimile: (213) 894-7819
    E-mail: Zakariya.Varshovi@usdoj.gov
Attorneys for Defendant
Bureau of Prisons Western Regional Office-FCI Lompoc

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA ARAIZA, IFRAIN ARAIZA, AND DOES 1 TO 5,<br><br>    Plaintiff,<br><br>    v.<br><br>THE STATE OF CALIFORNIA, BUREAU OF PRISONS WESTERN REGIONAL OFFICE-FCI LOMPOC, AND DOES 2- 100, inclusive,<br><br>    Defendants. | Case No. 2:22-cv-04575-GW-JPR<br><br>**Defendant's Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities**<br><br>[*Proposed Order Filed Concurrently Herewith*]<br><br>Hearing Date:  August 11, 2022<br>Hearing Time:  8:30 a.m.<br>Ctrm:        First Street Courthouse<br>            350 W. 1st Street<br>            Los Angeles, CA. 90012<br>            Courtroom 9D<br><br>Honorable George H. Wu |

---

[1] Admitted to practice under Local Rule 83-2.1.4.1.  *See* Order, In Re Application of Zakariya K. Varshovi For Admission Pursuant To Local Rule 83-2.1.4.1, C.D. Cal. No. 2:22-cm-14-PSG (Feb. 2, 2022).

## NOTICE OF MOTION

PLEASE TAKE NOTICE that, on August 11, 2022, at 8:30 a.m., or as soon thereafter as they may be heard, Defendant Bureau of Prisons Western Regional Office-FCI Lompoc ("BOP") will, and hereby does, move this Court for an order dismissing Plaintiffs' action against the BOP without leave to amend. This motion will be made before the Honorable George H. Wu, United States District Judge, First Street Courthouse, 350 West 1st Street, Courtroom 9D, Los Angeles, California 90012.

Dismissal is warranted because:

- Plaintiffs failed to exhaust their administrative remedies prior to filing suit, and amendment will not cure this jurisdictional defect;

- The state court from which this action was removed lacked subject matter jurisdiction, thus, this Court also lacks subject matter jurisdiction, too, under the doctrine of derivative jurisdiction, nor can Plaintiffs cure this defect by amendment;

- Plaintiffs named BOP as a defendant, but federal agencies cannot be sued eo nomine, and the only proper defendant in an FTCA action is the United States, not its agencies. *See* 28 U.S.C. § 2679(a), (b)(1); *id.* § 1346(b)(1); and

- Plaintiffs have failed to properly serve BOP in accordance with Fed. R. Civ. P. 4(i).

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court in this action, and oral argument as may be presented at, before, and after the hearing of this Motion. This motion is made following the conference of counsel pursuant to Local Rule 7-3, which Defendant initiated on July 5, 2022, and continued thereafter.

i

1    Dated: July 12, 2022                     Respectfully submitted,

2                                             STEPHANIE S. CHRISTENSEN
                                              Acting United States Attorney
3                                             DAVID M. HARRIS
                                              Assistant United States Attorney
4                                             Chief, Civil Division
                                              JOANNE S. OSINOFF
5                                             Assistant United States Attorney
                                              Chief, General Civil Section
6
                                               /s/ *Zakariya K. Varshovi*
7                                             ZAKARIYA K. VARSHOVI
                                              Assistant United States Attorney
8                                             Attorneys for Defendant
                                              Bureau of Prisons
9                                             Western Regional Office-FCI Lompoc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                             ii

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs Monica Araiza and Ifrain Araiza sued Defendant BOP on January 28, 2022 in the Superior Court of California regarding a fatal motor vehicle accident.  On July 5, 2022, the BOP removed the action to this Court pursuant to the federal entity removal statute, 28 U.S.C. § 1442(a)(1).

As set forth below, the action against the BOP should be dismissed for lack of subject matter jurisdiction.  The state court from which this action was removed lacked subject matter jurisdiction.  Pursuant to the derivative jurisdiction doctrine, this Court therefore also lacks subject matter jurisdiction.  This cannot be cured by amendment and therefore the action should be dismissed without leave to amend.  Additionally, this Court lacks subject matter jurisdiction because Plaintiff failed to exhaust their administrative remedies before filing suit, which similarly cannot be cured by amendment.  Further, there is no waiver of sovereign immunity for Plaintiffs' suit against the BOP.  Finally, even if the Court had subject matter jurisdiction, dismissal is warranted as Plaintiffs failed to effect proper service of process.

Accordingly, Plaintiffs' action against the BOP should be dismissed without leave to amend, and the action against the non-federal defendants should be remanded to state court.

## II.   PROCEDURAL HISTORY

On March 3, 2021, Plaintiffs Monica Araiza and Does 1 to 5 filed a civil action against Defendants the State of California and Does 1-100 in the Superior Court of the State of California for the County of Santa Barbara, Case No. 21CV01049.  ECF No. 1-1 at Page ID ##:9-18.  Plaintiffs brought claims for "statutory liability/dangerous condition of public property," "negligence," and "wrongful death" arising out of a fatal motor vehicle accident on February 14, 2020 (the "Accident") between Plaintiffs' decedent and Michael Hanson, who Plaintiffs allege was in the scope of employment with the BOP at the time of the Accident.  However, Plaintiffs did not name the BOP as a Defendant, at

that time.

On July 7, 2021, Plaintiffs now Monica Araiza and Ifrain Araiza filed a first amended complaint against Defendants the State of California and Does 1-100. Plaintiffs kept all claims for "statutory liability/dangerous condition of public property," "negligence," and "wrongful death" arising out of the Accident. *Id.* at Page ID ##:34-45. However, Plaintiffs still did not name the BOP as a Defendant.

On December 6, 2021, Plaintiffs now Monica Araiza and Ifrain Araiza filed a second amended complaint against Defendants the State of California and Does 1-100. Plaintiffs kept all claims for "statutory liability/dangerous condition of public property," "negligence," and "wrongful death" arising out of the Accident. *Id.* at Page ID ##:96-107. However, Plaintiffs did not name the BOP as a Defendant at this time, either.

On January 28, 2022, Plaintiffs Monica Araiza and Ifrain Araiza filed a third amended complaint against Defendants the State of California, the BOP, and does 2 to 100 Inclusive. Plaintiffs kept all claims for "statutory liability/dangerous condition of public property," "negligence," and "wrongful death" arising out of the Accident. *Id.* at Page ID ##:132-145.

On July 5, 2022, Defendant BOP removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1), which authorizes the removal of civil actions against "[t]he United States or any agency thereof" to the corresponding U.S. District Court. ECF No. 1.

## III. STANDARD OF REVIEW

Dismissal under Rule 12(b)(1) is proper if the Court lacks subject matter jurisdiction to adjudicate a party's claims. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003). Plaintiffs, as the party invoking this Court's limited jurisdiction, have the burden of proof on a Rule 12(b)(1) motion, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). As detailed below, Plaintiffs fail to meet their burden to establish that the Court has jurisdiction over their claims.

## IV.   PLAINTIFFS FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a), is the exclusive remedy for claims arising from alleged negligent or wrongful acts or omissions of a federal employee acting within the scope of their employment.  28 U.S.C. § 1346(b), § 2679(a) and (b).  Before filing suit under the FTCA, a party must exhaust administrative remedies by *first* presenting an administrative tort claim *and* thereafter waiting until the claim has been denied (or is deemed denied by the passage of six months).  28 U.S.C. § 2675(a).

And where, as here, a plaintiff prematurely files suit before the agency denies his claim, the action must be dismissed for lack of subject matter jurisdiction.[2]  *McNeil v. United States*, 508 U.S. 106, 111-12 (1993); *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992) (holding that a tort claimant may not maintain an action against the United States "without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made").

Here, Plaintiffs filed suit against the BOP prior to exhausting their administrative remedies as required under the FTCA.  Plaintiffs submitted their SF-95 forms to BOP on December 23, 2021.  Declaration of Yolanda Sanchez ("Sanchez Decl.") ¶ 5; *id.*, **Exhibit A**.  And on January 28, 2022, Plaintiffs filed their Third Amended Complaint, naming BOP as a defendant.  But BOP did not issue its denial of Plaintiffs' claim until April 13, 2022.  Sanchez Decl. ¶ 6; *id.*, **Exhibit B**.

Thus, § 2675(a)'s unwaivable jurisdictional requirement of exhaustion requires

---

[2] Because the exhaustion requirement of § 2675(a) is jurisdictional, it is not subject to waiver, estoppel, or equitable tolling. *Bowles v. Russell*, 551 U.S. 205, 214 (2007) (courts have "no authority to create equitable exceptions to jurisdictional requirements"); *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1047 (9th Cir. 2013) (en banc) ("The exhaustion requirement, unlike the § 2401(b) limitations period, is tied by explicit statutory language to jurisdiction, and was deemed 'jurisdictional' in *Brady*." (citations omitted)), *aff'd and remanded sub. nom. United States v. Kwai Fun Wong*, 135 S.Ct. 1625 (2015).  Thus, even after the Supreme Court and Ninth Circuit decisions in *Wong,* the exhaustion requirement set forth in § 2675(a) remains jurisdictional. *Id*.  When a time bar is jurisdictional, courts must enforce it. *See United States v. Kwai Fun Wong*, 135 S.Ct. at 1631.

3

dismissal because Plaintiffs commenced suit prior to either receiving the BOP's denial letter or allowing the passage of six months from presentment of the tort claim.  Nor can Plaintiffs cure this failure to exhaust via amendment.  *Kumar v. United States*, No. 2:18-cv-3028, 2020 U.S. Dist. LEXIS 89035, at *12 (E.D. Cal. May 19, 2020) ("a plaintiff cannot cure his failure to exhaust by later amending his complaint.  Nor does the fact that Plaintiff filed an amended complaint naming the United States as a defendant in lieu of the USPS change the result"); *Villafana v. United States*, No. 14-cv-1901, 2014 U.S. Dist. LEXIS 189378, at *5 (S.D. Cal. Nov. 18, 2014) ("The statutorily mandated procedure is clear—a tort claimant may not commence court proceedings against the United States without first filing a claim with the appropriate federal agency and having that claim denied.").  Indeed, permitting a claimant to subsequently exhaust administrative remedies after filing suit "would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system." *Sparrow v. U.S. Postal Serv.*, 825 F. Supp. 252, 254-55 (E.D. Cal. 1993).

 Accordingly, the Court should dismiss Plaintiffs' suit against the BOP for lack of subject matter jurisdiction.

## V.   PURSUANT TO THE DOCTRINE OF DERIVATIVE JURISDICTION, THE ACTION AGAINST THE FEDERAL DEFENDANT SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND.

Pursuant to the doctrine of derivative jurisdiction, "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." *Minnesota v. United States*, 305 U.S. 382, 389 (1939).  Thus, "[i]f the state court lacks jurisdiction of the subject-matter or the parties, the federal court acquires none" upon removal.  *See Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922); *Cox v. U.S. Dept. of Agriculture*, 800 F.3d 1031, 1032 (9th Cir. 2015) (dismissal against federal defendant upon 28 U.S.C. § 1442 removal required due to lack of derivative jurisdiction); *Glass v. National R.R. Passenger Corp.*, 570 F.Supp.2d 1180, 1182 (C.D.

4

Cal. 2008) ("This Court agrees . . . that the derivative jurisdiction doctrine is alive and well and applies to 28 U.S.C. § 1442 removals.").[3]

Here, the state court lacked jurisdiction because the FTCA governs Plaintiffs' claims, and the FTCA confers *exclusive* jurisdiction over such claims to federal courts. *See* 28 U.S.C. § 1346(b)(1); *Will v. United States*, 60 F.3d 656, 659 (9th Cir. 1995) ("Under the FTCA, the district courts have exclusive jurisdiction over claims against the United States"). Thus, because this Court's derives its jurisdiction from the state court, and the state court lacked jurisdiction over the action, this Court lacks jurisdiction, too.

Plaintiffs cannot cure this jurisdictional defect via amendment because subject matter jurisdiction "depends upon the state of things at the time of the action brought." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1236 (9th Cir. 2008); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) ("Subject matter jurisdiction must exist as of the time the action is commenced."). Plaintiffs' action was "a nullity when filed" in Santa Barbara County Superior Court, and this Court consequently "acquired no subject matter jurisdiction . . . upon removal." *F.B.I. v. Superior Court of Cal.*, 507 F. Supp. 2d 1082, 1090 (N.D. Cal. 2007).

Because the state court had no jurisdiction at the time Plaintiffs filed their suit against the BOP, the federal court cannot acquire the requisite jurisdiction through amendment. *See Cox*, 800 F.3d at 1032 (reversing and remanding to the district court with instructions to dismiss under the derivative-jurisdiction doctrine, without providing leave to amend); *Nero v. Ives*, 2014 WL 3347529 at *6 (C.D. Cal. May 27, 2014) ("Lack of subject matter jurisdiction cannot be cured by amending a defective complaint.").

Accordingly, the derivative jurisdiction doctrine is another ground upon which the Court should dismiss Plaintiffs' action for lack of subject matter jurisdiction.

---

[3] Although Congress eliminated the doctrine of derivative jurisdiction for actions removed under 28 U.S.C. § 1441, *see* 28 U.S.C. § 1441(f), the doctrine "is alive and well and applies to 28 U.S.C. § 1442 removals." *Glass*, 570 F. Supp. 2d at 1183; *Cox*, 800 F.3d at 1032.

## VI.   THERE IS NO JURISDICTION OVER THE BOP BECAUSE THERE HAS BEEN NO WAIVER OF SOVEREIGN IMMUNITY

The FTCA "only allows claims against the United States" – "an agency itself cannot be sued" under the statute.  28 U.S.C. § 2679(a), (b)(1); *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) (an agency is not a proper defendant under the FTCA); *Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (a claim against a federal agency in its own name is not a claim against the United States); *Freeman v. United States*, No. 13-cv-2421, 2014 WL 1117619, at *5 (N.D. Cal. Mar. 19, 2014) (dismissing with prejudice "FTCA claims against the VA Medical Center, Does 1-100" because "[i]t is well settled that the United States is the only proper defendant in an FTCA action").

Nor can the BOP, as a federal agency, be sued eo nomine.  The Ninth Circuit has stated in no uncertain terms that federal agencies "cannot be sued eo nomine unless so authorized by Congress in explicit language."  *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1188 (9th Cir. 1998).  Here, Plaintiffs have not and cannot identify a statute authorizing their FTCA suit against the BOP.  Nor could they, because the "United States is the only proper party defendant in an FTCA action."  *Id.*  Indeed, courts in the Ninth Circuit have repeatedly dismissed cases where, as here, a plaintiff files an FTCA action and sues an agency eo nomine.  *See, e.g.*, *Colenzo v. FDIC*, No. 9-cv-816, 2010 WL 11507527, at *15 (C.D. Cal. Apr. 28, 2010) ("Of paramount importance in this case is the fact that the FTCA does not waive sovereign immunity for suits against the FDIC or any other federal agency"); *Hennington v. FBI*, No. 8-cv-1033, 2009 WL 69313, at *2 (S.D. Cal. Jan. 8, 2009) (holding that "to the extent Plaintiff is asserting a tort claim against Defendant FBI, the FBI is not a proper defendant. . . . [T]he United States is the only proper defendant for claims arising under the FTCA").  Plaintiffs' action is no exception.

## VII.   DISMISSAL IS WARRANTED BECAUSE PLAINTIFFS FAILED TO EFFECT SERVICE OF PROCESS

Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process.  *See, e.g., Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104

6

(1987).  Here, Plaintiffs attempted to serve BOP (ECF No. 1-1 at Page ID #:165), but there is no evidence that Plaintiffs served BOP in compliance with Rule 4(i) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 4(i) (requiring service of process on the United States Attorney for the district where the action is brought and the Attorney General of the United States); *id*. 4(l) (requiring proof of service to be filed with the court); *see also Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."). Accordingly, dismissal is also warranted pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5).[4]

## VIII.  CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' action against the BOP without leave to amend and remand the action against the non-federal defendants to state court.

Dated: July 12, 2022

Respectfully submitted,

STEPHANIE S. CHRISTENSEN
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

 /s/ *Zakariya K. Varshovi*
ZAKARIYA K. VARSHOVI
Assistant United States Attorney
Attorneys for Defendant
Bureau of Prisons Western Regional Office-
FCI Lompoc

---

[4] A defendant may move under Rules 12(b)(4) and (5) to challenge the form and method of a plaintiff's service, respectively.  *See* 5B Charles Alan Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 1353 (3d ed. 2014).  The distinction between the two Rules is often blurred, and it is appropriate to present and analyze service issues under both.  *Id.*